UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>　　　*Plaintiffs,*<br><br>　　　vs.<br><br>DEREK GUSTAFSON, TIMOTHY VESEY,<br>STEVEN CATALANO, JOHN ROCCHIO and<br>EDWARD ARRUDA<br>　　　*Defendants* | C.A. No. 1:23-cv-00080-JJM-LLM |

## ANSWER TO AMENDED COMPLAINT

Now comes the Defendants, School Resource Officer, John Rocchio ("SRO Rocchio") and School Resource Officer, Edward Arruda ("SRO Arruda") (collectively hereinafter "SRO Defendants") and hereby answers Plaintiff's Amended Complaint as to the excessive force claims against Defendants as follows[1]:

1. In so far as Plaintiff's Amended Complaint makes allegations related to excessive force on Plaintiff, Joshua Mello ("Plaintiff Mello") on October 21, 2021, those said allegations are expressly denied.[2]

<u>As to "2. Jurisdiction and Venue" on page 2</u>

2. The allegations contained in that portion of the Amended Complaint entitled "2. Jurisdiction and Venue" state legal conclusions properly reserved for the Court. The allegations are accordingly, denied and Plaintiffs are left to proof thereto.

---

[1] Defendants, Derek Gustafson, Timothy Vessey, Steven Catalano, SRO Rocchio and SRO Arruda (collectively hereinafter "Defendants") have filed a partial Motion to Dismiss the remaining allegations against them in Plaintiff's Complaint. See ECF No. 24.

[2] Although not given paragraph numbers, it appears that Plaintiff Mello may make excessive force allegations on page no. 1, "1. Introduction;" page no. 3, "4. Statement of Facts Regarding Derek Gustafson, Assistant Principal;" page no. 4, "4. Statement of Facts Regarding Derk

As to "3. Parties" on pages 2 through 3

3. SRO Defendants are unable to admit or deny the allegations contained in that portion of the Amended Complaint entitled "3. Parties, Plaintiffs."

4. SRO Defendants admit the allegations contained in that portion of the Amended Complaint entitled "3. Parties, Defendant."

As to "Regarding Officer Rocchio" on pages 12 through 14

5. SRO Defendants deny the allegations contained in that portion of the Amended Complaint entitled "Regarding Officer Rocchio" on pages 12 through 14, mainly SRO Defendants expressly deny any and all allegations that the SRO Defendants used excessive force on Plaintiff Mello.

6. SRO Defendants state that the various Rhode Island laws and Federal laws cited in that portion of the Amended Complaint entitled, "Regarding Officer Roccio," speak for themselves and therefore, no answer or response to said Paragraphs are required. To the extent that these paragraphs may be read to assert any factual allegations against these SRO Defendants, all such allegations are expressly denied.

As to "Regarding Edward Arruda" on pages 14 through 17

7. SRO Defendants deny the allegations contained in that portion of the Amended Complaint entitled "Regarding Edward Arruda," on pages 14 through 17, mainly SRO Defendants expressly deny any and all allegations that the SRO Defendants used excessive force on Plaintiff Mello.

8. SRO Defendants state that various Rhode Island laws and Federal laws cited in that portion of the Amended Complaint entitled "Regarding Edward Arruda" on pages 14 through 17,

---

Gustafson," No. "1;" page no. 6, "4. Statement of Facts Regarding Derk Gustafson," No. "4;"

speak for themselves and therefore, no answer or response to said Paragraphs are required. To the extent that these paragraphs may be read to assert any factual allegations against these SRO Defendants, all such allegations are expressly denied.

<u>As to "5. Causes of Action" on pages 17 through 18</u>

9. SRO Defendants state that the laws referred to in that portion of the Amended Complaint entitled "5. Causes of Action" "First Cause of Action: Violation of Constitutional and Statutory Rights under 18 USC §242, and Rhode Island General Laws" on page nos. 17 through 18 speak for themselves and therefore, no answer of response to said paragraphs are required. To the extent that these paragraphs may be read to assert any factual allegations against these SRO Defendant(s), all such allegations are expressly denied.

10. SRO Defendants state that the laws referred to in that portion of the Amended Complaint entitled "5. Causes of Action" "Second Cause of Action: Breach of Rhode Island Constitutional Protections and Statutory Rights" on page no. 18 speak for themselves and therefore, no answer of response to said paragraphs are required. To the extent that these paragraphs may be read to assert any factual allegations against these SRO Defendant(s), all such allegations are expressly denied.

<u>As to "9. Closing Statement" on pages 22 through 23</u>

11. SRO Defendants deny the allegations contained in that portion of the Amended Complaint entitled "9. Closing Statement" on pages 22 and 23, mainly SRO Defendants expressly deny any and all allegations that SRO Defendants used excessive force on Plaintiff Mello.

12. SRO Defendants state that the various Rhode Island laws and Federal Laws cited in that portion of the Amended Complaint entitled "9. Closing Statement" on pages 22 through 23,

---

page no. 9, and "Regarding Attorney Steven Catalano," No. "6."

speak for themselves and therefore, no answer or response to said paragraphs are required. To the extent that these paragraphs may be read to assert any factual allegations against these SRO Defendants, all such allegations are expressly denied.

## AFFIRMATIVE DEFENSES

Defendants affirmatively plead the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Absolute and qualified immunity

### SECOND AFFIRMATIVE DEFENSE

All forms of statutory and common law immunity

### THIRD AFFIRMATIVE DEFENSE

The statutory cap on the amount of damages recoverable in this matter

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff Mello's injuries, if any, were caused or contributed to by his own conduct, for which SRO Defendants are not responsible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff Mello's injuries, if any, were caused or contributed to by other persons, firms, or corporations, for which these Defendants are not responsible.

### SIXTH AFFIRMATIVE DEFENSE
SRO Defendants object and contest this suit being brought in their individual capacity.

**Defendants hereby request trial by jury.**

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

By their Attorney,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)
*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides, Esq. (#10408)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

### CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on the 8th day of February, 2024, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

*/s/ Julia K. Scott- Benevides*

5