UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
*PLAINTIFFS*

V.                                                    C.A. No. 23-480-JJM-LDA

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO, AND
EDWARD ARRUDA, *DEFENDANTS*

**ANSWER TO OBJECTION TO RECONSIDERATION**

In response to the Defendant's objection to the Plaintiff's Motion for reconsideration, we,

Joshua Mello and Rachel Ware (hereinafter referred to as the Plaintiffs), hereby provide our

response. In the introductory section of their objection, specifically on page 1, the Defendant

asserts that no new evidence has been presented, and no manifest error of law has been alleged.

Contrary to this assertion, we have indeed presented new evidence, specifically concerning the

continued misconduct of the prosecutor, Mr. Catalano, who, along with the Cranston City

solicitor Chris Millea, attempted to interfere with Mr. Mello's post-conviction relief efforts. This

ongoing misconduct on the part of Mr. Catalano constitutes fresh evidence, underscoring the

persistent unethical conduct that the litigation and post-conviction relief proceedings seek to

address. Furthermore, we reiterate the unethical behavior of Attorney Scott-Benevides who was

present with Mr. Millea and Mr. Catalano, when they attempted to interfere improperly during

court proceedings on December 18, 2023, aiming to revoke Mr. Mello's rights to post-conviction

relief. She sat by and watched, never preventing or objecting to the unethical behavior. Notably,

Mr. Millea made reference when speaking to the judge about how Mr.Mello "took it upon

himself" to file these claims against Mr.Catalano (Federal Civil Rights lawsuit) and that the

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
*PLAINTIFFS*

V.                                                                    C.A. No. 23-480-JJM-LDA

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO, AND
EDWARD ARRUDA, *DEFENDANTS*

### ANSWER TO OBJECTION TO RECONSIDERATION

In response to the Defendant's objection to the Plaintiff's Motion for reconsideration, we,

Joshua Mello and Rachel Ware (hereinafter referred to as the Plaintiffs), hereby provide our

response. In the introductory section of their objection, specifically on page 1, the Defendant

asserts that no new evidence has been presented, and no manifest error of law has been alleged.

Contrary to this assertion, we have indeed presented new evidence, specifically concerning the

continued misconduct of the prosecutor, Mr. Catalano, who, along with the Cranston City

solicitor Chris Millea, attempted to interfere with Mr. Mello's post-conviction relief efforts. This

ongoing misconduct on the part of Mr. Catalano constitutes fresh evidence, underscoring the

persistent unethical conduct that the litigation and post-conviction relief proceedings seek to

address. Furthermore, we reiterate the unethical behavior of Attorney Scott-Benevides who was

present with Mr. Millea and Mr. Catalano, when they attempted to interfere improperly during

court proceedings on December 18, 2023, aiming to revoke Mr. Mello's rights to post-conviction

relief. She sat by and watched, never preventing or objecting to the unethical behavior. Notably,

Mr. Millea made reference when speaking to the judge about how Mr.Mello "took it upon

himself" to file these claims against Mr.Catalano (Federal Civil Rights lawsuit) and that the

1

city's representation was present with them in court, Ms.Scott-Benevides. Mr. Mello's rights have been egregiously disregarded. Judge McCaffery explicitly stated on record and in the post-conviction relief case file that the matter is within the purview of the Attorney General's office, and the city of Cranston should refrain from intervening. Additionally, Judge McCaffery specified that Mr. Catalano and Mr. Millea should only be present if called as witnesses by the Attorney General's office. The Judge's actions underscore the seriousness of the misconduct that has led the Plaintiffs to this pivotal moment. The continued misconduct that we as Plaintiffs are actively witnessing while trying to hold them accountable, should not be tolerated by the courts.

Furthermore, the application of the Heck Bar to prevent individuals from holding accountable those responsible for violations of their constitutional rights represents a significant legal issue and is readily apparent and does not necessitate extensive argumentation to see that a manifest error of law was made in the application of Heck Bar. We reiterate that the Heck Bar undermines the fundamental principle of providing individuals with a meaningful remedy for constitutional violations. This doctrine erects procedural obstacles that effectively block many civil rights claims, thereby limiting individuals' ability to seek redress for serious violations of their rights and potentially diminishing public trust in the justice system. It is essential to ensure that defendants are held responsible for their actions, particularly when those actions cast doubt on the validity of a conviction. By placing the burden on the affected individual rather than on the defendants who have violated their constitutional rights you erode accountability for actions and perpetuate misconduct. We assert that the Heck Bar unjustly restricts access to justice for individuals who have endured constitutional violations during criminal proceedings. We contest the application of the Heck Bar, as it unfairly holds Mr.Mello accountable for perceived actions while failing to hold law enforcement officers, prosecutors, and school administrators to a higher

standard of accountability for their actual actions. This approach diminishes the principles of justice and underscores why the Heck Bar should not be applied in this case. The Defendants argue that "This is exactly what Heck prohibits". The Plaintiffs would state that the defendants violated The Brady Rule, Law Enforcement Code Of Ethics, the 4th Amendment of the constitution along with the 5th, 6th, and 14th amendments, and ABA rules 3.8 Special Responsibility of the Prosecutor, 4.1 Truthfulness to Others, and several others. The Defendants' violations are very serve which caused a miscarriage of justice and revoked Mr. Mello's due process and right to a fair trial. Those issues are far more grave and should be addressed over the Heck bar limiting the Plaintiffs rights for accountability.

It is argued that the Heck Bar doctrine itself is a violation of a person's rights. Convicted people still have rights to due process as protected by our constitution. Justice Ginsburg expressed concern that the majority's ruling could effectively immunize unconstitutional conduct by law enforcement officials. In her view, the requirement for a plaintiff to first overturn their conviction as a prerequisite to pursuing a civil rights claim places an unreasonable burden on individuals seeking redress for violations of their constitutional rights. This could effectively leave them without any avenue for seeking justice for constitutional violations committed during their criminal proceedings.

In response to the Defendant's objection to the Plaintiff's Motion for reconsideration, we, Joshua Mello and Rachel Ware (hereinafter referred to as the Plaintiffs), have presented a comprehensive rebuttal. Despite the Defendant's assertion that no new evidence has been submitted, we have clearly delineated instances of fresh evidence, particularly concerning the ongoing misconduct of Prosecutor Mr. Catalano and the City solicitor, Chris Millea, in their interference with Mr. Mello's post-conviction relief efforts. Moreover, we have highlighted the

3

complicit behavior of Attorney Scott-Benevides, who failed to prevent unethical conduct during court proceedings, including her own. When the law firm was questioned on her actions that day in court, and why Mr.Catalano was present for the court proceedings, especially with a Federal Civil Rights lawsuit against him, the law firm never responded. These actions reflect a pattern of disregard for Mr. Mello's rights, as explicitly acknowledged by Judge McCaffery. Furthermore, the application of the Heck Bar poses a significant legal challenge, as it unjustly restricts access to justice for individuals who have suffered constitutional violations during criminal proceedings. Justice Ginsburg's concerns regarding the burden imposed by the Heck Bar underscore the need for a reevaluation of its application. It is imperative that the courts recognize the fundamental rights of individuals and refrain from perpetuating misconduct through procedural barriers. Therefore, we urge the court to carefully consider our arguments and refrain from dismissing any part of the case, ensuring that justice is served in accordance with constitutional principles.

Respectfully submitted,

_____    2/14/24

Joshua Mello

_____    2/14/24

Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401-426-0778
kskustomsrideons@gmail.com

4