UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
PLAINTIFFS

V.                                               C.A. No. 23-480-JJM-LDA

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO, AND
EDWARD ARRUDA, DEFENDANTS



## PLAINTIFF'S REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

On December 14, 2023, Julia K. Scott-Benevides entered an appearance in a Federal Civil Rights lawsuit case number C.A. No. 23-480-JJM-LDA, representing several defendants, including Mr. Steven Catalano. Simultaneously, she filed a Memorandum In Support Of Defendants' Partial Motion To Dismiss, arguing that due to the Heck Bar Doctrine, Mr. Mello and Ms. Ware were precluded from pursuing civil rights violations under the color of law and 1983, citing Mr. Mello's conviction.

Before this date, Ms. Scott-Benevides had not attended any PCR hearings related to the Mello vs State of RI case or any other case involving him. However, precisely four days after filing her appearance and memorandum, on December 18, 2023, she was present in Kent County Courthouse courtroom 2B alongside Mr. Catalano and Mr. Millea. The court transcript, previously submitted, confirms Mr.Millea's acknowledgment of her representation of the city and her presence in court.

As previously asserted to the court, Mr. Catalano's involvement in any matter concerning Mr. Mello presents a conflict of interest and raises ethical concerns, particularly given his status as a defendant in our Civil Rights lawsuit and an ongoing complaint against him for

1

prosecutorial misconduct before the RI Disciplinary Board, at that time. Mr. Catalano and Mr. Millea's presence in court on December 18, 2023, aimed to impede Mr. Mello's PCR proceedings. Which would have directly benefited Ms. Scott-Benevides's position and favored her defendant in the Federal Civil Rights case, in which Mr. Catalano was a defendant.

It is crucial to note that Ms. Scott-Benevides's positioning on the opposing side of the bar in the well, not in the gallery as we previously stated due to our lack of experience, and her vested interest in the potential outcomes of Mr. Mello's PCR hearing on that day underscores the severity of the ethical breach and the ongoing misconduct that the Plaintiffs contend with.

Ms. Scott-Benevides maintains to this court that she does not perceive any "persistent misconduct" on the part of Attorneys Catalano and Millea. However, we assert that the actions described are unquestionably unethical and present a clear conflict of interest. Ms. Scott-Benevides failed to disclose her presence, or purpose in court, nor did she object to their involvement in Mr. Mellos PCR when it was not in the city purview. If she had communicated with the Judge, it did not happen in our presence and is not in the transcript. It would constitute ex parte communication, as there is no record of her interaction. It brings up additional questions about the integrity of the proceedings. It is evident that something is crucial wrong with this case. Which raises not only ethical concerns, but also serves why we asked for higher court intervention, guidance to these unethical acts and ultimately asked for her to be removed from our case. Additionally, this further emphasizes the basis for our motion for reconsideration, as the ongoing misconduct raises questions about the integrity of the individuals actions during the trial implicated in our case, and reflects a clear manifest of error in the application of the Heck Bar doctrine in our civil rights lawsuit.

2

In light of the compelling evidence presented, it is abundantly clear that the actions of Ms. Julia K. Scott-Benevides, alongside Mr. Catalano and Mr. Millea, in his supervisory role as lead city solicitor, represents a flagrant breach of legal ethics and integrity. The circumstances surrounding Ms. Scott-Benevides's appearance in court, coupled with the evident conflict of interest stemming from Mr. Catalano's involvement, cast a shadow of doubt over the fairness and impartiality of the proceedings. Moreover, the failure to disclose her presence and purpose in court, combined with the potential for ex parte communication, only serves to deepen the ethical quagmire at hand. Such misconduct not only undermines the integrity of the legal system but also compromises the fundamental rights of the plaintiffs in this case. Therefore, it is imperative that this court takes decisive action to address these ethical transgressions, potentially issuing instruction to the lower court to take appropriate legal action for the unethical conduct displayed on December 18, 2023, and uphold the principles of justice and fairness that form the cornerstone of our legal system.

Respectfully,

_____  2/15/24
Joshua Mello

_____  2/15/24
Rachel Ware
57 Rolfe Square Unit 10113
Cranston, RI 02910
401.426.0778
kskustomsrideons@gmail.com

3