UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO

and RACHEL WARE
        *Plaintiff,*

vs.                                C.A. No. 1:23-cv-000479-JJM-LDA;
                                       1:23- cv-000480-JJM-LDA

JOHN ROCCHIO and EDWARD ARRUDA
*Defendants*

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO MOTION FOR A PROTECTIVE ORDER

Plaintiffs, Joshua Mello ("Plaintiff Mello") and Rachel Ware ("Plaintiff Ware") (collectively, "Plaintiffs"), hereby submit this response to Defendants, John Rocchio and Edward Arruda's (collectively, "Defendants") objection to Plaintiffs' Motion for a Protective Order. Plaintiffs respectfully request this Court to grant the Motion for the following reasons:

**Introduction**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs, Joshua Mello & Rachel Ware, hereby move this Court for a protective order regarding the deposition of Joshua Mello & Rachel Ware, tentatively scheduled for June 25th and 27th. The purpose of this motion is to set guidelines for the deposition to ensure that the questions asked are fair, relevant, and non-prejudicial, thereby preventing abusive or improper and unnecessary questioning. The Plaintiff's also ask that the deposition is limited in time, done at a neutral location, and a mediator may be present. These requests are made in light of documented unethical behavior and retaliatory actions by the Cranston Police Department, the city of Cranston, and their affiliates. Plaintiffs have faced harassment, including an unwarranted and aggressive roadside raid by the Violent Fugitive Task Force (VFTF), and involvement of Officer Arruda in evidence collection related to the alleged charges. which raises serious concerns about the integrity and objectivity of those alleged charges. Additionally, the presence of Attorney Scott-Benevides during instances of misconduct further underscores the need for protective measures. Given these circumstances, the Plaintiffs have demonstrated good cause for this protective order to ensure their rights are upheld and the deposition process remains just and equitable.

**Argument**

**1. Good Cause for Protective Order under Rule 26(c)**

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court is authorized to issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Plaintiffs have demonstrated "good cause" for such protection through specific factual assertions.

## 2. Relevance of Questions and Prevention of Harassment

Defendants argue that Plaintiffs have not provided particular facts establishing good cause. However, the detailed background provided in Plaintiffs' motion outlines the potential for abusive questioning based on the nature of the case and previous interactions with Defendants and their counsel. In particular, Plaintiffs have faced previous incidents of harassment and unprofessional conduct that support the need for protective measures.

**3. Retaliatory Actions and Safety Concerns:** Recent events have underscored the Plaintiffs' safety concerns and the potential for further harassment and prejudice by any person or company who is working for or with the Cranston Police department and/or the city of Cranston. Recently, the Cranston Police Department's aggressive actions, including a roadside raid by the Violent Fugitive Task Force (VFTF), demonstrate a pattern of retaliatory behavior:

- **Roadside Raid:** Plaintiffs were subjected to an unwarranted and excessive show of force by the VFTF. Despite not being violent fugitives or attempting to flee, the raid occurred less than three hours after warrants were issued for their arrest. The Plaintiffs were en route from the Kent County courthouse to the sheriff's department when this incident took place.
- **Conflict of Interest:** Officer Arruda, named in a lawsuit filed by the Plaintiffs, participated in collecting social media videos related to the recent arrest. His involvement raises significant concerns about the integrity and objectivity of the evidence collected. This conflict of interest further erodes the Plaintiffs' trust in the city's legal processes.

## 4. Attorney Scott-Benevides' Involvement:

1. **Presence During Misconduct:**
   - Attorney Scott-Benevides, while representing Mr. Catalano and the city, was present during the unethical conduct by Mr. Millea and Mr. Catalano. Her presence and continued representation despite these actions call into question her own ethical standards and willingness to uphold the rights of the Plaintiff.
2. **Failure to Prevent Ethical Breaches:**
   - As a legal professional, Attorney Scott-Benevides had a duty to prevent or address ethical violations when they occurred. Her failure to do so, particularly in the context of a Federal Civil Rights lawsuit, suggests complicity in the misconduct and raises concerns about her ability to conduct depositions in a fair and impartial manner.

Given the documented history of unethical conduct and the involvement of Attorney Scott-Benevides in these proceedings, there is a substantial risk of further misconduct during depositions. The Plaintiff has a well-founded and documented basis to request a protective order to ensure that the depositions are conducted in a manner that is fair, relevant, and non-prejudicial. The presence of guidelines for the deposition process is crucial to prevent any further undue burden, harassment, or ethical violations.

### 5. Psychological and Emotional Distress

Plaintiff Mello has suffered severe emotional and psychological distress as a result of the excessive force incident and assault on a handcuffed prisoner. The recounting of this incident during depositions without proper safeguards could exacerbate his trauma. This constitutes good cause for limiting the deposition to 3.5 hours or less and ensuring the questions are relevant and non-prejudicial. In *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003), the court emphasized the need to prevent depositions from becoming a tool for oppression or abuse, particularly in cases involving emotional distress.

### 6. Specificity of Plaintiffs' Requests

Plaintiffs have set forth specific and particular facts justifying the need for a protective order. The request to limit deposition time to 3.5 hours or less per deposition is reasonable and aimed at reducing undue burden, especially considering Plaintiff Mello's and Ware's emotional distress and the financial constraints faced by both Plaintiffs.

Courts have recognized that limiting the duration of depositions is a valid protective measure. In *Armstrong v. D.C. Pub. Library*, 154 F. Supp. 2d 67, 72 (D.D.C. 2001), the court limited deposition time to prevent undue burden and harassment, particularly where parties had valid reasons for such limitations.

### 7. Protection Against Prejudicial Examination

Plaintiffs seek a protective order to prevent prejudicial and irrelevant questioning during depositions, given the nature of their claims and pro se status. Recent retaliatory actions by the Cranston Police Department and ethical breaches by the defense counsel necessitate this protective order to ensure the integrity of the legal process and the personal safety of the Plaintiffs.

**Ethical Violations by Defense Counsel:** During a post-conviction relief (PCR) court date on December 18, 2023, Mr. Millea and Mr. Catalano attempted to mislead Judge Caruolo, infringing upon the Plaintiffs' rights to due process. Attorney Scott-Benevides was present, raising further ethical concerns:

- **Conflict of Interest (ABA Rule 1.7):** Mr. Millea allowed Mr. Catalano to participate despite a conflict of interest due to the Plaintiff's lawsuit against him.
- **Candor Toward the Tribunal (ABA Rule 3.3):** Misrepresentations and omissions were made to mislead the court.
- **Misconduct (ABA Rule 8.4):** The overall conduct involved dishonesty, fraud, deceit, and actions prejudicial to the administration of justice.

The Plaintiffs' experiences and the documented unethical behavior of the defense counsel substantiate the need for a protective order. Specific concerns include:

- **Prejudicial Questioning:** Given the retaliatory actions by the Cranston Police Department and the ethical violations by the defense counsel, there is a high risk of prejudicial and irrelevant questioning during depositions.
- **Undue Burden:** The Plaintiffs have clearly articulated the undue burden and specific harm they seek to prevent, satisfying the standard set forth by the First Circuit in Anderson v. Cryovac, Inc., 805 F.2d 1, 7-8 (1st Cir. 1986).

In Anderson v. Cryovac, Inc., the First Circuit emphasized the necessity of showing specific prejudice or harm to justify a protective order. Plaintiffs have met this standard by detailing the retaliatory actions and ethical violations they have endured, which compromise the fairness and integrity of the deposition process.

## 8. Unique Challenges Faced by Pro Se Litigants

Courts have consistently recognized the need for protective measures to assist pro se litigants. In *McDaniel v. Bradshaw*, No. 09-80943-CIV, 2011 U.S. Dist. LEXIS 137485 (S.D. Fla. Nov. 30, 2011), the court provided additional protections to a pro se litigant to ensure fair and just proceedings. Similarly, in *Swinton v. Livingston Cty., N.Y.*, No. 6:17-cv-06878, 2020 U.S. Dist. LEXIS 5963 (W.D.N.Y. Jan. 13, 2020), the court acknowledged the need for tailored protective orders to address the unique challenges faced by pro se litigants, ensuring their ability to participate meaningfully in the litigation process.

## 9. Ensuring Fairness and Preventing Abuse

The purpose of the requested protective order is not to obstruct Defendants' right to discovery but to ensure that the discovery process is fair, non-prejudicial, and free from undue harassment. Plaintiffs are entitled to protections that allow them to engage in the litigation process without being subjected to tactics that could cause undue emotional or financial strain.

The Second Circuit in *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003), highlighted the court's duty to ensure that discovery procedures do not become a tool for oppression or abuse, especially when one party is at a significant disadvantage.

In light of the foregoing, Plaintiffs respectfully request that this Court grant their Motion for a Protective Order to ensure a fair, just, and equitable discovery process. The requested protections are well within the court's discretion and are necessary to safeguard Plaintiffs' rights as pro se litigants.

We respectfully bring to the Court's attention the aggressive tactics employed by the defendants' law firm in pushing forward with depositions without awaiting a decision on the motion for a protective order we submitted. This approach is demonstrative of a disregard for the serious concerns we have raised, and it is unacceptable. It constitutes bullying behavior.

On June 25, we received an email from the defendants' law firm stating:

"Please take notice that pursuant to Rules 26 and 30 of the Rhode Island Federal Court Rules of Civil Procedure, the defendants in the above-captioned matter will take the deposition of the above-named individual on oral examination, which examination will continue from day to day until completed. This deposition is to commence on the date and at the time above stated at the DeSisto Law LLC, 60 Ship Street, Providence, RI 02903, before a Notary Public commissioned in the State of Rhode Island."

Our motion for a protective order has been submitted, and we are awaiting the Court's decision. Despite this, the law firm insists on proceeding with depositions, stating they will continue "from day to day until completed." This stance ignores the valid concerns and supported information we have provided to the Court.

We are not refusing to comply with the deposition request; rather, we are seeking the Court's assistance to ensure the process is conducted fairly and ethically. The actions of Attorney Scott-Benevides and the Cranston Police Department have been inappropriate and unethical, further justifying our need for protection. The defendants' law firm's rush to depose us without considering our pending motion for protection underscores the necessity for the Court's intervention to prevent further abuse and to ensure a fair and just deposition process.

**Conclusion**

Plaintiffs have clearly demonstrated the specific harm and undue burden they seek to prevent, thus satisfying the standard set forth by the First Circuit in Anderson v. Cryovac, Inc. The retaliatory actions by the Cranston Police Department and ethical breaches by the defense counsel underscore the urgent need for a protective order.

Despite the fact that we brought forth this lawsuit, it is crucial to note that we would not be in this position if not for the actions of the School Resource Officers (SROs) who violated constitutional rights and department policies by using disproportionate excessive use of force and assaulted a handcuffed prisoner. We are committed to abiding by the rules and procedures of the courts, clearly they did not follow theirs and it must be recognized that it is their actions that necessitated this legal action.

For the reasons stated above, Joshua Mello and Rachel Ware respectfully request that this Court grant the motion for a protective order, setting appropriate guidelines to ensure a fair, relevant, and non-prejudicial deposition process, limiting the time of the deposition, have it take place at a neutral location, and providing a mediator be present.

Respectfully submitted,

Joshua Mello & Rachel Ware
57 Rolfe Square Unit 10113
Cranston, RI, 02910
kskustomsrideons@gmail.com
401.426.0778
06/10/24

---

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Response to Objection for Protective Order was mailed and emailed on 06/24/24 to DeSisto Law LLC via mail and email.

Julia K. Scott-Benevides
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

Rachel Ware
Pro Se Plaintiff