UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO

and RACHEL WARE
*Plaintiff,*

                                                                                       C.A. No. 1:23-cv-000479-JJM-LDA;
vs.                                                                  1:23- cv-000480-JJM-LDA

JOHN ROCCHIO and EDWARD ARRUDA
*Defendants*

## **MOTION FOR RECONSIDERATION**

I. INTRODUCTION

Plaintiff's,Joshua Mello and Rachel Ware, respectfully request that this Court reconsider its decision denying all the Plaintiff's motions. The Plaintiff's submit that there are compelling reasons, supported by the American Bar Association (ABA) rules, relevant case law, and the factual circumstances of this case, which necessitate a reconsideration to ensure justice is served. We however do agree to the Defendants holding the Plaintiff's depositions over Zoom and on two separate dates as the Plaintiffs' only have one computer.

II. BACKGROUND

On December 18, 2023, during the Plaintiff's Post Conviction Relief (PCR) hearing, Attorney Scott-Benevides was present in the courtroom alongside Mr. Catalano and Mr. Millea. Their objective was to have the Plaintiff's ability to proceed with the PCR revoked. The City of Cranston was not supposed to interject into the Plaintiff's legal proceedings. Judge McCaffery stated on the record at another hearing that the PCR is within the Attorney General's purview and not the City of Cranston's.

1

Attorney Scott-Benevides, representing Mr. Catalano in an active Federal Civil Rights lawsuit at the time, should have ensured Mr. Catalano left the courtroom to prevent any appearance of impropriety. Instead, she allowed and facilitated their attempt to interfere with the Plaintiff's PCR hearing, which, if successful, would have stripped the Plaintiff of due legal recourse.

III. ARGUMENTS

1. Unethical Conduct and ABA Rules

The ABA Model Rules of Professional Conduct mandate that lawyers adhere to ethical standards. Rule 3.3 (Candor Toward the Tribunal) and Rule 4.1 (Truthfulness in Statements to Others) require attorneys to act honestly and prevent any fraudulent actions. Attorney Scott-Benevides' presence in the courtroom and her failure to prevent her client from interfering with the PCR hearing is a violation of these rules. Her actions were intended to undermine the Plaintiff's legal rights, which is unethical and unprofessional.

2. Case Law Supporting Ethical Standards

The case of McCoy v. Louisiana, 138 S. Ct. 1500 (2018), emphasizes the importance of respecting a defendant's autonomy in legal proceedings. Similarly, in Strickland v. Washington, 466 U.S. 668 (1984), the Court highlighted the necessity of competent legal representation. The actions of Attorney Scott-Benevides and her clients were aimed at stripping away the Plaintiff's autonomy and access to competent legal processes, thereby violating these precedents.

3. Interference with Legal Proceedings

The interference by the City of Cranston and Attorney Scott-Benevides' failure to prevent such actions constitutes an attempt to obstruct justice. Just because Mr. Millea and Mr. Catalano were

not successful in revoking the Plaintiff's ability to proceed with the PCR does not mean their attempt was justified or warranted. Their presence and objective were to undermine the Plaintiff's legal rights, and secure their previous conviction, which is contrary to the principles of justice and fairness.

4. Layperson's Perspective on Ethical Conduct

As a pro se litigant, the Plaintiff has a reasonable expectation that all parties involved will conduct themselves ethically and professionally. The interference by the City of Cranston and Attorney Scott-Benevides' failure to prevent such actions create a perception of bias and misconduct. This perception is further justified by the fact that Attorney Scott-Benevides had no other clients in the courtroom and was solely there to see if the interference was successful.

5. Misstatements During Rule 16 Conference

During the Rule 16 conference, the defense counsel misstated evidence. As pro se litigants, we lack the legal expertise to effectively object during depositions, making it crucial for us to know the questions in advance to prevent any misstatements or misrepresentations of evidence. These misstatements undermine our rights and our ability to achieve justice in its purest form if left unchallenged.

6. Importance of Fair and Just Legal Processes

The Plaintiff's concerns regarding potential unethical behavior are substantiated by documented instances of questionable conduct. The Plaintiff's request for prior knowledge of deposition questions aims to prevent any surprises or misstatements that could unfairly disadvantage the

3

Plaintiff. Despite requesting a response within ten days and not receiving one, the Plaintiff asserts that certain questions should be deemed inadmissible.

As pro se litigants without formal legal training, the Plaintiffs lack the expertise to effectively object to improper questions during depositions. Providing the deposition questions in advance would enable the Plaintiffs to prepare adequately, ensuring the relevance of the questions and avoiding unnecessary delays. This request is reasonable and justified, particularly given the Plaintiff's status as laypersons/pro se litigants without formal legal training.

The Plaintiffs also requested a time limit for the deposition. To provide further context, in the Defendant's request for a deposition, they resisted our request for time limitations, stating that "the examination will continue from day to day until completed." This response appears to assert undue authority over the Plaintiffs, given their pro se status. This situation underscores the necessity for the Plaintiffs' request to impose reasonable time constraints on the deposition. Such limitations are neither unprecedented nor unreasonable.

IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court reconsider its decision and grant the Plaintiff's motions. The Plaintiff seeks appropriate accommodations to ensure a fair and just legal process, free from any undue interference or unethical conduct. All parties have agreed to facilitate depositions via Zoom. The Plaintiffs request that the Court compel the Defendants to provide the deposition questions in advance, ensure the questions remain relevant, and limit the duration of the depositions to 3.5 hours.

Respectfully submitted,

Joshua Mello
57 Rolfe Square Unit 10113
Cranston, RI, 02910
kskustomsrideons@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion for Reconsideration was served on 07/08/24 to DeSisto Law LLC via mail, and email.

                                          Julia K. Scott- Benevides
                                          DeSisto Law LLC
                                          60 Ship Street
                                          Providence, RI 02903
                                          (401) 272-4442
                                          julia@desistolaw.com

Joshua Mello
Pro Se Plaintiff