**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSHUA MELLO**
**and RACHEL WARE**
***Plaintiff,***

                                 **ARRUDA**  ***Defendants***

 **vs.**

                                 **C.A. No. 1:23-cv-000479-JJM-LDA;**

**JOHN ROCCHIO and EDWARD**             **1:23- cv-000480-JJM-LDA**

**PLAINTIFFS OBJECTION TO DEFENDANTS' SECOND MOTION TO EXTEND**
**PRETRIAL DEADLINES**

Plaintiffs, Joshua Mello and Rachel Ware, respectfully submit this objection to the defendants' second motion for an extension of all pre-trial dates, including factual discovery, which was filed on October 7, 2024. Defendants seek to extend the discovery period by ninety (90) days, notwithstanding the Court's July 16, 2024 order, which explicitly prohibited any further extensions.

**1. The Court's Previous Order Prohibits Further Extensions**

On July 16, 2024, the Court granted defendants an extension with the clear directive that no further extensions would be permitted. The defendants' current request directly contradicts this order. The Federal Rules of Civil Procedure (FRCP) Rule 16(b)(4) mandates that a scheduling order can only be modified upon a showing of "good cause." The defendants have not demonstrated any new or compelling reasons that would justify further delay. This request appears to be another attempt to unnecessarily prolong the discovery process, which is not in the interest of justice.

**2. The Defendants' Conduct Does Not Establish Good Cause**

Defendants argue that additional time is required because they are still seeking "complete responses" from the plaintiffs and may file motions to re-open depositions. However, the plaintiffs have provided responsive answers and engaged in discovery to the best of their ability as pro se litigants. As noted in FRCP Rule 26(b)(1), discovery must be proportional to the needs of the case, and the defendants' continued assertion that responses are incomplete is unsubstantiated and part of an ongoing pattern of delay tactics.

Furthermore, the defendants' claim that they need more time due to unresolved discovery disputes is disingenuous, as they themselves have contributed to these delays. The American Bar Association (ABA) Model Rules of Professional Conduct Rule 3.2 state that lawyers should "make reasonable efforts to expedite litigation consistent with the interests of the client." Defendants' repeated requests for extensions, particularly after the Court has denied further extensions, suggest that they are failing to expedite the litigation in good faith.

## 3. **The Defendants Have Had Sufficient Time for Discovery**

The defendants have had approximately seven (7) months to conduct discovery in this case and are now seeking an additional ninety (90) days. This request is unwarranted, particularly given the professional experience of defendants' counsel. Attorney Benevides, during Ms. Ware's deposition, stated how frequently she handles cases involving pro se litigants. However, despite her extensive experience and the resources available to her law firm—representing almost every city in Rhode Island in cases involving police matters—her actions in this case have been far from efficient.

Given this considerable discovery period, the defendants' request for an additional three months is unreasonable. Defendants have had ample time to pursue necessary discovery, yet they

continue to delay proceedings. The FRCP Rule 26(d) emphasizes the need for efficiency in discovery to prevent unnecessary delays. The defendants' claim that they require more time to obtain complete responses and potentially re-open depositions is both unconvincing and a further demonstration of inefficiency.

Moreover, the First Circuit has held that courts must consider both the need for the requested discovery and the party's prior diligence in pursuing discovery before granting extensions. In Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002), the court held that "[l]ack of diligence constitutes grounds for denial of further discovery extensions." Defendants' lack of urgency and diligence over the past several months underscores that they have not made the necessary efforts to conclude discovery within the allotted time.

## 4. **Prejudice to Plaintiffs**

Further delaying discovery in this matter would severely prejudice the plaintiffs, who have made every effort to comply with the discovery requests despite being pro se litigants. The plaintiffs are not on trial here, yet they are being forced to endure drawn-out proceedings due to the defendants' continued delays. Extending discovery further would impose an undue burden on the plaintiffs, as it would delay the resolution of this case and potentially allow the defendants more time to continue their bad faith practices.

## Conclusion

For the reasons stated above, plaintiffs respectfully request that the Court deny the defendants' second motion for an extension of pre-trial deadlines. The defendants have not shown good

cause, as required by FRCP Rule 16(b)(4), and further delays will prejudice the plaintiffs. We ask that the Court enforce its prior order and allow this case to proceed as scheduled.

Respectfully submitted,

/s/ Joshua Mello
Plaintiff, pro se
kskustomsrideons@gmail.com
401.426.0778

/s/ Rachel Ware
Plaintiff, pro se
kskustomsrideons@gmail.com
401.447.7769

CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 9th day of October 2024:

> Julia K. Scott- Benevides
> DeSisto Law LLC
> 60 Ship Street
> Providence, RI 02903
> (401) 272-4442
> julia@desistolaw.com

Joshua Mello
Pro Se Plaintiff