UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>DEREK GUSTAFSON, TIMOTHY VESEY, STEVEN CATALANO, JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00480-JJM-PAS;<br>1:23-cv-00479-JJM-PAS |

### DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO STIKE

Defendants, Edward Arruda ("Defendant Arruda") and John Rocchio ("Defendant Rocchio")(collectively hereinafter "Defendants") hereby object to Plaintiffs' Motion to Strike for the reasons stated herein. Plaintiffs file their Motion to Strike as yet another attempt to accuse Defendants of misconduct. It appears that the Plaintiffs are attempting to strike portions of the Defendants' Objection to Plaintiffs' Motion for Reconsideration (ECF No. 79). Defendants note that Plaintiffs' motion is confusing and hard to follow, making it challenging for Defendants to respond to all of the allegations contained in it.

At the outset, to address the random and rambling accusations that Plaintiffs make throughout their motion, Defendants deny any and all of these accusations and allegations that their objection contains "intentionally misrepresented facts," "personal attacks," and any other form of "ad hodem attacks." Defendants deny that their objection prejudices Plaintiffs, Defendants deny that their objection violates any fairness afforded to Plaintiffs, and Defendants deny that their objection violates Plaintiffs' due process rights. Defendants deny that they have been "unethical" at any point in this lawsuit. Defendants further deny that Defendants' objection

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

was disingenuous and was an attempt to "silence Plaintiffs' pursuit of justice." Defendants' also deny any and all other accusations that Plaintiffs' make against them in the instant motion.

Defendants also provide that their objection does not "label," "characterized," or reference Plaintiffs in any way as "serial litigants." Moreover, while the objection in question lists Defendants' attorney's former address, based on past communications with Plaintiffs, Plaintiffs are well aware of the Defendants' new address and have always been able to communicate with Defendants' attorney through email. In addition, while Plaintiffs attempt to state that the instant lawsuit(s) have claims related to allegations of the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment, the instant claim is only related to Plaintiff Mello's Fourth Amendment violation claim. See generally 1:23-cv-479-JJM-PAS, and 1:23-cv-480-JJM-PAS. Plaintiff Ware has a claim on the basis that she believes she is some sort of whistleblower. See generally 1:23-cv-480-JJM-LDA. Furthermore, any suggestion that this Court should issue sanctions under Rule 11 of the Federal Rules of Civil Procedure is baseless, unsupported, and improperly brought before this Court.

Defendants' Objection to Plaintiffs' Motion for Reconsideration was clear. In that objection, Defendants argued that Plaintiffs did not set forth any "newly discovered evidence," or a "manifest error of law" that would render reconsideration by this Court. See ECF No. 79. Defendants additionally responded to Plaintiffs' repeated, persistent, and baseless allegations that Defendants, specifically, Defendants' attorney has committed some form of "misconduct" during the course of this litigation, which Defendants continue to vehemently deny. Id.

Pursuant to Fed. R. Civ. P. Rule 12,

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> **(1)** on its own; or

2

**(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. Rule 12(f). The instant motion does not provide any basis that Defendants' Objection to Plaintiffs' Motion for Reconsideration was "redundant, impertinent, or scandalous." Plaintiffs allege that Defendants' sentence, "Plaintiffs' Motion for Reconsideration is frivolously and vexatiously before this Court," was an improper legal conclusion, and was made to "influence the courts to view the claims unfavorably." However, the statement in question is not an "improper legal conclusion" brought for any improper purpose. Instead, Defendants' position is again that Plaintiffs' Motion for Reconsideration does not provide a "manifest error of law" or "newly discovered evidence." ECF No. 79. Considering that Plaintiffs have filed a motion to reconsider in nearly every unfavorable decision made against them without providing a "manifest error of law," and "newly discovered evidence," and the motion at issue instead reiterated and supported arguments that were already made and heard by this Court, Defendants argued that the motion was "frivolous and vexatious." See Tyson v. Sterling Rental, Inc., C.A. No. 13-cv-13490, 2017 U.S. Dist. LEXIS 143538 at *2 (citing Miller v. Norfolk S. Rwy. Co., 208 F. Supp. 2d 851, 854 (N.D. Ohio 2002) ("Where a motion for reconsideration simply repeats the movant's earlier arguments, without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing to substantial error of fact or law, such motion is frivolous")).[1] As such, there is no basis to strike the above-mentioned sentence.

Plaintiffs also allege that Defendants' argument that,

---

[1] The court in Miller further held that "[f]rivolous motions for reconsideration are sanctionable under Rule 11." 208 F. Supp. 2d at 852-3.

> Furthermore, nearly every filing Plaintiffs file within this Court against Cranston, and its employees, agents, and/or representatives, Plaintiffs accuse Defendants, namely Defendants' attorney of baseless and false allegations such as "bad faith," "misconduct," and of using "bad litigation tactics." These allegations are not only untrue, but given the consistency of these claims being filed in nearly every motion, response, and/or reply that Plaintiffs file with this Court, are harassing and frivolous.

ECF Nos. 79, 81. Plaintiffs also take issue with Defendants' footnote no. 5, where Defendants provide "Plaintiffs also have a pending lawsuit, C.A. 24-cv-348- JJM, where they frivolously make the same allegations against Cranston, its employees, agents, representatives, specifically, the attorney for the defendants in that case." Id. Plaintiffs contend that the statements are a "personal attack that serves no legal purpose and is meant to unfairly prejudice the Court against Plaintiffs," and that the statement is "factually inaccurate, misrepresents Plaintiffs'' claims, and is intended to discredit rather than engage with the legal issues." ECF No. 81.

While the Defendants deny any and all allegations made by the Plaintiffs in relation to these portions of their objection, Plaintiffs have not provided any basis to support these allegations. Plaintiffs rely on the First Circuit's decision in Alvardo- Morales v. Digital Equipment Corp., 843 F.2d 613 (1st Cir. 1988). Plaintiffs assert that the decision provides, "[c]ourts routinely strike personal attacks," which is not what the First Circuit held. The Court instead found that the appellant's use of the terms, "concentration camp," "brain wash," and "torture," "and such similes as "Chinese communists in Korea" to describe the appellants' experience were "superfluous descriptions and were not substantive elements to the appellant's cause of action, and were stricken from the Complaint." Id. at 618.

Defendants' argument in their objection to Plaintiffs' Motion is clearly distinguishable from the terms that the appellant used in Alvardo- Morales. The argument that Defendants made

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

is clearly in response to the persistent "terms" that Plaintiffs provided in several of their filings in this court, including their Motion to Reconsider, and are not "repugnant words replete with tragic historical connotations," as the terms the appellant used in <u>Alvarado-Morales</u>. 843 F.2d at 618. Therefore, Plaintiffs offer no basis to strike these portions of Defendants' objection.

The Defendants note that the Plaintiffs' continued filing regarding the Plaintiffs' Motion for an Emergency Discovery Hearing and accusations towards the Defendants is harassing, vexatious, and frivolous. As a result, Defendants request that this Court grant Defendants with reasonable costs, including attorney fees expended in connection with this instant motion.

Wherefore, for the reasons stated above, Defendants respectfully request for this Court to deny Plaintiffs' Motion to Strike and any other form relief that Plaintiffs seek in their Motion to Strike.

Defendants,
By their Attorney,

*/s/ Julia K. Scott-Benevides*
Julia K. Scott-Benevides  (#10408)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
julia@desistolaw.com

<u>CERTIFICATION</u>

5

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000480-JJM-LDA

  I hereby certify, that on this 22nd day of February 2025, I electronically served this document through the electronic filing system and is available for viewing and downloading from the ECF system.

  I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomrideons@gmail.com | kskustomrideons@gmail.com |

           */s/ Julia K. Scott-Benevides*