UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Joshua Mello and Rachel Ware, Plaintiffs**

v.

**Edward Arruda and John Rocchio, Defendants**
**Case Nos.: 1:2023-cv-00479 & 1:2023-cv-00480**

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

NOW COMES Plaintiffs Joshua Mello and Rachel Ware, *pro se*, and respectfully submit this Reply to Defendants' Objection to Plaintiffs' Motion for a Protective Order. Defendants' objection fails to address the harassment, intimidation, and retaliation Plaintiffs have documented, nor does it provide valid legal grounds for denying relief under Rule 26(c) of the Federal Rules of Civil Procedure, 42 U.S.C. § 1983, and applicable Rhode Island law.

**I. DEFENDANTS' OBJECTION MISSTATES THE SCOPE OF RULE 26(c)**

Defendants incorrectly argue that Rule 26(c) of the Federal Rules of Civil Procedure applies only to matters related to discovery. However, the language of Rule 26(c) is clear: it authorizes courts to issue protective orders to prevent *"annoyance, embarrassment, oppression, or undue burden or expense."* Courts have interpreted this language broadly to encompass situations that threaten a party's right to fair litigation.

- **Case Law**: In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), the Supreme Court upheld a protective order to prevent harassment and undue burden, emphasizing that such orders serve the judicial system's integrity.

The Defendants' presence at Plaintiff Rachel Ware's workplace is not an isolated incident; rather, it is part of a pattern of intimidation and retaliation related to this litigation. As such, the Court's authority to issue protective orders under Rule 26(c) is appropriate here to prevent harassment and maintain the integrity of the judicial process.

## II. DEFENDANTS' CONDUCT CONSTITUTES RETALIATION UNDER 42 U.S.C. § 1983

Plaintiffs' motion for a protective order is grounded in 42 U.S.C. § 1983, which prohibits state actors from depriving individuals of their constitutional rights. Retaliation for exercising the right to seek judicial relief is a violation of this statute.

- **Case Law**: In *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999), the court held that retaliation by state actors for exercising constitutional rights is actionable under § 1983.

Defendant Officers' actions—monitoring Plaintiff Ware at work, spreading false information to her employer, and engaging in intimidating behavior—are clearly retaliatory. The fact that these actions occurred *during the course of pending litigation* underscores their intent to intimidate and deter Plaintiffs from pursuing their claims.

## III. PLAINTIFFS' FIRST AMENDMENT RIGHT TO PETITION IS THREATENED

Plaintiffs have a First Amendment right to petition the government for redress of grievances, which includes filing lawsuits without fear of retaliation.

- **Case Law**: In *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019), the Supreme Court affirmed that retaliatory conduct by police officers in response to exercising First Amendment rights violates § 1983 protections.

Defendants' conduct at Plaintiff Ware's workplace seeks to chill Plaintiffs' exercise of this right through intimidation, justifying the need for judicial protection.

## IV. DEFENDANTS' ACTIONS VIOLATE RHODE ISLAND STATE LAW

Plaintiffs' motion is also supported by Rhode Island General Laws § 9-1-28.1, which protects individuals from unreasonable intrusion upon their privacy.

- Defendants' surveillance of Plaintiff Ware, including monitoring her movements via workplace surveillance systems, constitutes an unreasonable intrusion into her privacy.

Additionally, Rhode Island recognizes the right to a harassment-free workplace. Defendants' actions create a hostile work environment, putting Plaintiff Ware's employment at risk.

## V. PLAINTIFFS HAVE DEMONSTRATED GOOD CAUSE FOR A PROTECTIVE ORDER

Defendants' objection fails to address the good cause standard for issuing a protective order under Rule 26(c). Plaintiffs have documented multiple incidents of:

1. **Intimidation**: Defendants' presence in the employee break room and monitoring of Plaintiff Ware.
2. **Retaliation**: Spreading false information to Plaintiff Ware's employer.

3. **Emotional Distress**: Plaintiffs' documented anxiety and fear resulting from Defendants' actions.

Courts have consistently found such behavior to warrant protective orders.

- **Case Law**: In *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986), the court held that protective orders are appropriate where a party demonstrates a legitimate fear of harassment or intimidation.

## VI. DEFENDANTS' OBJECTION IGNORES THE BALANCE OF HARMS

The balance of harms clearly favors Plaintiffs:

- Plaintiffs face ongoing emotional distress and risk of job loss due to Defendants' actions.
- Defendants suffer no harm from being reassigned to other details, which does not affect their employment status or income.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for a Protective Order and prohibit Defendants Edward Arruda and John Rocchio from working detail assignments at The Rhodes on the Pawtuxet while Plaintiff Rachel Ware is on duty. The protective order is necessary to prevent further harassment, intimidation, and retaliation, and to protect Plaintiffs' constitutional and statutory rights.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401.426.0778


**CERTIFICATION**

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 16th day of December 2024:

Julia K. Scott-Benevides
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello
/s/ Rachel Ware