# EXHIBIT E

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>JOHN ROCCHIO and<br>EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00480-JJM-PAS;<br>1:23-cv-000479-JJM-PAS |

### DEFENDANT, EDWARD ARRUDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS

1. Admit that you knew about the events described in Plaintiff's Complaint before this lawsuit was filed.

**RESPONSE: Objection. Defendant objects to the extent that this request is vague, unclear and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objections and to the extent that this request requires a response, Defendant denies this request.**

2. Admit that you were interviewed by Lauren Hayden about the incident that took place at Western Hills Middle School on 10/21/2021 and include the information that you provided her.

**RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant denies this request.**

3. Admit that you have documents relevant to claims and defenses in this lawsuit.

**RESPONSE: Admit.**

4. Admit that you are responsible for the actions of your agents and employees as described in Plaintiff's Complaint.

**RESPONSE: Objection. Defendant objects to the extent that this request is vague and confusing and does not relate to this Defendant. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant denies this request.**

5. Admit that the Plaintiff suffered damages because of the events described in Plaintiff's Complaint.

**RESPONSE**: **Objection. Defendant objects to the extent that this request is vague, unclear and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that a response is required, Defendant denies this request.**

6. Admit that you used force against the Plaintiff during the incident.

**RESPONSE**: **Admit.**

7. Admit that you used force consistent with the department's policies and procedures.

**RESPONSE**: **Admit.**

8. Admit that the Plaintiff sustained injuries as a result of the use of force.

**RESPONSE**: **Admit.**

9. Admit that there have been prior complaints against you regarding the use of force.

**RESPONSE**: **Objection. Defendant objects based on Rhode Island Law Enforcement Officers' Bill of Rights, to providing information on the subject of open investigations, if any, and those that have been closed after finding of innocence, unfounded, not sustained, and/or exonerated. Defendant objects to the extent that this request is vague and confusing. Notwithstanding and without waiving the objections, and to the extent that a response is required, Defendant denies this request.**

10. Admit that you have received training on the use of force.

**RESPONSE**: **Admit.**

11. Admit that you communicated with other officers about the incident before writing your report.

**RESPONSE**: **Admit.**

12. Admit that you followed the department's use of force policy during the incident.

**RESPONSE**: **Admit.**

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

                        Defendants
                        Edward Arruda and John Rocchio
                        By their Attorneys,

                        */s/ Julia K. Scott- Benevides*
                        Julia K. Scott- Benevides (#10408)
                        DeSisto Law LLC
                        60 Ship Street
                        Providence, RI 02903
                        (401) 272-4442
                        marc@desistolaw.com
                        julia@desistolaw.com

## CERTIFICATION

      I hereby certify that the within document has been electronically filed with the Court on the 19th day of August, 2024, and is available for viewing and downloading from the ECF system.

      I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

                        */s/ Julia K. Scott- Benevides*

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
*Plaintiffs,*

vs.

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA
*Defendants*

C.A. No. 1:23-cv-00480-JJM-PAS

# EDWARD ARRUDA'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR AMDMISSIONS

1. Admit that you were wearing a mask upon entering the school on October 21, 2021.

   **RESPONSE: Objection. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, Defendant admits that he was wearing a mask around his neck.**

2. Amit that there wasn't a commotion when you entered the school on October 21, 2021.

   **RESPONSE: Deny.**

3. Admit that you secured the knives during the incident on October 21, 2021.

   **RESPONSE: Deny.**

4. Admit who called Tonya Morena during the incident on October 21, 2021.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant admits that Tonya Morena was called during the incident on October 21, 2021. Defendant denies the remainder of the request due to its vague, unclear, and improper nature.**

5. Admit who spoke with Tonya Morena during the incident on October 21, 2021.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that**

**this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant admits that Tonya Morena was called during the incident on October 21, 2021. Defendant denies the remainder of the request due to its vague, unclear, and improper nature.**

6. Admit who tore the court document during the incident at Western Hills Elementary School.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant denies this request due to its vague, unclear, and improper nature.**

7. Admit who received permission from Tonya Morena to release her daughter, and when the permission was given.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Defendant objects to the form of this request. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant admits that Tonya Morena gave permission to release her daughter. As to the remainder of the request, Defendant is unable to admit and/or deny the remainder of the request due to its vague, unclear, and improper nature.**

8. Admit that Officer Rocchio was not present for a sufficient period of time to deescalate Mr. Mello in accordance with de-escalation training procedures, including those provided by LEADS, Lockup, or any other de-escalation training that he had taken, read, or received training

   **RESPONSE: Deny.**

9. Admit what the average or standard time is to deescalate an individual during a police intervention, according to any training or guidelines available to the Cranston Police Department.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Defendant objects to the form of this request. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant denies this request due to its vague, unclear, and improper nature.**

10. Admit that the Gerber knife in Mr. Mello's possession was measured according to the applicable R.I. Gen. Laws § 11-47-32.

   **RESPONSE: Admit.**

11. Admit you slammed Joshua Mello on the hood of a police cruiser while he was a handcuffed prisoner.

   **RESPONSE: Deny.**

12. Admit it was your knowledge that a video recording of the incident was taking place that made you stop using excessive force on Mr. Mello.

   **RESPONSE: Objection. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36 as it assumes that Defendant used excessive force on Plaintiff Mello. Notwithstanding and without waiving the objections and to the extent that this request requires a response, Defendant denies this request.**

13. Admit you used Mr. Mello's neck to bring him to the ground.

   **RESPONSE: Deny.**

14. Admit that the court order/document you were acting on at Western Hills Middle School was in fact invalid and null in void.

   **RESPONSE: Deny.**

 

Defendants
Edward Arruda and John Rocchio
By their Attorney,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides, Esq.  (#10408)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

## CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid on the 2$^{ndt}$ day of October 2024, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

*/s/ Julia K. Scott- Benevides*

# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>JOHN ROCCHIO and<br>EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00480-JJM-PAS;<br>1:23-cv-000479-JJM-PAS |

### DEFENDANT, JOHN ROCCHIO'S RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS

1. Admit that you knew about the events described in Plaintiff's Complaint before this lawsuit was filed.

**RESPONSE: Objection. Defendant objects to the extent that this request is vague, unclear and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objections and to the extent that this request requires a response, Defendant denies this request.**

2. Admit that you were interviewed by Lauren Hayden about the incident that took place at Western Hills Middle School on 10/21/2021 and include the information that you provided her.

**RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant denies this request.**

3. Admit that you have documents relevant to claims and defenses in this lawsuit.

**RESPONSE: Admit.**

4. Admit that you are responsible for the actions of your agents and employees as described in Plaintiff's Complaint.

**RESPONSE: Objection. Defendant objects to the extent that this request is vague and confusing and does not relate to this Defendant. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant denies this request.**

5. Admit that the Plaintiff suffered damages because of the events described in Plaintiff's Complaint.

**RESPONSE**: **Objection. Defendant objects to the extent that this request is vague, unclear and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that a request is required, Defendant denies this request.**

6. Admit that you used force against the Plaintiff during the incident.

**RESPONSE**: **Admit.**

7. Admit that you used force consistent with the department's policies and procedures.

**RESPONSE**: **Admit.**

8. Admit that the Plaintiff sustained injuries as a result of the use of force.

**RESPONSE**: **Admit.**

9. Admit that there have been prior complaints against you regarding the use of force.

**RESPONSE**: **Objection. Defendant objects based on Rhode Island Law Enforcement Officers' Bill of Rights, to providing information on the subject of open investigations, if any, and those that have been closed after finding of innocence, unfounded, not sustained, and/or exonerated. Defendant objects to the extent that this request is vague and confusing. Notwithstanding and without waiving the objections, and to the extent that a response is required, Defendant denies this request.**

10. Admit that you have received training on the use of force.

**RESPONSE**: **Admit.**

11. Admit that you communicated with other officers about the incident before writing your report.

**RESPONSE**: **Admit.**

12. Admit that you followed the department's use of force policy during the incident.

**RESPONSE**: **Admit.**

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

        Defendants
        Edward Arruda and John Rocchio
        By their Attorneys,

        */s/ Julia K. Scott- Benevides*
        Julia K. Scott- Benevides (#10408)
        DeSisto Law LLC
        60 Ship Street
        Providence, RI 02903
        (401) 272-4442
        marc@desistolaw.com
        julia@desistolaw.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on the 19th day of August, 2024, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

        */s/ Julia K. Scott- Benevides*

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>DEREK GUSTAFSON, TIMOTHY VESEY,<br>STEVEN CATALANO, JOHN ROCCHIO and<br>EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00480-JJM-PAS |

### JOHN ROCCHIO'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR AMDMISSIONS

1. Admit that you were wearing a mask upon entering the school on October 21, 2021.

    **RESPONSE: Admit.**

2. Amit that there wasn't a commotion when you entered the school on October 21, 2021.

    **RESPONSE: Deny.**

3. Admit that you secured the knives during the incident on October 21, 2021.

    **RESPONSE: Admit.**

4. Admit who called Tonya Morena during the incident on October 21, 2021.

    **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant admits that Tonya Morena was called during the incident on October 21, 2021. Defendant denies the remainder of the request due to its vague, unclear, and improper nature.**

5. Admit who spoke with Tonya Morena during the incident on October 21, 2021.

    **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant admits that Tonya Morena was called**

during the incident on October 21, 2021. Defendant is unable to admit and/or deny the remainder of the request due to its vague, unclear, and improper nature.

6. Admit who tore the court document during the incident at Western Hills Elementary School.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant admits that a court document was torn during the incident at Western Hills Elementary School. Defendant is unable to admit and/or deny the remainder of the request due to its vague, unclear, and improper nature.**

7. Admit who received permission from Tonya Morena to release her daughter, and when the permission was given.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Defendant objects to the form of this request. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant admits that Tonya Morena gave permission to release her daughter. As to the remainder of the request, Defendant is unable to admit and/or deny the remainder of the request due to its vague, unclear, and improper nature.**

8. Admit that Officer Rocchio was not present for a sufficient period of time to deescalate Mr. Mello in accordance with de-escalation training procedures, including those provided by LEADS, Lockup, or any other de-escalation training that he had taken, read, or received training

   **RESPONSE: Deny.**

9. Admit what the average or standard time is to deescalate an individual during a police intervention, according to any training or guidelines available to the Cranston Police Department.

   **RESPONSE: Objection. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Defendant objects to the form of this request. Notwithstanding and without waiving the objection, and to the extent that this request requires a response, Defendant denies this request due to its vague, unclear, and improper nature.**

10. Admit that the Gerber knife in Mr. Mello's possession was measured according to the applicable R.I. Gen. Laws § 11-47-32.

    **RESPONSE: Admit.**

11. Admit you slammed Joshua Mello on the hood of a police cruiser while he was a handcuffed prisoner.

    **RESPONSE: Deny.**

12. Admit it was your knowledge that a video recording of the incident was taking place that made you stop using excessive force on Mr. Mello.

    **RESPONSE: Objection. Defendant objects to the extent that this request is vague, unclear, and lacks specificity as required by Fed. R. Civ. P. Rule 36. Defendant objects to the extent that this request is improper pursuant to Fed. R. Civ. P. Rule 36 as it assumes that Defendant used excessive force on Plaintiff Mello. Notwithstanding and without waiving the objections and to the extent that this request requires a response, Defendant denies this request.**

13. Admit you used Mr. Mello's neck to bring him to the ground.

    **RESPONSE: Deny.**

14. Admit that the court order/document you were acting on at Western Hills Middle School was in fact invalid and null in void.

    **RESPONSE: Deny.**

                                            Defendants
                                            Edward Arruda and John Rocchio
                                            By their Attorney,

                                            */s/ Julia K. Scott- Benevides*
                                            Julia K. Scott- Benevides, Esq. (#10408)
                                            DeSisto Law LLC
                                            60 Ship Street
                                            Providence, RI 02903
                                            (401) 272-4442
                                            julia@desistolaw.com

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

## CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid on the 2nd day of October 2024, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

*/s/ Julia K. Scott- Benevides*