# EXHIBIT K

**Joshua Mello & Rachel Ware**
57 Rolfe Square
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778
Date: September 16, 2024

**Julia Scott-Benevides, Esq**
60 Ship Street
Providence, RI 02903

Re: **Mello, et al. v. Arruda, et al.**
Case No. 23-cv-000479-JJM-LDA

Dear Attorney Scott-Benevides,

I am writing to you in good faith regarding several outstanding discovery issues, including Defendants' responses to Plaintiffs' Requests for Production of Documents, interrogatories, and newly submitted requests for admissions. We have identified deficiencies in the responses provided, and we are also seeking further clarification on certain interrogatories. Additionally, we are submitting new requests for admissions to gather essential information related to the claims and defenses in this case. We hope to resolve these matters cooperatively and without the need for court intervention.

**Specific Requests in Dispute:**

1. **Request No. 2: "Provide all documents and communications between you and anyone else about the allegations in Plaintiff's Complaint."**
   **Explanation:**
   This request seeks communications that directly pertain to the claims and defenses in this case. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, discovery must be relevant to any party's claim or defense. These documents are critical to understanding Defendants' position regarding the allegations. If these documents exist, they must be produced, or a valid objection must be stated.

2. **Request No. 4: "Provide all documents you plan to use at trial or any hearing in this case."**
   **Explanation:**
   Your response that Defendants will supplement this request at a later date is insufficient. Rule 26(a)(1)(A)(ii) requires that all parties disclose the materials they plan to use at trial or any hearing. Delaying this disclosure hampers Plaintiffs' ability to prepare adequately. I request that you produce a good faith estimate of the documents Defendants plan to use at trial or any hearing, or clarify the timeline for disclosure.

1

3. **Request No. 5: "Provide all copies of all insurance policies mentioned in your answer to Interrogatory No. 5."**
   **Explanation:**
   While you have stated that the City of Cranston is self-insured, Rule 26(b)(1) explicitly makes insurance policies discoverable when they may cover the claim. Any documentation related to the self-insurance coverage should be produced so that Plaintiffs can assess the scope and limits of the City's liability coverage.

4. **Request No. 16: "Provide any and all insurance policies that the City of Cranston and the Cranston Police Department have for their employees."**
   **Explanation:**
   While Defendants responded that Cranston is self-insured, any self-insurance agreements or documents detailing the city's coverage should still be produced under Rule 26(b)(1). This information is necessary for the Plaintiffs to fully assess the liability protections available to the Defendants.

5. **Request No. 25: "Produce any and all communication records (emails, text messages, radio logs) related to the incident."**
   **Explanation:**
   This request pertains to the October 21, 2021 incident and is vital to understanding how events unfolded and the communications exchanged between the Defendants and other parties. Defendants' failure to respond in full hinders Plaintiffs' ability to gather critical evidence. Under Rule 34(b)(2)(B), Defendants must either produce the requested documents or provide specific objections with legal grounds for withholding them.

6. **Request No. 34: "Produce any expert reports that the defendant intends to use in their defense."**
   **Explanation:**
   Defendants' response that they have not yet made a determination about expert witnesses is not a sufficient objection. Under Rule 26(a)(2)(D), the Defendants are required to disclose expert reports in a timely manner. We request that you produce any available reports if experts have been retained or consulted.

7. **Request Nos. 6-13: Communications Related to the October 21, 2021 Incident**
   **Explanation:**
   These requests seek text messages and other communications relevant to the events on October 21, 2021. Defendants' responses merely reserve the right to supplement these requests, which does not fulfill their discovery obligations under Rule 34(b)(2)(B). If any documents are being withheld on the grounds of privilege, Rule 26(b)(5) requires a privilege log to be provided, describing the nature of the documents so Plaintiffs can assess the privilege claim.
   These communications are essential to understanding the interactions and decision-making processes that led to the October 21, 2021 incident. A timely and

2

complete response will allow us to proceed efficiently in gathering the necessary facts for this case.

**Objections to Interrogatories**

1. **Interrogatory No. 3: "List all communications between you and any other person about the allegations in Plaintiff's Complaint."**
   **Defendant's Response:**
   Defendants objected on the grounds of the Rhode Island Law Enforcement Officers' Bill of Rights, attorney-client privilege, work product doctrine, and lack of specificity regarding the type of communications requested.
   **Plaintiffs' Objection:**
   Plaintiffs object to Defendants' refusal to fully answer this interrogatory. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties are entitled to discover relevant non-privileged information. The objection citing the Rhode Island Law Enforcement Officers' Bill of Rights is misplaced in this context. The Bill of Rights provides protections for officers during internal investigations but does not grant blanket immunity from disclosing relevant information in a federal civil rights lawsuit. Furthermore, Defendants have not provided a privilege log as required by Rule 26(b)(5) for any communications allegedly protected by attorney-client privilege or work product doctrine.
   Plaintiffs request that Defendants either fully answer the interrogatory or specify which communications they are withholding, along with a privilege log, to allow us to assess their claims.

2. **Interrogatory No. 5: "Identify all insurance policies that might cover the claims in this lawsuit, including the insurer's name, policy number, and coverage details."**
   **Defendant's Response:**
   Defendants stated that the City of Cranston is self-insured.
   **Plaintiffs' Objection:**
   While Defendants assert that the City of Cranston is self-insured, Plaintiffs are entitled to review documentation regarding the self-insurance arrangement under Rule 26(b)(1), as this is directly relevant to the claims and any potential recovery in the lawsuit. Defendants cannot simply state they are self-insured without producing relevant documentation detailing the nature and limits of that self-insurance. Plaintiffs request that Defendants either provide the requested information or produce relevant self-insurance documentation.

**Additional Interrogatories**

3

In addition to our objections to the responses provided, Plaintiffs also request the following additional interrogatories to obtain necessary information related to the claims and defenses in this case:

3. **Additional Interrogatory No. 11:** "List and describe any disciplinary actions taken against any Cranston Police Department officers involved in the October 21, 2021 incident or in any subsequent investigations involving Plaintiffs."
   **Explanation:**
   This information is directly relevant to Plaintiffs' claims under civil rights laws. Defendants' objections to providing information about closed investigations are not valid in the context of a federal civil rights lawsuit, where information regarding prior complaints or disciplinary actions may be relevant to establishing a pattern of behavior or lack of accountability within the department.

4. **Additional Interrogatory No. 12:** "Identify any internal or external investigations, audits, or reviews conducted by the Cranston Police Department or any other governmental entity into the events of October 21, 2021, or Plaintiffs' allegations."
   **Explanation:**
   This interrogatory seeks relevant information regarding any investigations into the incident at the center of this lawsuit. Such information is crucial for Plaintiffs to understand the scope of review conducted by the department and any findings that may impact liability or damages.

**Additional Requests for Admissions**

In addition to the issues raised regarding previous discovery responses, Plaintiffs have the following additional requests for admissions to gather further relevant information in this case:

1. **Admit that you were wearing a mask upon entering the school on October 21, 2021.**
2. **Admit that there wasn't a commotion when you entered the school on October 21, 2021.**
3. **Admit that you secured the knives during the incident on October 21, 2021.**
4. **Admit who called Tonya Morena during the incident on October 21, 2021.**
5. **Admit who spoke with Tonya Morena during the incident on October 21, 2021.**
6. **Admit who tore the court document during the incident at Western Hills Middle School on October 21, 2021.**
7. **Admit who received permission from Tonya Morena to release her daughter, and when this permission was given.**
8. **Admit that Officer Rocchio was not present for a sufficient period of time to deescalate Mr. Mello in accordance with de-escalation training procedures, including those provided by LEADS, Lockup, or any other de-escalation training that he had taken, read, or received in writing.**

9. **Admit what the average or standard time is to deescalate an individual during a police intervention, according to any training or guidelines available to the Cranston Police Department.**
10. **Admit that the Gerber knife in Mr. Mello's possession was measured improperly according to the applicable R.I. Gen. Laws § 11-47-42**
11. **Admit you slammed Joshua Mello on the hood of the police cruiser while he was a handcuffed prisoner.**
12. **Admit it was your knowledge that a video recording of the incident was taking place that made you stop using excessive force on Mr.Mello.**
13. **Admit you used Mr.Mello's neck to bring him to the ground.**
14. **Admit that the court order/document you were acting on at Western Hills Middle School was in fact invalid and null in void.**

**Explanation for Requests**

These admissions are necessary to clarify critical facts surrounding the events of October 21, 2021, and to streamline the discovery process. Admitting or denying these points will help us focus our efforts on the central issues of the case and avoid unnecessary disputes over facts that should be easily established.

We request that Defendants respond to these admissions in a timely manner. Failure to admit or deny these facts may lead to further action in seeking clarification from the Court.

In the spirit of cooperation and in good faith, I am requesting that you provide the requested documents and communications or state any specific legal grounds for withholding them. Should you assert privilege, please provide a privilege log in accordance with Rule 26(b)(5).

I hope that this matter can be resolved without the need for a motion to compel. However, if we do not receive the requested information by October 1, 2024, we may have no choice but to seek the Court's assistance to enforce Defendants' discovery obligations.

Thank you for your prompt attention to this matter. We look forward to your response.

5

Sincerely,

_____

Joshua Mello
Plaintiff, pro se
kskustomsrideons@gmail.com
401.426.0778


_____

 Rachel Ware
Plaintiff, pro se
kskustomsrideons@gmail.com
401.447.7769


CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage
prepaid, to on the 17th day of September 2024:

> Julia K. Scott- Benevides
> DeSisto Law LLC
> 60 Ship Street
> Providence, RI 02903
> (401) 272-4442
> julia@desistolaw.com

Joshua Mello
Pro Se Plaintiff

# EXHIBIT L

Rachel Ware

57 Rolfe Square Unit 10113

Cranston, RI 02910

kskustomsrideons@gmail.com

401.447.7769

December 13, 2024

Julia K. Scott-Benevides

DeSisto Law LLC

60 Ship Street

Providence, RI 02903

Re: Request for Original Document of "Exhibit A (Mello)" PDF

Dear Attorney Scott-Benevides,

I am writing to you in good faith regarding a document sent via email on November 28, 2024, titled "Exhibit A (Mello)" PDF. This document is also referenced as Defendants' 3rd Supplement 000280-000286. Upon a thorough review of the file, several irregularities and concerns have been identified, which necessitate further clarification and examination.

**Issues Identified in the Document:**

1. **Text Alignment and Lineage:** The document exhibits irregularities in text alignment, lineage, and visual blemishes that suggest potential alterations.
2. **Font and Ink Variations:** There are inconsistencies in the font style and ink tones throughout the document, raising questions about its authenticity.
3. **Handwriting Discrepancies:** The handwriting on page one shows irregularities, including the checkboxes, when magnified.
4. **Metadata Analysis:** A review of the metadata indicates creation date on November 18, 2024, and modification date of November 25, 2024, 7 days after creation. These dates raise questions about the chain of custody and potential edits made to the document.
5. **Blank Page:** Page two, identified as a tracking log, is inexplicably blank, leaving a gap in the document's continuity.
6. **Conflicting Information:** On page three, the document states that evidence was destroyed on June 5, 2023. However, page one contains a signature and a date of August 7, 2023, also referencing the destruction of evidence. These discrepancies suggest inconsistencies that require clarification.

Given the above concerns, I respectfully request:

1. **The Original Document:** Please provide the original document from which the PDF was scanned or created in its entirety.
2. **Clarification on Creation:** Clarify whether the PDF was created by your office or by the police department before being transmitted to you.

These steps are essential to address the inconsistencies, verify the authenticity of the evidence presented, and eliminate any presumption that the document has been altered. To facilitate a timely resolution, I kindly request that the original document be provided within 10 days, no later than December 23, 2024.

Thank you for your attention to this matter. I trust we can resolve these concerns promptly and in good faith. Should you require any additional information from me, please do not hesitate to reach out.

Sincerely,
Rachel Ware


**CERTIFICATION**

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 13th day of December 2024:

Julia K. Scott-Benevides
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

/s/ Rachel Ware

# EXHIBIT M

                                            **Joshua Mello <kskustomsrideons@gmail.com>**

---

### Re: Mello vs Arruda Case Nos.: 1:2023-cv-00479 & 1:2023-cv-00480
1 message

---

**Julia Benevides** <Julia@desistolaw.com>                          Sun, Dec 15, 2024 at 12:11 PM
To: Joshua Mello <kskustomsrideons@gmail.com>
Cc: Marc DeSisto <marc@desistolaw.com>

Good Morning Rachel,

My office did not scan the documents provided in the Defendants' Third Supplemental Response to Plaintiffs' Request for Production of Documents. I note that Plaintiffs' Request for Production of Documents did not request originals, and by providing a copy of the document, the Defendants responded in accordance with the Federal Rules of Civil Procedure.

Plaintiffs' Request for Production of Documents, Request No. 1 asked Defendants to  "[p]rovide all documents in your answer to Interrogatory No. 4." The BCI document was provided as a supplemental response to that request."

 Rule 37 provides that,

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

Rule 34(E) provides,

"Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A party need not produce the same electronically stored information in more than one form."

Since the BCI document is related to Plaintiffs' arrest, it is responsive to Request No. 1. As such, Defendants complied with the rule in its response and supplemental responses. As for your request to view the original, the Cranston Police Department Captain who has been assisting me with the response documents is out of work until after the holidays. I can get back to you as to your inquiry after then. I

---

don't find that your remaining questions a request for more responsive answers under what was requested in Request No. 1, so I am unclear as to what the remaining questions in your Good Faith Letter are asking for.

Best,
Julia


**Julia K. Scott-Benevides, Esq.**

60 Ship Street, Providence, RI 02903

(401) 272-4442 Ext. 206 | Direct: (401) 272-0749

DESISTOLAW  julia@desistolaw.com

www.desistolaw.com

This e-mail message and any attachments are confidential, may contain attorney-client privileged information and are intended for the recipient(s) to whom they are addressed only. If you are not an intended recipient, you have received this e-mail in error and any use, review, dissemination, forwarding, printing or copying of this e-mail or the information contained therein is strictly prohibited. All messages sent to and from this office may be monitored to ensure compliance with internal policies and to protect the firm's interest and that of its clients. If you have received this e-mail in error, please notify the sender immediately and then delete this message. Thank you.


Get Outlook for iOS

---

**From:** Joshua Mello <kskustomsrideons@gmail.com>
**Sent:** Saturday, December 14, 2024 2:30:26 PM
**To:** Julia Benevides <Julia@desistolaw.com>
**Cc:** Marc DeSisto <marc@desistolaw.com>
**Subject:** Re: Mello vs Arruda Case Nos.: 1:2023-cv-00479 & 1:2023-cv-00480

Good Afternoon Julia,

There are several additional questions that you did not address including that we would like to see the original. There are inconsistencies in the document in which I stated in the "Good Faith Letter" that bring into question if it has been altered, edited or doctored that you just blatantly ignored. The metadata shows it was created and produced on a Konica Minolta bizhub C458 on November 18, 2024. Does your law office have that kind of copier/printer/scanner in which you created the PDF? Then you have the paper originals from the Cranston Police Department that you scanned at your law office in which we would like to see?

Additionally this is what some of the metadata reads and or indicates in the list below.

Understanding the Date/Time Entries:

1. Metadata Creation Date (11/18/2024):

   ○ This reflects the original creation date of the document when it was first scanned or generated by the KONICA MINOLTA bizhub C458 device.

2. Metadata Modification Date (11/25/2024):

- ○ This indicates that the document's content or metadata was altered or reprocessed on November 25, 2024, potentially by:
  - Saving it again on the device or a system.
  - Applying edits, such as adding annotations, combining pages, or re-exporting it.

3. File Creation Date/Time (11/28/2024):

- ○ This is specific to the current instance of the file. It indicates when the file was saved or transferred to its current location (e.g., copied to another drive, downloaded from email, or saved locally on the system).
- ○ This date differs because it reflects when this file copy/version was introduced to its current system environment.

4. This is some of the raw metadata we collected.

File Size : 442 kB Zone Identifier : Exists File Modification Date/Time : 2024:11:28 21:56:30-05:00 File Access Date/Time : 2024:12:08 14:53:33-05:00 File Creation Date/Time : 2024:11:28 21:56:30-05:00 File Permissions : -rw-rw-rw- File Type : PDF File Type Extension : pdf MIME Type : application/pdf PDF Version : 1.4 Linearized : Yes XMP Toolkit : Adobe XMP Core 9.1-c001 79.675d0f7, 2023/06/11-19:21:16 Producer : KONICA MINOLTA bizhub C458 Create Date : 2024:11:28 11:19:27-05:00 Modify Date : 2024:11:25 13:24:44-05:00 Creator Tool : KM_C458 Document ID : uuid:6bbb1ec307e8120b131be3e321547fe3 Instance ID : uuid:bb22ea4b-bd7c-4679-94ed-42cd7e617fde Rendition Class : default Version ID : 1 Derived From Instance ID : uuid:6bbb1ec3-07e8-120b-131b-e3e321547fe3 Derived From Document ID : uuid:6bbb1ec3-07e8-120b-131b-e3e321547fe3 Format : application/pdf Title : SKM_C45824111811190 Page Count : 7 Creator : KM_C458

Please readdress the good faith letter and this email and answer all questions presented.

Best,
Rachel

On Sat, Dec 14, 2024 at 1:36 PM Julia Benevides <Julia@desistolaw.com> wrote:

Good Afternoon Rachel,

To respond to your email regarding the "metadata" you accessed and referenced in your "Good Faith Letter," the document that you're referring to was received by my office on November 18, 2024, and was bates stamped to be produced as part of Defendants' Third Supplemental Response to Plaintiffs' RFP on November 25, 2024.

Best,
Julia

**Julia K. Scott-Benevides, Esq.**

60 Ship Street, Providence, RI 02903

(401) 272-4442 Ext. 206 | Direct: (401) 272-0749

DESISTOLAW julia@desistolaw.com
www.desistolaw.com

This e-mail message and any attachments are confidential, may contain attorney-client privileged information and are intended for the recipient(s) to whom they are addressed only. If you are not an

intended recipient, you have received this e-mail in error and any use, review, dissemination, forwarding, printing or copying of this e-mail or the information contained therein is strictly prohibited. All messages sent to and from this office may be monitored to ensure compliance with internal policies and to protect the firm's interest and that of its clients. If you have received this e-mail in error, please notify the sender immediately and then delete this message. Thank you.

Get Outlook for iOS

**From:** Joshua Mello <kskustomsrideons@gmail.com>
**Sent:** Friday, December 13, 2024 6:05:44 PM
**To:** Julia Benevides <Julia@desistolaw.com>
**Cc:** Marc DeSisto <marc@desistolaw.com>
**Subject:** Mello vs Arruda Case Nos.: 1:2023-cv-00479 & 1:2023-cv-00480

Julia,
Please see the "Good Faith Letter" attached. I also included the document in question.

Be Well,
Rachel

--
K's Kustom's Ride On's & Rentals
Making Smiles for Miles
www.kskustoms.com
401-426-0778/401-447-7769

**CONFIDENTIALITY NOTICE**

**This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering**

**the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately, and to purge the communication.**

--
K's Kustom's Ride On's & Rentals
Making Smiles for Miles
www.kskustoms.com
401-426-0778/401-447-7769

**CONFIDENTIALITY NOTICE**

**This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering**

**the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately, and to purge the communication.**

Case 1:23-cv-00480-JJM-LDA    Document 64-4    Filed 12/19/24    Page 16 of 29 PageID #: 592



**Joshua Mello <kskustomsrideons@gmail.com>**

---

## Concerns about altered document
1 message

---

**Joshua Mello** <kskustomsrideons@gmail.com>          Wed, Dec 18, 2024 at 12:00 PM
To: Julia Benevides <Julia@desistolaw.com>
Cc: Marc DeSisto <marc@desistolaw.com>

Good Day Julia,
To follow up to your email dated December 15, 2024. We find it disconcerting that we are continuing this cat and mouse tails game. We reached out on 12/13/24 in good faith as this process is meant to be. The instance here to resolve a glaring and problematic discovery documentation Mello Exibit 1, that was produced during Discovery by you on 11/28/24. The documents at hand have several notable and serious issues, again of which have not addressed or answered "in good faith". We find it hard to understand how direct questions posed in simple plain language, are again deemed "unclear". These, along with several other instances of bad faith tactics are doing nothing but turn out billable hours for the firm on the backs of the cities tax payers at-large.

We'd like to direct your attention to the document(s) in question. The one(s) labeled Exhibit A (Mello) PDF which has/ is without a doubt a series of altered and tampered with pages, specifically 1-3. Attached is a PDF containing a copy of what these documents look like from the lens of a forensic analysis program, call X1 Search which is part of the X1 Discovery forensic suite. This software reviews the documents in several manners and displays the results as provided. I'd like to think you'd see the seriousness of this altered documentation obtained and sent during such a serious legal matter, as well as additional implications and compounding questions which arise from such.

Altering of documents does not prevent accountability or responsibility for the litany of unconstitutional and criminal occurrences that have occurred against myself and my wife via the Cranston Police, its officers, the city and its law department etc. Furthermore, I can't see how certifying and sending altered documents wouldn't be a of a major concern to yourself or even Mark for that matter. Again given the serious nature and implication here. Which too are compounded with several other notable and serious issues we've brought to your attention only to have them go seemingly unaddressed or ignored. Potentially as if plausible deniability would be a "defense". Co-extensively, It seems like it would be in "good faith" to seek out and produce these originals and even signed documents along for observations and evaluation without further undue delay. As it relates to all pages, specifically page one, it should be for a true,attested and signed original.

None of this is acceptable. The Judge had mentioned we were to communicate to resolve issues in Discovery. How can we resolve anything if you constantly say things are unclear or you do not understand a straightforward question?

The document in question has the following issues;
1. Number of Text Blocks: The page contains 21 text blocks. This aligns with multi-segment text flow but indicates fragmented or non-continuous content.
2. Images Embedded: Page 1 contains 20 images. This is notably high for a single page, suggesting it  involves scanned text overlaid with text extraction.
3. Multiple Images: The presence of 20 images indicates overlays or redundant layers, which are signs of tampering.

This is outside any OCR (Optical Character Recognition) or Metadata forensic analysis. We've performed several different types of forensic analysis. All of which identify in various ways the document is altered and heavily modified. This needs to be addresses and it should not be hindered on whether the officer you are in contact with is away or not. I am sure there is someone else that can assist you, given the firms history with the city and department.

Regards
Josh Mello

--
K's Kustom's Ride On's & Rentals
Making Smiles for Miles
www.kskustoms.com
401-426-0778/401-447-7769

**CONFIDENTIALITY NOTICE**

Case 1:23-cv-00480-JJM-LDA     Document 64-4     Filed 12/19/24     Page 17 of 29 PageID
#: 593

This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering

the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately, and to purge the communication.

**x1 image proofs.pdf**
1632K

# EXHIBIT N

| Case # 21-58022-AR | | | Cranston Police Department Property Form | | Crime Class# |
|---|---|---|---|---|---|

| Owner: CPD | | | Officer: Rocchio | | Badge# 435 |
|---|---|---|---|---|---|
| Address: | | | Date/Time: 10/21/21 0831 hrs. | | |
| City: | State: | Zip Code: | Arrestee: **Mello, Joshua** | | |
| Phone: | D.O.B. | | D.O.B. 3/18/75 | | |

### Check Appropriate Category (s)

☑ Evidence  ☐ Narcotics/drugs  ☑ Property for safekeeping  ☐ Found Property  ☐ Property For Destruction

| Item # | Quantity | Pr# | Description (color,size,make,weight,etc.) | Serial# | BCI Storage Only |
|---|---|---|---|---|---|
| 1 | 1 | 21-2835-PR | black folding Gerber knife | | B105 |
| 2 | 1 | 21-2836-PR | black folding CRKT knife | | 1 |
| 3 | 1 | 21-2837-PR | black folding Husky razor knife | | D105 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Placed in secure pass through locker by | | Placed in the alarmed evidence room by | |
|---|---|---|---|
| By: | Date: 10/21/21 Time: 1700 | By: | Date: 10/22/2 Time: 1700 |

### Final Disposition

| Disposition: | Description and Item number (s): |
|---|---|
| ☐ Released to owner: | |
| X Destroyed: | 1-3 Cru 4b 8/7/27 |
| ☐ Diverted: | |
| ☐ Other: | |

| Authorizing officer: | Code: | Date: |
|---|---|---|

**This form is to be placed into the pass through evidence lockers with the property.**

Defendants- 3rd Supplemental- 000280

## TRACKING

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____ . Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

## REMARKS

## Inventory Tracking Report for Cranston Police Department

### 11/18/2024

### Owner Information

| | |
|---|---|
| Owner: | MELLO, JOSHUA |
| Address: | 37 LAFAYETTE ST |
| | JOHNSTON, RI 02919 |
| Phone: | Home Phone: 401-426-0778 |
| Personal: | DOB: 03/18/1975  Age: 46  Sex: M |

### Property Details for 21-2835-PR (Original Case Number: 21-58022-AR)

Property Type:    Other         Status: Out     Storage ID: B105-Bin #105 Knife Bin
Found Location:
Found By:
Follow-Up:
Details:          80 BLACK GERBER KNIFE
                  Amount: 1

### Tracking Entries

| X | First Entry: | OFFICER JOHN P ROCCHIO Date: 10/21/2021 Time: 1310 |
|---|---|---|
| | | |
| | | Storage: Temporary Pass Through Locker #13  (Temporary) |

| 1 | Release: | Detective ERIC LECLERC Date: 10/22/2021 Time: 1459 |
|---|---|---|
| | Reason: | Moved |
| | Return: | No Return Required |
| | | Storage: Bin #105 Knife Bin |

| 2 | Release: | Detective JAMESON K WHEATLEY Date: 06/05/2023 Time: 1323 |
|---|---|---|
| | Reason: | DESTROYED |
| | Return: | Final Disposition |

### 3rd Division District Court

# Case Summary

### Case No. 31-2021-08448

**State of Rhode Island v. JOSHUA MELLO** §

§

Location: **3rd Division District Court**

Filed on: **10/22/2021**

---

## Case Information

Case Type: Misdemeanor

Case Status: **11/30/2022 Closed**

**Offense**
Jurisdiction: **Cranston Police Department**

1.  Disorderly Conduct

    | Statute | Degree | Offense Date | Filed Date |
    |---------|--------|--------------|------------|
    | 11-45-1(a) | M | 10/21/2021 | 10/22/2021 |

    Arrest

2.  Resisting Legal or Illegal Arrest

    | Statute | Degree | Offense Date | Filed Date |
    |---------|--------|--------------|------------|
    | 12-7-10 | M | 10/21/2021 | 10/22/2021 |

3.  Weapons Other Than Firearms Prohibited

    | Statute | Degree | Offense Date | Filed Date |
    |---------|--------|--------------|------------|
    | 11-47-42(a) | M | 10/21/2021 | 10/22/2021 |

## Related Cases

3CA-2023-07481 (Consolidated Case)
P3-2022-4224A (Related Case Number)

## Statistical Closures

11/30/2022   Bench Trial Disposition

---

## Party Information

| Plaintiff | **State of Rhode Island** | |
|---|---|---|
| Defendant | **MELLO, JOSHUA** | **Pro Se** |
| | DOB:  03/18/1975 | **Lisi, Justin James** |
| | SID:  10111985 | *Retained* |
| | | **DELANEY, WILLIAM J.** |
| | | *Court Appointed* |
| | | **HURVICH, CARL H.** |
| | | *Retained* |
| | | **Hornstein, James Thomas Jr.** |
| | | *Retained* |
| | | **MANFRED, LEO F.** |
| | | *Court Appointed* |
| Agency | **CRANSTON POLICE DEPARTMENT** | |
| | SID:  @11813615 | |
| Bond Payor | **Ware, Rachel** | |

---

## Dispositions

---

| 11/30/2022 | **Disposition** (Judicial Officer: McCaffrey, Mary E.) |
|---|---|
| | 1. Disorderly Conduct |
| | Guilty Finding |
| | 2. Resisting Legal or Illegal Arrest |
| | Not Guilty Finding |
| | 3. Weapons Other Than Firearms Prohibited |
| | Guilty Finding |

| 11/30/2022 | **Sentence** (Judicial Officer: McCaffrey, Mary E.) |
|---|---|
| | 1. Disorderly Conduct |
| | Judgment |
| | Criminal Sentence |
| | Effective Date: 11/30/2022 |
| | Suspended: 6 Months |
| | Probation: 6 Months |
| | Condition – Adult: |
| | 1. Court Costs, 11/30/2022, Active 11/30/2022 |

| 11/30/2022 | **Sentence** (Judicial Officer: McCaffrey, Mary E.) |
| | 3. Weapons Other Than Firearms Prohibited |
| | Judgment |
| | Criminal Sentence |
| | Effective Date: 11/30/2022 |
| | Suspended: 1 Year |
| | Probation: 1 Year |
| | Condition – Adult: |
| | 1. Court Costs, 11/30/2022, Active 11/30/2022 |

## Case Events

| 10/22/2021 | Criminal Case Information Update, JLINK to Police Department |
| 10/22/2021 | Criminal Complaint Filed |
| 10/22/2021 | Notice of Court Date |
| 11/16/2021 | Criminal Case Information Update, JLINK to Police Department |
| 11/16/2021 | Not Guilty Plea Entered |
| 11/16/2021 | Waiver of Jury Trial |
| 11/16/2021 | Referred to the Public Defender |
| 11/16/2021 | Notice of Court Date |
| 12/14/2021 | Criminal Case Information Update, JLINK to Police Department |
| 01/24/2022 | Criminal Case Information Update, JLINK to Police Department |
| 01/24/2022 | Notice of Court Date |
| 02/07/2022 | Criminal Case Information Update, JLINK to Police Department |
| 02/22/2022 | Criminal Case Information Update, JLINK to Police Department |
| 02/22/2022 | 46G Violation Filed |
| 02/22/2022 | Mittimus Issued |
| 02/22/2022 | Bond Posted |
| 02/22/2022 | Bail and Recognizance Conditions |
| 03/01/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/01/2022 | Entry of Appearance |
| 03/02/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/08/2022 | Notice of Court Date |

| 03/08/2022 | Public Defender Conflict Letter Filed |
| 03/09/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/10/2022 | Court Appointed Attorney Accepted |
| 03/15/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/21/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/21/2022 | Entry of Appearance |
| 03/21/2022 | Notice of Court Date |
| 04/04/2022 | Criminal Case Information Update, JLINK to Police Department |
| 04/04/2022 | Notice of Court Date |
| 04/11/2022 | Criminal Case Information Update, JLINK to Police Department |
| 04/11/2022 | Notice of Court Date |
| 04/14/2022 | Entry of Appearance |
| 04/22/2022 | Criminal Case Information Update, JLINK to Police Department |
| 05/02/2022 | Criminal Case Information Update, JLINK to Police Department |
| 05/02/2022 | Entry of Appearance |
| 05/16/2022 | Notice of Court Date |
| 05/18/2022 | Criminal Case Information Update, JLINK to Police Department |
| 05/23/2022 | Criminal Case Information Update, JLINK to Police Department |
| 06/13/2022 | Criminal Case Information Update, JLINK to Police Department |
| 06/29/2022 | Motion |
| 06/30/2022 | Notice of Court Date |
| 07/01/2022 | Criminal Case Information Update, JLINK to Police Department |
| 07/11/2022 | Criminal Case Information Update, JLINK to Police Department |
| 07/11/2022 | Entry of Appearance |
| 07/27/2022 | Criminal Case Information Update, JLINK to Police Department |
| 09/21/2022 | Criminal Case Information Update, JLINK to Police Department |
| 09/21/2022 | Notice of Court Date |
| 11/02/2022 | Criminal Case Information Update, JLINK to Police Department |
| 11/02/2022 | Notice of Court Date |

*1-50 of 79*

# EXHIBIT O

| Case # | 21-58022-AR | Cran | | Crime Class# |
|---|---|---|---|---|

Owner: CPD
Address:

Off cer: Rocchio    adge# 435
Date/Time: 10/21/21 0831 hrs.

City:                State:
Phone:               D.O.B.

Zip Code:
Arrestee: Mello, Joshua
D.O.B. 3/18/75

Check   ro riate Cate o   s

☑ Evidence  ☐ Narcotics/drugs    Property for safekeeping  ☐ Found Property    ☐ Property For Destruction

| 1 | 1 | 21-2835-PR | black folding Gerber knife | 0 |
| 2 | 1 | 21-2836-PR | black folding CRKT knife | |
| 3 | 1 | 21-2837-PR | black folding Husky razor knife | D705 |

| Placed in secure pass through locker by | | Placed in the alarmed evidence room by | |
|---|---|---|---|
| y: | Date: 10/21/2  Time: 1700 | By: | Date: 10/22/2 Time: 1 0 |

**Final Disposition**

Disposition:                          Description and Item number (s):

Released to owner: _____
Destroyed:        -3     ს ն ł ɔ ɔ     _____
☐ Diverted:      _____
Other:           _____

Authorizing officer:              Code:              Date:

**This form is to be placed into the pass through evidence lockers with the property.**

Defendants- 3rd Supplemental- 000280

## TRACKING

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                          . Date:        Hour:          Item(s) No:
Was returned to                                        ( property custodian )

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                          . Date:        Hour:          Item(s) No:
Was returned to                                        ( property custodian )

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                              Date:        Item(s) No:
Was returned to                                        ( property custodian )

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                          . Date:        Hour:          Item(s) No:
Was returned to                                        ( property custodian )

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                          . Date:__      Hour:          Item(s) No:
Was returned to                                        ( property custodian )

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                              Date:        Hour:          Item(s) No
Was returned to                                        ( property custodian )

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                          . Date:        Hour:          Item(s) No:
Was returned to                                        ( property custodian )

Item(s) No.                    as indicated on front was checked out to and received by
Authorized by:                              Code:          Date:          Hour:
For purpose of                          . Date:        Hour:          Item(s) No:
Was returned to                                        ( property custodian )

## REMARKS

Defendants- 3rd Supplemental- 000281

```
Inventory Tracking Report for Cranston Police Department
                          11/18/2024
```

### Owner Information

| | |
|---|---|
| Owner: | MELLO, JOSHUA |
| Address: | 37 LAFAYETTE ST |
| | JOHNSTON, RI 02919 |
| Phone: | Home Phone: 401-426-0778 |
| Personal: | DOB: 03/18/1975 Age: 46 Sex: M |

### Property Details for 21-2835-PR (Original Case Number: 21-58022-AR)

| | | | |
|---|---|---|---|
| Property Type: | Other | Status: Out | Storage ID: B105-Bin #105 Knife Bin |
| Found Location: | | | |
| Found By: | | | |
| Follow-Up: | | | |
| Details: | 80 BLACK GERBER KNIFE | | |
| | Amount: 1 | | |

### Tracking Entries

| | | |
|---|---|---|
| First Entry: | OFFICER JOHN P ROCCHIO Date: 10/21/2021 Time: 1310 | |
| | Stora e: Tem ora   Pass Throu h Locker #13   Tem ora | |
| 1  Release: | Detective ERIC LECLERC Date: 10/22/2021 Time: 1459 | |
| Reason: | Moved | |
| Return: | No Return Required | |
| | Stora e: Bin #105 Knife Bin | |
| Release: | Detective JAMESON K WHEATLEY Date: 06/05/2023 Time: 1323 | |
| Reason: | DESTROYED | |
| Return: | Final Disposition | |