UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
    *Plaintiffs,*

vs.

DEREK GUSTAFSON, TIMOTHY VESEY, STEVEN CATALANO, JOHN ROCCHIO and EDWARD ARRUDA
    *Defendants*

C.A. No. 1:23-cv-00479-JJM-PAS
1:23-cv-00480-JJM-PAS

## DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS

Now come Defendants, Edward Arruda ("Defendant Arruda") and John Rocchio ("Defendant Rocchio")(collectively hereinafter "Defendants") and hereby object to Plaintiffs, Joshua Mello's ("Plaintiff Mello") and Rachel Ware ("Plaintiff Ware's")(collectively hereinafter "Plaintiffs") Motion for Reconsideration for the reasons stated herein.

Plaintiffs' Motion for Reconsideration is frivolously and vexatiously before this Court. First, this motion is improperly brought under Rule 59 of the Federal Rules of Civil Procedure. As a basis for their motion, it appears that Plaintiffs are seeking relief from Magistrate Patricia Sullivan's ("Magistrate Sullivan") **Order** where she denied Plaintiffs' Motion for an Emergency Discovery Conference Regarding Tampered and Altered Document Produced by Defendants.[1] (emphasis added). See January 29, 2025, Text Order granting in part and denying in part Plaintiffs' Motion for an Emergency Discovery Conference regarding Tampered and Altered

---

[1] Plaintiffs' motion was granted to the extent that "the Court carefully reviewed Plaintiffs' written filings regarding their claim of spoilation and tampering with evidence and the Court held an extended in-person hearing at which the Court heard Plaintiffs' arguments regarding the allegation of spoilation of/tampering evidence." See January 29, 2025 Text Order granting in part and denying in part Plaintiffs' Motion for an Emergency Discovery Conference regarding Tampered and Altered Document Produced by Defendants.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

Document Produced by Defendants. Rule 59 is related to a motion for new trial or seeking relief from the judgment. Fed. R. Civ. P. Rule 59. Specifically, the Rule 59 proves "[t]he court may, on motion, **grant a new trial** on all or some of the issues—and to any party—as follows: (A) after a **jury trial**, for any reason for which a **new trial** has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."(emphasis added). Since Plaintiffs are not seeking a new trial or requesting this Court to amend a judgment, Rule 59 is an improper basis of Plaintiffs' Motion for Reconsideration.

However, to the extent that Plaintiffs request that this Court to reconsider Magistrate Sullivan's Order where she in part denies Plaintiffs' Motion for an Emergency Discovery Conference, to succeed on a motion for reconsideration, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer v. Champion Mortg, 465 F.3d 24, 30 (1st Cir. 2006); see also Global NAPs, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007) ("As a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.")). Based on the January 24, 2025, hearing before Magistrate Sullivan, as well as Magistrate's Sullivan's Order denying Plaintiffs' motion, the motion was denied because,

> [A]s Plaintiff Mello conceded during the hearing, this document may arguably be relevant to his ongoing postconviction relief ("PCR") proceedings; however, it has no relevancy to the claims in issue in this case based on the Court's ruling that claims arising from the criminal conviction that is the subject of such ongoing PCR proceedings are Heck-barred, ECF Nos. 16, 34. Further, having carefully considered Plaintiffs' submissions and arguments, the Court finds that Plaintiffs have not presented anything establishing or permitting the inference that the document in issue was materially altered or tampered with in any way.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

Accordingly, any other relief sought by this motion is denied. See January 29, 2025, Text Order granting in part and denying in part Plaintiffs' Motion for an Emergency Discovery Conference regarding Tampered and Altered Document Produced by Defendants. It is the Defendants' position that Plaintiffs do not offer any "newly discovered evidence," and the Order does not commit a clear "manifest error of law" that would permit this Court to reconsider Plaintiffs' motion and provide Plaintiffs with the relief that they seek.

I. <u>Plaintiffs fail to offer any "newly discovered evidence" that could warrant reconsideration.</u>

Plaintiffs' motion appears to offer what Plaintiffs believe to be "newly discovered evidence." This "newly discovered evidence" instead includes documents, videos, and other information that supports Plaintiffs' already-made argument that the document provided to them in discovery in this case was altered because the document that they received does not have a Cranston Police Department "crest" on it as well as other "discrepancies."[2] The documents appear to a blank property form from the Cranston Police Department which contains a "crest," a recorded conversation that Plaintiff Ware recorded between herself and Captain Robertson where Plaintiff Ware and Captain Robertson discussed property forms, in addition to documents and a video of what appears to be a some sort of "forensic" analysis of the document in question.

It is well established that, "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" <u>Palmer</u>; 465 F.3d at 30. "[S]uch a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." <u>Id.</u> It follows that to obtain relief based on newly discovered evidence, "the moving party must demonstrate that [it] could not in the exercise of reasonable

---

[2] Although irrelevant to the instant lawsuit(s), Defendants vehemently deny Plaintiffs' allegations that the document provided in discovery in this instant lawsuit was altered.

3

diligence have obtained [the] new evidence earlier." City of Miami Fire Firefighters' and Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022). Plaintiffs not only fail to demonstrate that with due diligence, that they could not have discovered this alleged "newly discovered evidence," but Plaintiffs' arguments related to the "crest" on the document and the information that was found in Plaintiffs' "forensic analysis" were already heard and considered by Magistrate Sullivan in the January 24, 2025, hearing.

Moreover, in considering Plaintiffs' arguments, Magistrate Sullivan determined that the document in question was not relevant to Plaintiffs' claims in this instant lawsuit for use of force. January 29, 2025, Text Order granting in part and denying in part Plaintiffs' Motion for an Emergency Discovery Conference regarding Tampered and Altered Document Produced by Defendants. Plaintiffs "newly discovered evidence" does not make the document in question relevant, instead the document in question reiterates Plaintiffs' arguments that have already failed. As a result, Plaintiffs fail to offer any "newly discovered evidence" that would allow this Court to reconsider Magistrate Sullivan's order and Plaintiffs' motion should be denied on this basis.

II. Plaintiffs fail to show a "manifest error of law" in Magistrate Sullivan's January 29, 2025 Order.

There is also no "manifest error of law" in Magistrate Sullivan's January 29, 2025 Order despite Plaintiffs' inappropriate accusations otherwise. "[A] a manifest error is plain error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" Goei v. CBIZ, Inc., C.A. No. 18-263- JJM-PAS, 2020 U.S. Dist. LEXIS 247649 at *2 (D.R.I. November 12, 2020) (citing Venegas Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004). Plaintiffs' motion was denied because the Court determined that document in question is not relevant to the Plaintiffs' claims. Fed. R. Civ. P. Rule 26(b)(1) provides that,

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000480-JJM-LDA

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The instant lawsuit are allegations of a 42 § 1983 Fourth Amendment violation related to Plaintiffs' claims of excessive force.[3] The document in question is a document related to the knife that Plaintiff Mello had on him at the time of his arrest that is related to his excessive force claim.

Instead of setting forth any argument that would render the document in question relevant to Plaintiffs' claims, Plaintiffs incorrectly argue that the Court "erred in misapplying Heck v. Humphrey and overlook[ed] actionable police misconduct claims." It appears that Plaintiffs base this argument on the portion of Magistrate Sullivan's January 29, 2025, Order where Magistrate Sullivan provides that the document is irrelevant given that this Court already determined that Plaintiffs' challenges to his conviction are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In their analysis, Plaintiffs misinterpret caselaw to back up their contentions that "police misconduct, including falsification of evidence and tampering with records is actionable under 42 U.S.C. § 1983, even if a conviction remains intact" by mistakenly citing McDonough v. Smith, 588 U.S. 8 (2019), Whitmore v. Harrington, 204 F.3d 784 (8th Cir. 2000), and Taylor v. Meacham, 82 F.3d 1556 (10th Cir. 1996).[4] Plaintiffs' analysis does not cover how the document

---

[3] Plaintiff Ware also brings a claim for a violation as a "whistleblower" as part of the instant lawsuit.

[4] The correct citation is McDonough v. Smith, 588 U.S. 109 (2019). The issue before the United States Supreme Court was not whether "fabricated evidence is automatically Heck-barred as the

5

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

in question is relevant to the instant lawsuit and is irrelevant to his challenges to his convictions in his post-conviction relief. As such, Plaintiffs do not provide "a manifest error of law" that would allow this Court to reconsider their motion.

   III. <u>Plaintiffs were not prejudiced in the hearing on January 24, 2025.</u>

Defendants also add that even though the Plaintiffs allege that they were "prejudiced" by the January 24, 2025, hearing because there were four (4) discovery motions heard before the Court on that date, Plaintiffs were not prejudiced because they were given a ten (10) day notice to prepare for the hearing and the hearing was nearly two (2) hours. Plaintiffs were given ample time and opportunity to make their arguments. Therefore, Plaintiffs fail to provide that they suffered from an "undue burden" and "prejudice" as a result of the January 24, 2025, hearing.

---

harm caused by police misconduct is distinct from the conviction," but was whether the statute of limitations for the plaintiff's §1983 fabricated-evidence claim began to run when the criminal proceedings were terminated in his favor. <u>McDonough</u>, 588 U.S. at 109. The United States Supreme Court determined that Heck does not apply to this case because the plaintiff in Heck was convicted and the Plaintiff in this case was acquitted. <u>Id.</u>

In Whitmore, the 8th Circuit Court did not rule that "falsification of evidence constitutes a due process violation and is actionable under § 1983, even if the conviction remains valid," but instead, held that the district court erred in dismissing the plaintiff's unlawful-instigative-stop as barred by <u>[Heck]</u> because "[i]f [plaintiff] were to succeed on his claims, it would not necessarily imply the validity of his later drug convictions…" <u>Whitmore</u>, 204 F.3d at 784 (citing <u>Moore v. Sims</u>, 200 F.3d 1170 (8th Cir. 2000)(holding that §1983 unlawfully-seizure claim was not barred by <u>Heck</u>)).

<u>Taylor</u>, does not "establish that claims of illegal police misconduct do not necessarily imply the invalidity of a conviction, and are not barred by Heck," but instead does not even mention Heck, and instead affirms that district court's finding that "the inaccurate statements in the arrest warrant affidavit, as well as information omitted, would have not altered the probable cause determination," and affirmed the district court's granting of the defendants' summary judgment. <u>Taylor</u>, 82 F.3d at 1562.

Plaintiffs' motion also incorrectly cites <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) as a basis to support Plaintiffs' allegations that their "due process" rights were violated.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

Furthermore, nearly every filing Plaintiffs file within this Court against Cranston and its employees, agents, and/or representatives[5], Plaintiffs accuse Defendants, namely Defendants' attorney of baseless and false allegations actions such as "bad faith," "misconduct," and of using "bad faith litigation tactics." These allegations are not only untrue, but given the consistency of these claims being filed in nearly every motion, response, and/or reply that Plaintiffs file with this Court, are harassing and frivolous.

IV. <u>Conclusion</u>

Accordingly, for the reasons stated above, Defendants' respectfully request that this Court deny Plaintiffs' Motion for Reconsideration and any additional relief that they request in their motion.

Defendants
Edward Arruda and John Rocchio
By their Attorney,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides, Esq. (#10408)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

---

[5] Plaintiffs also have a pending lawsuit, C.A. 24-cv-0348-JJM, where they frivolously make the same allegations against Cranston, its employees, agents, representatives, specifically the attorney for the defendants in that case.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

<u>CERTIFICATION</u>

    I hereby certify that the within document has been emailed on the day of this 13th day of February, 2025, and is available for viewing and downloading from the ECF system.

    I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

    */s/ Julia K. Scott- Benevides*