UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO AND RACHEL WARE, PLAINTIFFS

v.

EDWARD ARRUDA AND JOHN ROCCHIO, DEFENDANTS

CASE NOS.: 1:2023-CV-00479 & 1:2023-CV-00480

MOTION TO STRIKE DEFENDANT'S MISLEADING AND SCANDALOUS STATEMENTS PURSUANT TO RULE 12(f)

NOW COMES Plaintiff, Joshua Mello and Rachel Ware, proceeding pro se, and respectfully moves this Honorable Court to strike portions of Defendant's Objection to Plaintiffs' Motion for Reconsideration and/or Defendant's Reply to Plaintiffs' Objection to Defendants' Motion to Compel More Responsive Answers, as the Defendants reference both titles for the document in which Plaintiffs have issues with, that contain false, misleading, and inflammatory statements in violation of Federal Rule of Civil Procedure 12(f).

Plaintiffs move to strike these statements because they intentionally misrepresent facts, contain improper personal attacks, and prejudice Plaintiff's claims, thereby violating the principles of fairness and due process. In support of this motion, Plaintiffs states as follows:

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." (*Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005)). Courts routinely strike statements that are irrelevant, misleading, or intended to disparage a party rather than address the merits of the case (*Gonzalez v. Avon Prods., Inc.*, 2018 WL 6984857, at 2 (D.P.R. 2018)).

Statements that mischaracterize claims, evidence, or legal arguments serve no legitimate purpose in litigation and should be removed from the record (*McMillan v. LeConey*, 2015 WL 5934432, at 3 (D. Mass. 2015)).

**STATEMENTS TO BE STRICKEN**

Plaintiff respectfully requests that the Court strike the following false, misleading, and prejudicial statements from Defendant's Reply to Plaintiffs' Objection to Defendants' Motion to Compel More Responsive Answers e-filed on the Federal Courts's online e-filing system on February 13, 2025 (also called by the Defendant's Lawyer Defendant's Objection to Plaintiffs' Motion for Reconsideration) :

1. **On Page 1, First sentence of second paragraph, Defendant states:**
   - "Plaintiffs' Motion for Reconsideration is frivolously and vexatiously before this Court."
   - **Why it should be stricken:** Defendant's assertion that Plaintiff's claims are "frivolous" or "vexatious" is an improper legal conclusion, not a factual assertion. In law, frivolous or vexatious is a term used to challenge a complaint or a legal proceeding being heard as lacking in merit, or to deny, dismiss or strike out any ensuing judicial or non-judicial processes. Ultimately and intentionally trying to influence the courts to view the claims unfavorably.
   - This is a baseless accusation meant to discourage the Court from considering Plaintiff's claims fairly, and it should be stricken as prejudicial and misleading (*McGee v. City of Chicago*, 2019 WL 2763838, at 4 (N.D. Ill. 2019)).

2. **On Page 7, First paragraph of the page, Defendant states:**
   - "Furthermore, nearly every filing Plaintiffs file within this Court against Cranston and its,employees, agents, and/or representatives, Plaintiffs accuse Defendants, namely Defendants' attorney of baseless and false allegations actions such as "bad faith," "misconduct," and of using "bad faith litigation tactics." These allegations are not only untrue, but given the consistency of these claims being filed in nearly every motion, response, and/or reply that Plaintiffs file with this Court, are harassing and frivolous."
   - **Why it should be stricken:** This statement is an improper personal attack that serves no legal purpose and is meant to unfairly prejudice the Court against Plaintiff. Courts routinely strike personal attacks (*Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)).

3. **On Page 7, In footnote 5, Defendant states:**

- - " Plaintiffs also have a pending lawsuit, C.A. 24-cv-0348-JJM, where they frivolously make the same allegations against Cranston, its employees, agents, representatives, specifically the attorney for the defendants in that case.
  - **Why it should be stricken:** This statement is factually inaccurate, misrepresents Plaintiff's claims, and is intended to discredit rather than engage with the legal issues.
4. Plaintiffs move to strike all references to them as "serial litigants" under Rule 12(f) of the Federal Rules of Civil Procedure. This characterization is immaterial, prejudicial, and serves no purpose other than to disparage plaintiffs from future litigation or in general, unfairly paint plaintiffs in a negative and prejudicial light. Such language does not address the merits of the case and should be removed to ensure a fair and impartial proceeding.

**Plaintiffs' Response to Defendants' Claims of Frivolous Filings and Harassment**

Defendants' counsel has mischaracterized Plaintiffs' actions in this litigation, alleging that Plaintiffs are engaging in frivolous and vexatious litigation and harassing the City of Cranston and its officials. These accusations are both unfounded and inappropriate given the serious nature of Plaintiffs' claims, which stem from multiple documented instances of police misconduct, unlawful arrests, excessive force, and retaliatory actions by city officials, police department and school department.

Defendants' attempt to shift focus away from these legitimate and significant constitutional violations, which have been laid out in the claims filed. Furthermore, labeling Plaintiffs' motions as harassment is not only disingenuous but also an attempt to silence Plaintiffs' pursuit of justice.

**Plaintiffs' Lawsuit is Grounded in Well-Founded Allegations of Civil Rights Violations**

This litigation is not about harassment—it is about seeking accountability for several and severe violations of civil rights protected under the Fourth, Fifth, and Fourteenth Amendments and more.

Plaintiff Mello was subjected to excessive force and an unlawful arrest, during which he was assaulted by officers, resulting in injuries—including while he was handcuffed. Both Plaintiffs were arrested in direct retaliation for raising legitimate concerns, including:

- A teacher's misconduct, which led to Plaintiff's daughter writing a suicide note.
- A sexually suggestive video, filmed in the middle school gym, involving students, which was brought to the attention of the school and authorities.

Rather than addressing these serious concerns, unconstitutional no-trespass orders were unlawfully issued against Plaintiffs in retaliation for exposing teacher misconduct, the sexually suggestive video, and sexually suggestive text messages involving sixth-grade students—children as young as 11 years old. Instead of taking appropriate action to protect the children involved, authorities responded by arresting Plaintiff Mello for a no-trespass order that did not exist at the time of his arrest, while also unjustly implicating Plaintiff Ware. Plaintiffs were simply advocating for the health, safety and wellbeing of the children involved including accountability, calling on officials to fulfill their duties—duties that were neglected.

Rather than addressing these pressing concerns, city and school officials and law enforcement targeted Plaintiffs for speaking out, leading to their retaliatory arrests and unlawful no-trespass orders.

Furthermore, Plaintiffs are whistleblowers, exposing corruption and misconduct within the City of Cranston. In retaliation for their advocacy, Plaintiffs were subjected to a roadside raid at gunpoint by the Violent Fugitive Task Force, acting on the request of the Cranston Detective's Department based on unfounded charges—some of which have already been overturned. Plaintiffs were neither fugitives nor evading law enforcement. These actions were retaliatory, aimed at silencing those seeking justice for violations of their constitutional rights.

The claims asserted in this lawsuit—as well as in any related legal actions—are not baseless, nor are they an attempt to harass. Rather, they are supported by well documented evidence of misconduct, excessive force, constitutional violations, retaliatory actions, and procedural breaches that raise serious legal and ethical concerns. Plaintiffs seek to hold those in positions of

authority accountable for their failure to uphold the rights and protections afforded under the Constitution at minimum.

## How Defendants' Use of "Serial Litigant" and "Frivolous & Vexatious" Labels Distorts the Narrative

Defendants' characterization of Plaintiffs as "serial litigants" and their claims as "frivolous and vexatious" is a calculated attempt to manipulate the court's perception and divert attention away from the substantive constitutional violations, police misconduct, and bad faith legal practices at issue. These terms do not serve a legitimate legal purpose but are instead strategically employed to delegitimize valid claims, obscure systemic misconduct, while shifting the focus to improperly prejudice the Court against the Plaintiffs.

## The Intent Behind These Labels: Narrative Manipulation and Judicial Bias

The defense's use of these labels is not grounded in fact but in a deliberate strategy to distort the context of this litigation. By employing such inflammatory rhetoric, Defendants seek to shift the focus away from their own misconduct and reframe the discussion around the plaintiffs rather than the unlawful conduct of the Cranston Police Department and its legal representatives.

This serves three primary objectives for the defense:

## A. Deflecting Attention from Their Own Wrongdoing

Instead of engaging with the evidence of falsified police reports, retaliatory arrests, and documented constitutional violations, Defendants attempt to redirect judicial scrutiny onto the Plaintiffs by mischaracterizing their legal actions. This tactic:

- Prevents scrutiny of the Cranston Police Department's pattern of abuse and legal violations.
- Shields the law firm's history of unethical litigation tactics from court review.
- Misrepresents Plaintiffs' pursuit of justice as an abuse of the legal system, rather than a response to repeated and systemic misconduct.

By framing Plaintiffs' litigation as excessive, rather than as a response to repeated violations of their rights, Defendants attempt to undermine the legitimacy of well-founded claims.

## B. Preemptively Influencing Judicial Perception

By labeling Plaintiffs as "serial litigants," Defendants imply—without any evidentiary basis—that Plaintiffs' lawsuits are driven by malice or personal grievances rather than a genuine pursuit of justice. This tactic is designed to:

- Encourage the Court to scrutinize Plaintiffs' filings more skeptically, even though they contain well-supported legal claims.
- Create the false impression that Plaintiffs are abusing the judicial process rather than addressing systemic misconduct.
- Reduce the likelihood that the Court will fully engage with the evidence of unlawful conduct by the Defendants.

Rather than presenting legal arguments that address the substance of the case, Defendants rely on misleading rhetoric to shape the Court's perception before Plaintiffs' claims are even considered on their merits.

## C. Undermining the Pattern of Government Misconduct

By asserting that Plaintiffs' lawsuits are excessive or unwarranted, Defendants attempt to minimize the significance of the repeated constitutional violations they have committed. This strategy:

- Diminishes the credibility of Plaintiffs' allegations by making them appear exaggerated or baseless.
- Creates the illusion that the Cranston Police Department's repeated misconduct is insignificant or unrelated, rather than part of a systemic issue.
- Frames Plaintiffs' litigation as a personal vendetta rather than a legitimate attempt to seek redress for ongoing violations.

In reality, the fact that multiple lawsuits have been filed against the same Defendants only strengthens the argument that there is a consistent pattern of unconstitutional behavior. The repetition of litigation is not an indication of frivolity—it is a consequence of Defendants' repeated failure to uphold the law but in fact break it at will.

**The Court Should Reject Defendants' Misleading Characterizations**

Defendants' use of "serial litigant" and "frivolous and vexatious" language is a tactical distortion designed to divert attention from the serious legal violations at issue. Courts have routinely rejected similar attempts to dismiss valid claims based on misleading characterizations of plaintiffs rather than the actual legal merits of their cases.

- Banks v. County of Allegheny, 568 F. Supp. 2d 579 (W.D. Pa. 2008): *Prior litigation history does not determine the validity of a claim.*
- Gonzalez v. Waterfront Comm'n, 755 F.3d 176 (3d Cir. 2014): *Each case must be evaluated independently on its merits, not based on a plaintiff's prior lawsuits.*
- In re Sindram, 498 U.S. 177 (1991): *Courts must not apply "frivolous" or "vexatious" labels without substantial evidence supporting such claims.*

The Court should disregard Defendants' attempts to discredit Plaintiffs through personal attacks and instead focus on the substantive legal and factual issues at stake. The pattern of misconduct is serious and well-documented, and Defendants' efforts to reframe the case should not be allowed to obscure these fundamental issues.

**The Broader Impact of Defendants' Misleading Litigation Strategy on Access to Justice**

By branding Plaintiffs as "vexatious", Defendants' legal counsel is not only attempting to discredit legitimate claims but is also shielding itself from scrutiny regarding its own pattern of unethical litigation practices. This tactic is not unique to this case but is part of a broader strategy used by government entities and institutional defendants to evade accountability.

**A Systemic Threat to Civil Rights Litigation**

The consequences of this litigation strategy extend beyond this case, posing a direct threat to access to justice and the ability of individuals to hold government entities accountable for civil rights violations.

### A. Creating a Chilling Effect on Civil Rights Litigation

- If courts accept the false premise that multiple lawsuits against the same entity automatically render a plaintiff "vexatious," it sets a precedent that discourages victims of systemic abuse from seeking justice, like that of rape victims.
- Police departments and city attorneys routinely rely on the financial and procedural burdens of litigation to silence victims—this tactic reinforces that pressure, making it even harder for individuals to challenge widespread misconduct.

### B. Establishing a Dangerous Precedent for Dismissing Valid Claims

- If this misleading argument succeeds, it establishes a precedent where repeated constitutional violations remain unchallenged simply because they have been litigated before.
- Municipalities and government agencies could continue violating civil rights with the assurance that any future lawsuit would be dismissed outright, not on its merits but under the assumption that it is "frivolous" simply because it exists.
- This would create a legal loophole allowing systemic misconduct to persist unchecked while depriving victims of a fair chance to present their claims.

### C. Encouraging Government Officials to Weaponize the Legal System

- Instead of serving as a mechanism for addressing misconduct, this strategy emboldens government officials by giving them a formula for discrediting legitimate lawsuits.
- Rather than deterring unconstitutional behavior, this approach reinforces it by ensuring that any attempts to hold officials accountable are reframed as abuse of the legal process.
- Ultimately, this transforms the legal system into a tool for concealing misconduct rather than correcting it, undermining the very purpose of constitutional protections and civil rights laws.

**The Court Should Reject Defendants' Misleading Narrative**

Defendants' attempt to mischaracterize Plaintiffs as "vexatious" is not only a bad-faith litigation tactic but also part of a larger strategy designed to insulate government actors from accountability. If allowed to succeed, this approach will further embolden systemic civil rights violations, discourage victims from seeking legal recourse, and ultimately undermine public trust in the judicial system. The Court should reject Defendants' attempt to distort the record and ensure that the focus remains on the substantive constitutional violations at issue.

**The Court Has Not Found Plaintiffs' Filings to Be Frivolous or Vexatious**

Defendants are using adversarial rhetoric to discredit and discourage legitimate legal challenges rather than addressing the substantive legal and factual issues presented. Courts have consistently held that pro se litigants are entitled to a full and fair opportunity to be heard, and attempts to label their filings as "harassment" without a legal basis should not be entertained. See Haines v. Kerner, 404 U.S. 519 (1972).

Of the many many legal and justifiable reasons the Plaintiffs file their complaints and subsequent motions is to create an accurate and detailed (as possible) record of the ongoing conduct, events and treatment they are and have subjected to. It's imperative to document these instances/occurrences through such formal filings. It is essential to demonstrate the present/consistent pattern of misconduct and retaliation, as well as to provide the Plaintiffs and court a historical record to reference, and it should be known these are related cases, related facts and related defendants whom all have the same representative/counsel. Plaintiffs' filings are never random or ever baseless; rather, they accurately and historically document and reflect accurately and consistently on the claims and concerns raised and set forth from the outset of this litigation. Unlike those they are seeking to hold accountable, Plaintiffs have not deviated from their original claims and statements of facts, underscoring the legitimacy and coherence of their claims.

Filing motions and submitting complaints is not only a procedural right but also a vital mechanism to safeguard Plaintiffs' rights when faced with ongoing constitutional violations. Attempting to characterize these filings as vexatious or harassing is a disingenuous effort by

Defendants to discredit Plaintiffs and distract from their own misconduct. Plaintiffs' consistent efforts to document and address these violations through proper legal channels should be recognized as a legitimate pursuit of justice, not as an abuse of the legal process.

**Defense's Reliance on Ad Hominem Attacks**

- Rather than addressing the substantive constitutional claims, the defense resorts to ad hominem attacks by labeling Plaintiffs as "serial litigants" and alleging that this motion is merely an attempt to harass the city. This characterization is both factually inaccurate and legally unsound. All pending lawsuits arise from a consistent pattern of misconduct by city and school officials including the police—specifically, repeated constitutional violations including retaliation, false arrest, and the fabrication of police reports. Just as a prosecutor's multiple charges arising from a single incident would not be termed "serial charging," a series of lawsuits grounded in ongoing misconduct cannot be dismissed as "serial litigation."

**Legal Precedent Undermines the "Frivolous & Harassing" Argument**

- The defense's contention that Plaintiffs' repeated filings are "frivolous and harassing" fails under established legal standards. As demonstrated in *Banks v. County of Allegheny*, 568 F. Supp. 2d 579 (W.D. Pa. 2008), a history of litigation does not invalidate a legitimate claim. Similarly, *Gonzalez v. Waterfront Comm'n*, 755 F.3d 176 (3d Cir. 2014) mandates that courts assess each case on its merits rather than dismissing claims based on prior filings. Each lawsuit in this matter addresses distinct constitutional violations arising from the same pattern of retaliatory misconduct by city officials. Accordingly, the defense's focus on labeling these actions as "serial" is nothing more than a diversion from the core legal issues and should not preclude a full and fair adjudication of the claims.
- The defense's reliance on personal attacks and mischaracterizations is a deliberate attempt to avoid engaging with the substantial legal and factual issues presented. For these reasons, this Court should reject the defense's spurious "serial litigation" and "frivolous and harassing" arguments and proceed to evaluate the merits of Plaintiffs' claims.

**Defendants' Allegations of Harassment Are a Distraction from Their Own Discovery Violations**

Rather than addressing the core issues—including allegations of document tampering, police misconduct, and due process violations—Defendants have resorted to attacking Plaintiffs' credibility. This tactic is often employed when a party seeks to avoid addressing the substantive claims in a lawsuit.

Defendants' approach is a textbook example of *whataboutism*, a rhetorical tactic aimed at diverting attention away from their own misconduct[1] by raising irrelevant counteraccusations rather than confronting the specific issues at hand. Whataboutism seeks to discredit an opponent's claims without disproving them, introducing easily detectable red herrings that derail the litigation process. Instead of engaging with the facts—such as the undisputed evidence that Officer Rocchio stated in an email to city prosecutors that he never informed Mr. Mello of any formal no-trespass orders—Defendants arrested Mr. Mello in February 2022 on no-trespassing charges based on an order that did not exist. Rather than acknowledging this clear inconsistency, Defendants rely on inflammatory rhetoric and personal attacks to shift focus away from their own constitutional violations.

Courts have consistently recognized that diversionary tactics like whataboutism, much like ad hominem attacks, undermine the integrity of judicial proceedings. These tactics serve no legitimate purpose in litigation and only prejudice the Court against Plaintiffs by misdirecting attention away from the real issues: retaliatory arrests, the fabrication of police reports, and violations of Plaintiffs' constitutional rights. Instead of confronting the substantial evidence of misconduct, Defendants attempt to reframe this case around Plaintiffs' character by making baseless accusations of "harassment" and "serial litigation."

This Court should not be swayed by such tactics. The focus must remain on the substantive legal issues—namely, the improper issuance of retaliatory no-trespass orders, the use of excessive force, the authenticity of discovery documents, and the systemic abuse of authority aimed at

---

[1] Plaintiffs further note that Defendants' counsel has sent certified documents listing the wrong address for their law firm. Courts have long recognized that procedural errors affecting notice and communication undermine fairness and due process. See *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1964); *In re Marriage of Crook*, 211 Ill. 2d 437, 447 (2004); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962).

silencing Plaintiffs. Allowing Defendants to rely on diversionary strategies risks obscuring the serious and well-documented misconduct at the center of this case.

**Seeking Redress for Constitutional Violations Is Not Harassment—It Is a Fundamental Right**

The right to challenge government misconduct through the legal system is a fundamental protection enshrined in the First and Fourteenth Amendments. Plaintiffs have the legal right to:

1. Seek judicial review of unconstitutional actions taken by law enforcement and city officials.
2. File motions for reconsideration when new evidence emerges that supports their claims.
3. Challenge discovery violations and fraudulent evidence submissions that compromise the fairness of judicial proceedings.

Accusing Plaintiffs of "harassment" for pursuing justice and accountability is an attempt to undermine their rights and should be rejected by this Court.

**REQUEST FOR RELIEF**

For the reasons stated above, Plaintiffs respectfully request that this Court:

1. Reject Defendants' baseless claims that Plaintiffs' filings are frivolous or vexatious, as they are supported by new evidence and well-established legal precedent.
2. Recognize that Plaintiffs' claims involve serious constitutional violations, including excessive force, unlawful arrest, retaliatory prosecution, and police misconduct.
3. **STRIKE** the misleading, irrelevant, and prejudicial statements identified above from Defendant's filings;
4. Issue a warning to Defendant's counsel to refrain from mischaracterizing Plaintiff's claims and engaging in improper personal attacks;
5. Grant any other relief the Court deems appropriate, including sanctions against Defendant's counsel under Fed. R. Civ. P. 11 for engaging in bad-faith litigation tactics.
6. Grant reconsideration based on newly discovered evidence and legal/factual errors.

7. Order Defendants to produce the original signed property form from October 21, 2021, along with all related metadata.
8. Appoint an independent digital forensics expert at Defendants' expense to determine whether the discovery document was altered, manipulated, or digitally created.

**CONCLUSION**

Defendants' attempt to discredit Plaintiffs through allegations of frivolous litigation and harassment is a tactic to avoid addressing the core legal issues in this case. Plaintiffs have provided substantial evidence of police misconduct, document tampering, and due process violations, and they have every right to seek judicial review and accountability.

Accordingly, Plaintiffs respectfully request that the Court grant the requested relief and reject Defendants' unfounded accusations.

**Respectfully submitted,**

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778


**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th of February 2025, a copy of the foregoing MOTION TO STRIKE DEFENDANT'S MISLEADING AND SCANDALOUS STATEMENTS PURSUANT TO RULE 12(f) was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello