UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>DEREK GUSTAFSON, TIMOTHY VESEY, STEVEN CATALANO, JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00480-JJM-PAS;<br>1:23-cv-00479-JJM-PAS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT(S) FOR THEIR FAILURE TO COMPLY WITH MAGISTRATE SULLIVAN'S JANUARY 29, 2025 ORDER**

Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") file this memorandum in support of their Motion to Dismiss Plaintiff, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") Complaint(s) for their failure to provide the healthcare records and information that were ordered by this Court on January 29, 2025. See January 29, 2025 Text Order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers.

**I. Relevant Procedural History**

Plaintiffs allege in their Complaint(s) that the incident that is subject to their lawsuit(s) caused them "overwhelming anxiety," "left an indelible mark on [their] psyche," which resulted in "immeasurable pain and suffering." Id. citing ECF No. 20. Plaintiff Mello also testified at his deposition that he suffered from a "concussion and black out [as a result of the incident that is alleged in their Complaint(s)]." Id. citing ECF No. 67-12. Defendants have made several attempts to obtain information and records related to Plaintiff Mello's medical and psychological

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

record(s), and information regarding Plaintiff Ware's psychological records. <u>See</u> ECF No. 67. On January 6, 2025, Defendant filed a Motion to Compel More Responsive Answers to obtain the requested information and records. <u>Id.</u> This Court heard Defendants' arguments in support of their motion as well as Plaintiffs' argument in opposition to Defendants' Motion on January 24, 2025. Magistrate Patricia Sullivan ("Magistrate Sullivan") issued a Text Order on January 29, 2025, granting Defendants' Motion to Compel More Responsive Answers as related to information and records related to Plaintiffs' medical records. Specifically, Magistrate Sullivan's January 29, 2025 Order stated:

> To the extent that Defendants seek further responses to specified interrogatories and documents requests seeking health care information from both Plaintiffs [Mello interrogatory 14 and document request 11; Ware interrogatory 14], the Court finds that each Plaintiff has alleged that the incident in issue caused "overwhelming anxiety", "left an indelible mark on our psyche" and resulted in "harm, injuries and damages," as well as "immeasurable pain and suffering," ECF No. 20 at 19-20, including as to Plaintiff Mello his testimony that he suffered "a concussion and a blackout," ECF No. 67-12 at 5.  Accordingly, the Court finds that Plaintiffs have directly placed in issue their receipt of health care (mental and physical) during the three-year period prior to and following the incident, that the discovery sought -- information as to both Plaintiffs and records if any that are in his possession, custody and control as to Plaintiff Mello -- are relevant and that Plaintiffs' federal and state law rights to protection from disclosure of such health care information have been waived.  Accordingly, Plaintiffs are ordered to supply supplemental responses within **twenty-one days of the issuance of this text order**.  If Plaintiffs fail to comply with this Order, **Defendants may seek remedies pursuant to Fed. R. Civ. P. 37**.  This Order is subject to the right of Plaintiff Ware to revoke the waiver of her right to confidentiality of health care records by withdrawing her claim of emotional or other injury beyond "garden variety" emotional distress by filing a signed and enforceable stipulation <u>acceptable to Defendants</u> waiving forever her right to seek or to recover any compensatory damages beyond "garden variety" emotional distress, provided that such stipulation must be filed with fourteen days of this Order.

<u>See</u> January 29, 2025 Text Order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers (emphasis added). To be in compliance with Magistrate Sullivan's Order, Plaintiffs would have had to provide their supplemental response with the

2

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

ordered medical records on or before February 19, 2025. To date, Plaintiffs have not provided any medical records that were ordered by this Court.

## II. Standard of Review

Fed. R. Civ. P. 37(b)(2) states in relevant part: "If a party ... fails to obey an order to provide ... discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Among the sanctions authorized is an "order striking pleadings in whole or in part ... or dismissing the action ...." Fed. R. Civ. P. 37(b)(2)(A)(iii, v); see also Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999)("Rule 37(b)(2)(C) specifically provides for dismissal if a party fails to comply with an order to provide discovery ...."); United States v. Palmer, 956 F.2d 3, 6-7 (1st Cir. 1992)("[I]n the ordinary case, where sanctions for noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is dismissal of the complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant."); Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976)("[I]n an appropriate case a district court has power ... to nonsuit a plaintiff[] for failure to comply with the court's orders or rules of procedure.").

However, "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" Wells Fargo Bank, N.A. v. Wasserman, C.A. 10-61 S, 2011 U.S. Dist. LEXIS 99508 at *8-9 (D.R.I. July 15, 2011) (citing Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991)(quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990))(alteration in original); cf. Coyante v. Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997)("discovery abuse, while sanctionable, does not require as a matter of law imposition of [the] most severe sanctions available")(citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st Cir. 1990)); Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir.

3

1977)("isolated oversights should not be penalized by a default judgment")). Nevertheless, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 99508 at *8-9 (citing Angulo-Alvarez v. Aponte de la Torre, 170 F.3d at 252; Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001)(holding that district court acted "well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-11 (1st Cir. 1991)(finding "plaintiff's conduct evidenced a deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur the sanction of dismissal")).

"[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 99508 at *8-9 (citing Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). accord Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 99508 at *10 (citing Torres-Vargas v. Pereira, 431 F.3d at 393; accord Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'")(quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

In this judicial circuit, it is axiomatic that a litigant's pro se status does not absolve him or her of the responsibility to comply with the mandates of the Federal Rules of Civil Procedure.

Ramirez v. Ponte, C.A. 96-024ML, 1998 LEXIS U.S. Dist. LEXIS 21659 at *5-6 (D.R.I. December 16, 1998) (citing Federal Deposit Ins. Corp. v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994)("We have consistently held that a litigant's 'pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.'" (quoting United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992)). Furthermore, the Rules grant the trial judge "formidable case-management authority;" a concomitant power "to determine what sanction responds most aptly to a particular infraction" accompanies that authority. Ramirez, 1998 LEXIS U.S. Dist. LEXIS 21659 at *6.

### III. Argument

A. Dismissal is the appropriate sanction for Plaintiffs' failure to provide their medical records and information.

Defendants request for dismissal of Plaintiffs' Complaint(s) as the proper sanction for Plaintiffs' failure to comply with this Court's January 29, 2025 Order. This Court's January 29, 2025 Order provided that, "[i]f Plaintiffs fail to comply with this Order, Defendants may seek remedies pursuant to Fed. R. Civ. P. 37." See January 29, 2025 Text Order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers. However, it is clear that from Plaintiffs' failure to provide the ordered records and information that they are not willing to abide by this Court's Order. There is no doubt that pro se litigants are afforded leniency in their efforts to prosecute a lawsuit. But that leniency is not an invitation for the Plaintiffs to disregard the Rules of Civil Procedure, as the Plaintiffs have done when they failed to provide the information and records ordered by this Court. See Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49-50 n. 4 (1st Cir. 2003). As such, Defendants request that Plaintiffs' Complaint(s) be dismissed for their failure to provide the information and records ordered by this Court on January 29, 2025.

B. <u>Defendants are entitled to costs and attorney's fees for Plaintiffs' failure to provide their medical records and information.</u>

In addition to dismissal of this case, Defendants are entitled to costs and attorney's fees for Plaintiffs' failure to abide this Court's January 29, 2025 Order. Pursuant to Rule 37,

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. Rule 37(d)(3). Since Plaintiffs did not comply with this Court's January 29, 2025 Order, Defendants are entitled to reasonable expenses, including attorney's fees, caused by the Plaintiffs' failure to provide the records and/or information.

## IV. <u>Conclusion</u>

WHEREFORE, Defendants respectfully request this Court to grant their Motion to Dismiss for Plaintiffs' Failure to Comply with this Court's January 29, 2025 Order and grant Defendants with reasonable expenses, including attorney's fees for Plaintiffs' failure.

        Defendants
        By their Attorney,

        */s/ Julia K. Scott-Benevides*
        Julia K. Scott-Benevides (#10408)
        DeSisto Law LLC
        4 Richmond Square, Suite 500
        Providence, RI 02906
        (401) 272-4442
        julia@desistolaw.com

<u>CERTIFICATION</u>

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

I hereby certify, that on this 20th day of February 2025, I electronically served this document through the electronic filing system and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomrideons@gmail.com

Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomrideons@gmail.com

*/s/ Julia K. Scott-Benevides*