UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
 Plaintiffs,
v.
 EDWARD ARRUDA, et al.,
 Defendants.
 C.A. No. 23-480JJM,  C.A. No. 23-479JJM

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF POST-CONVICTION RELIEF PETITION**

NOW COME Plaintiffs, Joshua Mello and Rachel Ware, pro se, and respectfully move this Honorable Court to stay all proceedings in this case pending the final resolution of Plaintiff Joshua Mello's state post-conviction relief ("PCR") petition. Plaintiffs make this request in the interest of judicial economy, the prevention of inconsistent rulings, and to avoid undue prejudice in light of ongoing litigation that may directly impact the viability of certain claims.

As grounds for this Motion, Plaintiffs state the following:

**I. INTRODUCTION**

This case arises from an incident on October 21, 2021, during which Plaintiff Joshua Mello was arrested and subsequently convicted of disorderly conduct and possession of a prohibited weapon. Plaintiffs have alleged, among other things, excessive force, misconduct, and constitutional violations by Defendants. While this Court has already dismissed certain claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), it has also acknowledged that Plaintiff Mello's post-conviction relief petition remains pending.

In the course of discovery in this civil case (23-cv-000479 & 23-cv-000480), Plaintiffs have obtained new evidence that is directly relevant to Plaintiff Joshua Mello's PCR appeal, including evidence that calls into question the legitimacy of the underlying conviction.

Because the PCR petition challenges the underlying validity of the convictions that have been used to dismiss claims in this case, a stay is necessary to ensure that judicial resources are not

1

wasted, conflicting rulings do not occur, and Plaintiffs are not unduly prejudiced. This Court should stay the civil proceedings pending the resolution of the PCR appeal.

## II. LEGAL STANDARD

Federal courts have broad discretion to stay proceedings where doing so serves the interests of judicial efficiency, fairness, and comity. The Supreme Court has consistently held that staying a case is preferable to outright dismissal when a parallel state proceeding may impact the federal litigation.

### A. Courts Have Inherent Authority to Stay Cases

- In *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), the Supreme Court stated: "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."
- Courts may stay cases when a pending state court proceeding could affect the federal litigation, as in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

### B. A Stay is Preferred Over Dismissal Under Heck v. Humphrey

- In *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), the Supreme Court ruled that when a plaintiff files a § 1983 claim while their criminal conviction is still being challenged, a federal court may stay the case rather than dismiss it outright.
- The First Circuit has upheld the use of stays in cases where the Heck bar applies:
  - *Figueroa v. Rivera*, 147 F.3d 77, 80-82 (1st Cir. 1998) reaffirmed that dismissal is not the only remedy and that a stay may be appropriate to allow pending state proceedings to conclude.

Courts have consistently held that a stay is appropriate where a pending criminal appeal or post-conviction proceeding could affect the viability of a civil rights claim under Heck. See, e.g.:

- *Brown v. City of Chicago, 599 F.3d 772* (7th Cir. 2010) (holding that a stay is warranted where a pending appeal may eliminate Heck-related obstacles to a § 1983 claim).

2

- *Edwards v. Balisok, 520 U.S. 641* (1997) (noting that where a § 1983 claim is barred under Heck, the proper approach is to stay rather than dismiss if a challenge to the underlying conviction is ongoing).
- *Gakuba v. O'Brien, 711 F.3d 751* (7th Cir. 2013) (holding that both Heck and Wallace v. Kato support staying a § 1983 lawsuit when an appeal or PCR process is pending).

### C. Avoiding Inconsistent Judgments

- In *Colorado River*, 424 U.S. at 817, the Supreme Court emphasized the need to avoid piecemeal litigation and inconsistent rulings.
- Here, allowing the federal case to proceed while the PCR remains unresolved creates a risk of contradictory rulings—especially if the PCR court finds the conviction was unlawful, which would directly affect this case.

### D. Preventing Prejudice Against Pro Se Litigants

- The Supreme Court in *Haines v. Kerner*, 404 U.S. 519 (1972) held that courts must ensure pro se litigants receive procedural fairness.
- Given that Defendants have already engaged in procedural tactics disadvantaging Plaintiffs, a stay would prevent further unfair prejudice while Plaintiffs await the PCR outcome.

## III. ARGUMENT

### A. The Court Already Recognized the Pending PCR's Relevance

This Court has acknowledged in its March 18, 2025 Memorandum and Order that:

> "As of this writing, these criminal convictions have not been reversed, expunged by executive order, or declared invalid; they remain valid criminal convictions under Rhode Island state law. As he confirmed during the hearing on January 24, 2025, Plaintiff Mello's post-conviction relief petition collaterally attacking their viability remains pending."

Since claims dismissed under Heck v. Humphrey could become actionable if the PCR is successful, it would be premature and inefficient to proceed with litigation before the PCR court has ruled.

**B. Proceeding Without a Stay Risks Inconsistent Rulings**

- Plaintiffs have obtained critical new evidence through discovery in this case, which is highly relevant to the PCR appeal. Proceeding with this lawsuit while the PCR appeal is pending risks premature and inconsistent rulings.
- *Colorado River* (424 U.S. at 817) confirms that stays are necessary to prevent conflicting rulings between state and federal courts.

**C. Plaintiffs Face Unfair Prejudice Without a Stay**

- Plaintiffs, as pro se litigants, are at a significant procedural disadvantage.
- Defendants have already engaged in bad faith litigation tactics, including misrepresenting evidence, suppressing key discovery materials, and manipulating procedural timelines.
- Without a stay, Defendants can continue exploiting procedural loopholes, forcing Plaintiffs to litigate while the PCR remains unresolved.
- Courts have a duty to prevent unfair prejudice against pro se litigants (*Haines v. Kerner*, 404 U.S. 519 (1972)).

**D. A Stay is More Efficient Than Dismissing and Refiling**

- If the PCR is successful, Plaintiffs will need to refile their Heck-barred claims, causing unnecessary litigation delays and duplicative efforts.
- Instead of wasting resources, a stay ensures that once the PCR is decided, this case can proceed without further procedural hurdles.
- *Landis v. North American Co.*, 299 U.S. 248 (1936) supports staying cases to avoid unnecessary re-litigation.

**E. A Stay Would Promote Judicial Economy and Prevent Prejudice to Plaintiffs**
- Granting a stay would preserve judicial resources by preventing unnecessary litigation that could later be revived or significantly altered by the PCR appeal's outcome.

- If the civil case proceeds now and the PCR appeal is later successful, Plaintiffs could be forced to restart or amend this lawsuit, leading to duplicative litigation.
- As pro se litigants, Plaintiffs have limited resources and should not be forced to litigate under conditions that may be fundamentally changed by the PCR appeal.

**F. Defendants Will Not Be Prejudiced by a Stay**

- Staying the proceedings would not cause any undue hardship to the Defendants, as they would only be temporarily delayed while the PCR process is completed.
- Courts have consistently held that where a plaintiff's § 1983 claims are potentially Heck-barred, a stay serves the interests of both parties by ensuring that litigation proceeds only if and when it is legally viable. See Wallace v. Kato, supra.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court stay all proceedings in this case until the resolution of Plaintiff Mello's post-conviction relief petition.

**V. REQUESTED RELIEF**

1. That this Court stay all proceedings in the instant case pending the resolution of Plaintiff Mello's state post-conviction relief petition.
2. Plaintiffs respectfully request that this Motion be considered prior to or in conjunction with the Motion to Dismiss hearing currently scheduled for March 25, 2025, and that said hearing be postponed pending a ruling on the instant Motion to Stay.
3. That this Court grant any other relief it deems just and proper.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st of March 2025, a copy of the foregoing PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF POST-CONVICTION RELIEF PETITION was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com


/s/ Joshua Mello
/s/ Rachel Ware

6