UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
Plaintiffs,
 v.
EDWARD ARRUDA, et al.,
Defendants.
C.A. No. 23-480JJM,  C.A. No. 23-479JJM

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' OBJECTIONS TO: (1) PLAINTIFFS' MOTION FOR JUDICIAL NOTICE;(2) PLAINTIFFS' EVIDENTIARY BRIEF IN OPPOSITION TO DEFENDANTS' RULE 37 MOTION TO DISMISS; and(3) PLAINTIFFS' RESPONSE TO THE COURT'S ORDER REGARDING DISCOVERY OF MEDICAL RECORDS**

**INTRODUCTION**

Plaintiffs Joshua Mello and Rachel Ware, appearing pro se, respectfully submit this memorandum in opposition to Defendants' consolidated objections. Defendants erroneously characterize Plaintiffs' filings as procedurally improper and substantively deficient. In reality, each challenged submission is both procedurally valid and legally necessary in light of the ongoing discovery disputes, false statements under oath, and misrepresentations made by Defendants in the course of this litigation.

On March 25, 2025, there was a hearing on the Defendants Motion to Dismiss. The Honorable Magistrate Sullivan will provide her ruling and it will  be reflected in the electronic filing system when so ordered.

The Court should overrule Defendants' objections in their entirety.

**I. Plaintiffs' Filings Are Procedurally Proper and Not "Surreplies"**

1

Defendants argue that Plaintiffs' Motion for Judicial Notice and Evidentiary Brief constitute improper surreplies under Local Rule 7. This argument misstates both the procedural posture and the purpose of Plaintiffs' filings.

Federal courts distinguish between surreplies and independent motions or court-directed submissions. See *United States v. Karlen*, 645 F.2d 635, 637 (8th Cir. 1981) (motions that address new matters or comply with court orders are not "surreplies" merely because they follow prior briefing). Here:

- The Motion for Judicial Notice is expressly permitted under Federal Rule of Evidence 201 and constitutes a standalone evidentiary motion.

- The Evidentiary Brief was necessary to challenge the accuracy of Defendants' sworn interrogatory responses based on objective video evidence.

- The Response to the Court Order Regarding Medical Records was filed pursuant to a January 29, 2025, directive from Magistrate Sullivan and thus cannot be characterized as an unsolicited surreply.

Further, Plaintiffs filed all three documents more than ten (10) days before the scheduled hearing, in compliance with local and federal procedural requirements. Defendants' objection is without merit.

**II. Plaintiffs Have Complied in Good Faith With All Discovery Obligations**

Defendants' continued assertion that Plaintiffs have failed to produce medical records in violation of the January 29 Order is both factually inaccurate and legally unfounded.

Plaintiffs have already:

- Produced all medical records in their possession, custody, or control, including those specifically ordered by the Court.

- Provided a previously redacted document in unredacted form following the Court's issuance of a Protective Order.

2

- Certified under Rule 34 that no additional responsive documents exist.

Rule 34(a)(1) obligates a party to produce only those documents "in the responding party's possession, custody, or control." Courts in the First Circuit have held that control includes "the legal right to obtain the documents on demand," *Quinones v. Univ. of P.R.*, No. 14-1331, 2015 WL 3604152, at *2 (D.P.R. 2015), but does not extend to speculative or nonexistent records. See *Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000) (plaintiff's subjective belief of injury does not justify compelled production absent treatment or documentation).

Further, Plaintiffs have explained that the alleged concussion was self-assessed and not medically treated, and thus, no medical records exist. Compelling production of non-existent materials would constitute an abuse of discretion under *Fed. R. Civ. P. 26(b)(1)* and violate the principle of proportionality.

### III. Defendants' Interrogatory Responses Are Incomplete, Misleading, and Contradicted by Record Evidence

Plaintiffs' Evidentiary Brief and Motion for Judicial Notice establish that Defendants Rocchio and Arruda submitted sworn interrogatory responses that:

- Conflict with the Western Hills Middle School surveillance video and cell phone footage provided in discovery;

- Are written in a third-person legal narrative inconsistent with a first-hand account;

- Shift between perspectives in a manner that blurs authorship, raising concerns of improper attorney drafting in violation of FRCP 33(b)(1), (3), and (5).

These contradictions are not trivial. In *Scott v. Harris*, 550 U.S. 372, 378–81 (2007), the Supreme Court held that where video evidence "blatantly contradicts" a party's version of events, a court may reject the party's sworn account in favor of objective footage. Numerous other courts have applied *Scott* to reject fabricated or inconsistent narratives. See *Tucker v. City of Shreveport*, 998 F.3d 165, 173 (5th Cir. 2021); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Here, Defendants' sworn statements describing a "controlled descent," absence of force, and justification for the use of force are clearly refuted by the video record, which depicts an aggressive neck restraint, use of weight on Plaintiff Mello's upper body, and no evidence of resistance. The photos attached as Exhibits A–O further illustrate the contradictions with frame-by-frame clarity.

These inconsistencies justify an adverse inference and warrant the Court's attention in evaluating the credibility of Defendants' discovery responses.

**IV. Judicial Notice of Video Evidence Is Proper Under FRE 201**

Defendants argue that the Court cannot take judicial notice of the video evidence because the interpretation is "disputed." However, Plaintiffs do not seek judicial notice of subjective conclusions, but rather the existence, content, and visual depiction of events shown in the videos.

Federal Rule of Evidence 201(b) permits judicial notice of a fact that is:

- "generally known within the trial court's jurisdiction," or

- "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Both standards are satisfied here:

- The videos were disclosed by Defendants in discovery and are part of the evidentiary record.

- Plaintiffs request judicial notice only as to the videos' content and timestamps, not their legal significance.

Courts regularly grant judicial notice of authenticated video footage where the underlying facts are plainly observable. See *Scott*, 550 U.S. at 380; *Knickerbocker v. United States*, No. 1:16-cv-01811, 2018 WL 836312, at *6 (E.D. Cal. Feb. 12, 2018).

**V. Defendants Cannot Use Rule 37 as a Shield for Their Own Discovery Violations**

4

Finally, Defendants' attempt to shift focus away from their own violations by attacking Plaintiffs' compliance under Rule 37 is legally untenable. Courts have consistently held that a party engaged in discovery misconduct cannot seek sanctions while simultaneously withholding or misrepresenting information. See:

- *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (a party cannot benefit from discovery violations);

- *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106 (2d Cir. 2002) (false and incomplete responses may justify sanctions);

- *Cine Forty-Second Street Theatre Corp. v. Allied Artists*, 602 F.2d 1062, 1068 (2d Cir. 1979) (willful failure to comply with discovery warrants severe remedy).

To the extent this Court considers sanctions, Plaintiffs respectfully submit that the equities weigh against any sanction targeting Plaintiffs and, instead, justify scrutiny of Defendants' sworn responses and discovery tactics.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Overrule Defendants' Objections in their entirety;

2. Grant Plaintiffs' Motion for Judicial Notice of the identified video and photographic exhibits;

3. Accept and consider Plaintiffs' Evidentiary Brief and response regarding discovery compliance;

4. Decline to impose any sanctions on Plaintiffs, finding substantial compliance and good faith.

5

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th of March 2025, a copy of the foregoing PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' OBJECTIONS TO: (1) PLAINTIFFS' MOTION FOR JUDICIAL NOTICE;(2) PLAINTIFFS' EVIDENTIARY BRIEF IN OPPOSITION TO DEFENDANTS' RULE 37 MOTION TO DISMISS; and(3) PLAINTIFFS' RESPONSE TO THE COURT'S ORDER REGARDING DISCOVERY OF MEDICAL RECORDS PETITION was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello
/s/ Rachel Ware