## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

---

**JOSHUA MELLO and RACHEL WARE,**
                    **Plaintiffs,**


**v.**                                    **C.A. No. 1:23-cv-00479 & 00480**


**EDWARD ARRUDA and JOHN ROCCHIO,**
                    **Defendants**

---

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

---

## I. INTRODUCTION

Plaintiffs Joshua Mello and Rachel Ware respectfully move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on their claims under 42 U.S.C. § 1983 for the use of excessive force by Defendants Edward Arruda and John Rocchio.

The record, including multiple video recordings, supports the conclusion that Defendant Arruda used objectively unreasonable force when he placed Plaintiff Mello in a neck restraint and forcefully took him to the ground during an arrest for disorderly conduct. Subsequently, after Plaintiff was fully handcuffed and compliant, Defendant Rocchio used additional excessive force by forcibly placing Plaintiff's restrained body onto the hood of a police vehicle without provocation.

Because no genuine dispute of material fact exists as to the objective unreasonableness of the force used, and because the rights violated were clearly established, Plaintiffs are entitled to judgment as a matter of law on the issue of liability.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(a)*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In an excessive force case, the Court applies the objective reasonableness standard articulated in *Graham v. Connor*, 490 U.S. 386 (1989), considering the totality of the circumstances, including the severity of the offense, the immediate threat posed by the suspect, and whether the suspect is actively resisting arrest or attempting to evade.

Where video evidence "blatantly contradicts" a party's version of events, the court must adopt the facts as depicted by the video. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. FACTUAL BACKGROUND

On October 21, 2021, at Western Hills Middle School, Plaintiff Joshua Mello and Rachel Ware interacted with School Resource Officers Edward Arruda and John Rocchio. Video footage establishes that Plaintiff Mello did not threaten officers, and repeatedly requested space. Despite this, without announcing an arrest, Officer Rocchio, after being present for four minutes, grabbed Plaintiff Mello's wrist and arm to arrest him. Officer Arruda joined in and approached Plaintiff from behind and applied a neck restraint, violently taking Plaintiff to the ground.

Contrary to Officer Arruda's interrogatory response that he effected a "controlled descent" (Arruda's Supplemental Response to Interrogatory No. 14), video footage (Exhibit B) clearly depicts a rapid and forceful takedown, with Arruda using his full body weight against Mello's neck and upper body. At the time, Plaintiff was not resisting, not physically aggressive, and posed no apparent threat.

After the initial takedown, Plaintiff Mello was handcuffed, restrained, and compliant. While escorting Plaintiff to a police vehicle, Defendant Rocchio, without any physical provocation,

forcibly placed the handcuffed Plaintiff onto the hood of the police car. The impact was so severe that Plaintiff's feet visibly left the ground. This second use of force, captured on video (Exhibit D), occurred after Plaintiff was fully under police control, compliant, and presented no resistance or threat.

Medical records confirm that Plaintiff suffered a cervical strain, head contusion, and thoracic injuries consistent with the takedown and subsequent hood slam. Defendants admitted, in their responses to Requests for Admissions, that force was used and injuries resulted.

The Court has previously ruled that although it cannot engage in fact-finding on the content of the videos at the judicial notice stage, Plaintiffs are entitled to rely on the video evidence at summary judgment to rebut Defendants' claims and contest qualified immunity. See Text Order dated March 31, 2025. Plaintiffs' video and documentary evidence are properly part of the record. Under *Scott v. Harris*, 550 U.S. 372 (2007), where video footage "blatantly contradicts" a party's version of events, courts must adopt the facts as depicted by the video. The Court must now evaluate the video evidence to determine whether any genuine dispute of material fact remains. The undisputed video evidence shows that Plaintiff Mello was stepping away from officers, requesting space, and not acting aggressively when Defendant Rocchio seized his wrist without warning, and Defendant Arruda applied a chokehold, violently taking him to the ground. Following the takedown, after Plaintiff was handcuffed and fully compliant, Defendant Rocchio forcibly drove  him onto the hood of a police cruiser without provocation. Because the videos clearly depict the absence of resistance or threat before and after Plaintiff was restrained, and shows the excessive and unjustified use of force, no genuine dispute exists, and summary judgment is appropriate.

Plaintiffs previously moved for judicial notice based on the surveillance video, cellphone video, and photographic stills, which directly contradict Defendants' sworn interrogatory responses. Although the Court denied judicial notice because fact-finding was inappropriate at that stage, the Court expressly permitted Plaintiffs to present this evidence at summary judgment. See Text Order dated March 31, 2025.

The record demonstrates that Defendants Arruda and Rocchio's sworn accounts of the events of October 21, 2021, are materially inconsistent with the objective video evidence.

Officer Arruda described a "controlled descent," yet the video plainly shows a violent chokehold and rapid takedown. Additional discrepancies appear regarding the discovery of pocket knives and the physical actions of Plaintiff Ware.

Under *Scott v. Harris*, 550 U.S. 372 (2007), where video evidence squarely conflicts with sworn testimony, the Court must reject the discredited version and adopt the facts depicted by the video. Here, the videos, supplemented by photographic stills and undisputed timestamps, eliminate any genuine factual dispute. Defendants' proffered justifications are directly contradicted by the objective video evidence and therefore cannot establish a genuine dispute of material fact. Accordingly, the Court must accept the video evidence as controlling for purposes of summary judgment.

---

# IV. ARGUMENT

## A. Officer Arruda's Use of Force Was Objectively Unreasonable Under Graham v. Connor

Applying the *Graham* factors to the undisputed record demonstrates that Officer Arruda's use of force was unreasonable as a matter of law.

First, the severity of the offense was minimal. Officer Arruda arrested Plaintiff Mello for disorderly conduct, a nonviolent misdemeanor. (Police Narrative 21-58022-OF; OPS Interview p.13.) This charge does not justify the application of dangerous and violent force, such as the use of a chokehold or neck restraint.

Second, Plaintiff posed no immediate threat to the safety of officers or others at the time force was applied. Officer Arruda admitted that he did not observe any weapons and only discovered pocket knives after the arrest and search were completed by Officer Rocchio. (OPS Interview, p.12; Trial Audio 59:20.) Therefore, no reasonable officer could have believed that Plaintiff Mello posed a danger warranting such an aggressive maneuver.

4

Third, Plaintiff was not actively resisting arrest or attempting to flee. Contrary to Officer Arruda's statements, the video shows Plaintiff remaining largely motionless, backing away slightly, and offering no physical resistance. Despite this, Defendant Arruda used a maneuver he described as "head to head" (OPS Interview p.12), forcibly applying compressive force to Plaintiff's head and neck in a manner prohibited by the Cranston Police Department's Use-of-Force Policy 310.01, which forbids neck restraints unless deadly force is justified.

In *Raiche v. Pietroski*, 623 F.3d 30 (1st Cir. 2010), the First Circuit held that using significant force against a suspect arrested for a minor offense, who posed no immediate threat, was excessive and violated the Fourth Amendment. Similarly, Plaintiff here was arrested for a nonviolent misdemeanor and posed no threat, rendering Officer Arruda's use of a deadly neck restraint objectively unreasonable.

## B. Officer Arruda Violated Cranston Police Department Policy

The Cranston Police Department explicitly prohibits choke holds and neck restraints except where deadly force is warranted under Use of Force policy 310.01. Officer Arruda's use of a neck restraint on a nonviolent, non-resisting individual, arrested for a misdemeanor, directly violated this policy. In discovery responses, Officer Arruda failed to identify any departmental training that authorized his use of a neck-based maneuver under the circumstances, further confirming that the force used was unauthorized and excessive.

## C. Officer Rocchio's Use of Force Was Unreasonable and Excessive

After Plaintiff was fully handcuffed and compliant, Officer Rocchio forcibly drove him onto the hood of a cruiser without justification. Video footage shows no signs of resistance, aggression, or movement that could justify such action. The Supreme Court and lower courts have consistently held that the use of significant force against a restrained, compliant individual is objectively unreasonable. See *LaLonde v. County of Riverside*, 204 F.3d 947 (9th Cir. 2000).

In *Jennings v. Jones*, 499 F.3d 2 (1st Cir. 2007), the court found that applying force to a handcuffed and compliant suspect constituted excessive force. Officer Rocchio's action of forcibly placing Plaintiff onto the hood of a police vehicle, with such force that both feet came

off the ground simultaneously, while Plaintiff was handcuffed and compliant, mirrors the conduct

deemed unconstitutional in Jennings.

Officer Rocchio's action constituted a gratuitous and punitive use of force, violating clearly

established Fourth Amendment protections.

## D. Defendants Are Not Entitled to Qualified Immunity

Qualified immunity protects only those officers whose conduct does not violate clearly

established statutory or constitutional rights. Here, the right to be free from excessive force

during arrest, especially where the suspect is restrained and not resisting, was well established

long before October 2021. See *Hope v. Pelzer*, 536 U.S. 730 (2002); *Tennessee v. Garner*, 471

U.S. 1 (1985).

The First Circuit's decision in *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011), affirms that the right

to be free from excessive force is clearly established. Given that both Officers Arruda and

Rocchio used force against a non-resisting, compliant individual, they are not entitled to

qualified immunity

No reasonable officer could believe that taking down a non-violent, non-resisting suspect with a

chokehold, or forcibly drove a handcuffed, compliant suspect onto a car hood, was lawful under

clearly established law and departmental policy. Accordingly, Defendants are not entitled to

qualified immunity.

## E. Defendants' Judicial Admissions Confirm Liability

Both Defendants have admitted, without qualification or further explanation, that: (1) they used

force against Plaintiff Mello, and (2) Plaintiff sustained injuries as a result of that force. (See Ex.

J & K Defendant's Response to Request for Admission Nos. 6, 8) These admissions are binding

judicial admissions under Federal Rule of Civil Procedure 36 and eliminate any genuine dispute

of material fact regarding the use of force and causation of injury.

By merely stating "Admit" without any reservation, limitation, or clarification, Defendants

concede the fundamental elements of Plaintiffs' excessive force claim: that force was applied and

that injuries resulted. Defendants' conclusory claim elsewhere that they acted consistent with
departmental policies (Ex. J & K for Responses to Request No. 7) is belied by the objective
video evidence and the Cranston Police Department's express prohibition on neck restraints
except in deadly force situations and an assault on a handcuffed prisoner.

The purpose of Rule 36 admissions is "to narrow the issues for trial." See *Perez v. Miami-Dade
County*, 297 F.3d 1255, 1268 (11th Cir. 2002). Defendants cannot now create a factual dispute
where none exists. Their admissions are dispositive of liability on the excessive force claims.

Moreover, when admissions concern facts central to the claims at issue — as they do here —
summary judgment is especially appropriate. See *Kemper v. Rent-A-Center, Inc.*, 2007 WL
4216352, at 3 (D. Kan. 2007) ("Admissions made pursuant to Rule 36 are conclusive and cannot
be rebutted by contrary testimony at trial.").

Therefore, independent of the video evidence, Defendants' own admissions mandate summary
judgment in Plaintiffs' favor.

---

# V. DEFENDANTS' AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW

Defendants have asserted various affirmative defenses, none of which bar summary judgment as
to liability.

First, Defendants' assertion of qualified immunity is properly addressed above and fails because
the rights violated were clearly established at the time of the incident. Absolute immunity does
not apply to police officers engaged in arrest activities. See *Pierson v. Ray*, 386 U.S. 547 (1967).

Second, Defendants' invocation of statutory and common law immunities is inapplicable to
Plaintiffs' claims under 42 U.S.C. § 1983, which are governed by federal law and not subject to
state immunities. See *Howlett v. Rose*, 496 U.S. 356, 376 (1990).

Third, Defendants' assertions that Plaintiff Mello's injuries were caused by his own conduct or by the conduct of others are belied by the video evidence and the Defendants' own admissions. The undisputed video record establishes that Plaintiff Mello did not resist, or threaten officers at any time prior to or during the application of force. No evidence suggests that any third party contributed to Plaintiff's injuries.

Accordingly, none of Defendants' affirmative defenses preclude summary judgment as to liability.

---

# VI. CONCLUSION

The undisputed material facts, corroborated by objective video evidence, Defendants' own admissions, and controlling constitutional law, establish that both Officer Arruda and Officer Rocchio used excessive and unreasonable force against Plaintiff Joshua Mello. Because no genuine dispute exists as to the objective unreasonableness of the force used, and because qualified immunity does not apply, Plaintiffs respectfully request that this Court grant their Motion for Summary Judgment as to liability against Defendants Edward Arruda and John Rocchio.

Respectfully submitted,
/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778
Date: 04/30/25

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th of April 2025, a copy of the foregoing PLAINTIFFS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT was served via the e-filing system to:

| | |
|---|---|
| Julia K. Scott-Benevides | Kathleen A. Hilton, Esq. |
| DeSisto Law LLC | DeSisto Law LLC |
| (401) 272-4442 | (401) 272-4442 |
| julia@desistolaw.com | Katie@desistolaw.com |

/s/ Joshua Mello
/s/ Rachel Ware