UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE
*Plaintiffs,*

vs.

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA
*Defendants*

C.A. No. 1:23-cv-00480-JJM-PAS

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

I. **Introduction**

On January 9, 2023, after filing a motion to dismiss certain claims in Plaintiffs' Complaint, the Court grant Defendants' partial motion to dismiss, specifically citing that "[t]he Court dismisses all claims in the Complaint except for the specific allegations of excessive force against Officer Edward Arruda and John Rocchio. The Court dismisses Defendants Derek Gustafson, Timothy Vesey, and Steven Catalono without prejudice from this Complaint." On January 31, 2024, Plaintiff's filed their Amended Complaint, which was substantially similar in all relevant respects. Defendants then filed a renewed motion to dismiss as a result of Plaintiffs filing their Amended Complaint. Plaintiffs also asked the Court to reconsider its decision granting the partial dismissal under *Heck. See ECF Nos. 16 and 20.* On March 13, the Court, once again, granted Defendants' Motion to Dismiss, leaving intact Plaintiffs' "specific allegations of excessive force against Officers Edward Arruda and John Rocchio." *See ECF No. 34.* Defendants Edward Arruda and John Rocchio now move for judgment on the pleadings as it relates to any claims made by Plaintiff Rachel Ware ("Plaintiff Ware").

II. **Standard of Review**

When considering a motion for judgment on the pleadings, the Court "take[s] the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant . . . ." *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018) (citation omitted). Facts drawn from documents "fairly incorporated" in the pleadings and facts "susceptible to judicial notice" may be considered. *Kando*, 880 F.3d at 58 (citation omitted). The motion should be granted only if "the properly considered facts conclusively establish that the movant is entitled to the relief sought." *Id.* (citation omitted).

### III.  Arguments

#### a. Plaintiff Rachel Ware does not have a Viable Fourth Amendment Claim for Excessive Force

"Excessive force claims are founded on the Fourth Amendment right to be free from unreasonable seizures of the person." *Raiche v. Pietroski*, 623 F.3d 30, 36 (1st Cir. 2010) (citing U.S. Const. amend. IV). It follows then that excessive force claims against law enforcement officers effecting a seizure are "governed by the Fourth Amendment's 'reasonableness' standard." *McGrath v. Tavares*, 757 F.3d 20, 25 (1st Cir. 2014) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 134 S. Ct. 2012, 2020, 188 L. Ed. 2d 1056 (2014)). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (some internal quotation marks omitted) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The critical question is "whether the defendant officer employed force that was unreasonable under the circumstances." *Raiche*, 623 F.3d at 36 (internal quotation marks omitted) (quoting *Jennings v. Jones*, 499 F.3d 2, 11 (1st Cir. 2007)).

In the instant matter, there is not a single allegation made by Plaintiff Ware in Plaintiffs' twenty-three (23) page Amended Complaint that implicates a Fourth Amendment violation. "[H]er only involvement in the incident is her presence; she has not alleged any physical injury." *See Report and Recommendation, Mello v. Arruda*, 2025 U.S. Dist. LEXIS 79970, *6 (D.R.I 2025). In fact, Plaintiff Ware is not even mentioned in the sections of the Amended Complaint that recount the alleged excessive force involving Plaintiff Joshua Mello. The only times Plaintiff Ware's name is mentioned in even close proximity to the excessive force allegations is at the beginning of each section for Officer Rocchio and Officer Arruda. *See Plaintiffs' Amended Complaint at 12 ("The plaintiffs, Joshua Mello and Rachel Ware, present these statements of fact…"); Plaintiffs' Amended Complaint at 14 ("The plaintiffs, Joshua Mello and Rachel Ware, present these statements of fact…")*. Excepting these two (2) instances that her name appears, there is nothing further in her Amended Complaint that would overcome the instant motion. Put another way, while "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," even viewing Plaintiff Ware's limited, and almost non-existent allegations, it is clear that she cannot succeed on any of the remaining Fourth Amendment violation claims, and judgment must enter in Defendants' favor. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal citations and quotations omitted).

    **b. Plaintiff Ware has alleged no wrongdoing by Edward Arruda or John Rocchio**

Plaintiff Ware has failed to allege any specific wrongdoing by either Edward Arruda or John Rocchio against her. As described above, the only sections in Plaintiffs' Amended Complaint that relate to either Edward Arruda or John Rocchio do not allege any conduct that

even implicates a violation of Plaintiff Ware's Fourth Amendment rights. As Plaintiff Ware's Amended Complaint "shows no set of facts which could entitle [her] to relief" Plaintiff Ware's claim for damages must fail as a matter of law and judgment should enter in favor of Defendants. *Rider v. MacAninch*, 424 F. Supp. 2d 353, 357 (quoting *Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir. 1998)) (internal quotations omitted).

### c. Plaintiff Ware's "emotional distress damages"

Recognizing that the only remaining claim in Plaintiffs' complaint is for excessive force and the only remaining defendants are Edward Arruda and John Rocchio, Plaintiff Ware has no vehicle contained within her complaint for recovery of any compensatory damages, including but not limited emotional distress damages. "'[C]ompensatory' damages… are defined as damages "awarded to a person in satisfaction of or in response to a loss or injury sustained." Murphy v. United Steelworkers of Am. Local No. 5705, 507 A.2d 1342, 1346 (R.I. 1986). Because Plaintiff Ware, based on her Amended Complaint, has not made out a viable claim for loss or injury against the remaining Defendants, judgment should enter in favor of said Defendants.

### IV. Conclusion

For the above-mentioned reasons and any that may be argued at a hearing, Defendants respectfully request that their motion be granted, and judgment be entered in their favor as it relates to Plaintiff Ware's claims.

Defendants
By their Attorney,

*/s/ Kathleen A. Hilton*
Kathleen A. Hilton, Esq. (#9473)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
katie@desistolaw.com

## CERTIFICATION

I hereby certify, that on this 27th day of May 2025, I electronically served this document through the electronic filing system and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello  
57 Rolfe Square, Unit 10113  
Cranston, RI 02910  
kskustomrideons@gmail.com

Rachel Ware  
57 Rolfe Square, Unit 10113  
Cranston, RI 02910  
kskustomrideons@gmail.com

/s/ Kathleen A. Hilton