UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

---

**JOSHUA MELLO and RACHEL WARE,**

**Plaintiffs,**

v.                                              C.A. No. 1:23-cv-00479 & 00480

**EDWARD ARRUDA and JOHN ROCCHIO,**

**Defendants**

---

PLAINTIFFS' MOTION TO STRIKE IMPROPER EVIDENCE AND ARGUMENTS

NOW COME Plaintiffs Joshua Mello and Rachel Ware, and respectfully move this Honorable Court, pursuant to Federal Rules of Civil Procedure 26(e), 37(c)(1), 56(c)(4), and the Federal Rules of Evidence 404(b), 602, 701, and 702, to strike the following materials and references submitted by Defendants in their opposition to Plaintiffs' Motion for Summary Judgment:

1. **Exhibit B – Expert Report of John O'Donnell:** The report is unsworn, and unauthenticated. It is also never cited substantively in Defendants' Statement of Disputed Facts or Memorandum, and therefore constitutes inadmissible and procedurally deficient evidence.

2. **Deposition Transcripts of Plaintiffs:** Defendants rely on portions of depositions of Plaintiffs Mello and Ware taken over a year ago, yet never provided those transcripts to

Plaintiffs for review, verification, or rebuttal. This violates Rule 26(e) and mandates exclusion under Rule 37(c)(1).

3. **Partial Deposition of Tonya Morena:** Defendants attach only two (2) pages of Tonya Morena's deposition and cite from other sections not included. The failure to provide a full, certified transcript or the relevant context renders the citations misleading, incomplete, and inadmissible under Rule 32(a)(6) and Rule 106.

4. **References to Expunged Incident (George J. Peters School):** Defendants repeatedly rely on a prior arrest that was later disposed of by filing and subsequently expunged. This is used as improper character evidence in violation of FRE 404(b), 403, and Rhode Island expungement protections. Furthermore, Morena was not a witness to the prior event, making her hearsay statements inadmissible under FRE 802.

5. **Use of Hearsay and Unsigned Statements by Tonya Morena:** Defendants cite statements allegedly made by Morena, who is neither a defendant nor a sworn witness in the underlying use-of-force event. Her allegations are speculative, factually inaccurate, and have no relevance to the use-of-force determination under Graham v. Connor.

6. **Failure to Cite Exhibits with Particularity:** Defendants attach over 100 pages of exhibits yet fail to provide specific citations to support their factual disputes. This undermines their burden under Rule 56(c)(1)(A) and should not be credited as a valid opposition to summary judgment.

WHEREFORE, Plaintiffs respectfully request that the Court STRIKE the foregoing materials and DISREGARD any arguments or inferences based on them in evaluating Plaintiffs' Motion for Summary Judgment. Plaintiffs further request such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778
Dated: June 26, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th of June 2025, a copy of the foregoing response was served via the e-filing system to:

| | |
|---|---|
| Julia K. Scott-Benevides | Kathleen A. Hilton, Esq. |
| DeSisto Law LLC | DeSisto Law LLC |
| (401) 272-4442 | (401) 272-4442 |
| julia@desistolaw.com | Katie@desistolaw.com |

/s/ Joshua Mello
/s/ Rachel Ware