UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE, : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> DEREK GUSTAFSON, et al., : <br>     Defendants. : <br> _____: | C.A. No. 23-480JJM |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court in this case only[1] is Defendants' motion for judgment on the pleadings challenging the claims of *pro se* Plaintiff Rachel Ware pursuant to Fed. R. Civ. P. 12(c). ECF No. 108. This motion is based on the dearth of factual allegations supporting a plausible claim with respect to Plaintiff Ware, which was one of the arguments Defendants originally included in their Fed. R. Civ. P. 12(b)(6) motion to dismiss the Amended Complaint that they filed on February 8, 2024. ECF No. 24-1 at 1-2, 4 ("Plaintiff Ware does not make any factual allegations or provide a factual explanation of any nature for how any of the claims relate to her in the Amended Complaint."). The Court granted that motion to dismiss without prejudice, holding that only the "specific allegations of excessive force against Officers Edward Arruda and John Rocchio" remain in issue, but not clarifying one way or the other whether

---

[1] This motion is pending only in 23-cv-480JJM, although the case is consolidated with Mello v. Arruda, 23-cv-479JJM. The Court notes that Plaintiffs' opposition to the pending motion raises an issue that affects only 23-cv-479JJM: they ask the Court to clarify whether the Court's Heck ruling (ECF No. 34) – that Plaintiff Mello's claims that necessarily imply the invalidity of his convictions that have not been overturned are Heck barred – applies to his claims in 23-cv-479JJM. See ECF No. 110 at 5. In response to this request, I am providing informal clarification based on my interpretation that the Heck-barred claims in both 23-cv-479JJM and 23-cv-480JJM were dismissed without prejudice. This clarification is not intended as a dispositive ruling on whether the Heck-barred claims in 23-cv-479JJM are dismissed. If Plaintiffs wish to contest the issue, they should file a motion to clarify the scope of claims in 23-cv-479JJM within thirty days of the issuance of this clarification.

Plaintiff Ware's factual allegations are sufficient to state a plausible claim in light of that ruling. ECF No. 34 at 2. Meanwhile, shortly after Defendants moved to dismiss but before the Court ruled on that motion, Defendants filed an Answer to the Amended Complaint denying the "allegations related to excessive force on Plaintiff, Joshua Mello . . . on October 21, 2021." ECF No. 26 at 1.

With the pleadings closed, Defendants now renew their challenge to the sufficiency of Plaintiff Ware's factual allegations pursuant to Fed. R. Civ. P. 12(c). ECF No. 108. Plaintiffs vigorously object and ask the Court to consider additional factual allegations presented in their opposition that are not asserted in the operative pleading. ECF No. 110.

## I. Standard of Review

When considering a motion for judgment on the pleadings, the Court "take[s] the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant." Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018). Facts drawn from documents "fairly incorporated" in the pleadings and facts "susceptible to judicial notice" may also be considered. Id. (internal quotation marks omitted). This standard requires the Court to "separate wheat from chaff;" that is, to separate "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (internal quotation marks omitted). The motion should be granted only if "the properly considered facts conclusively establish that the movant is entitled to the relief sought." Id. "Withal, any new facts contained in the answer, to which no responsive pleading by the plaintiff is required, are deemed denied." Id.

The Federal Rules of Civil Procedure have no time limit for the filing of a Rule 12(c) motion; such a motion may be filed at any time after the pleadings are closed but within such

time so as not to delay trial.  R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).  However, Fed. R. Civ. P. 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) . . . a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense . . . that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2) (emphasis added).  The exception in Fed. R. Civ. P. 12(h)(2) provides, however, that the defense of failure to state a claim "may be raised . . . by a motion under Rule 12(c)."  Fed. R. Civ. P. 12(h)(2).  "Although a Rule 12(c) motion is one of the exceptions permitted by Rule 12(h)(2), that simply means that a party may pursue a Rule 12(b) motion followed by a 12(c) motion without violating the prohibition on successive Rule 12 motions."  Resea Project APS v. Restoring Integrity to the Oceans, Inc., Case No. SA-21-CV-1132-JKP, 2023 WL 2569440, at *3 (W.D. Tex. Mar. 17, 2023).  That is, as long as the Court's ruling on the 12(b) motion did not expressly reject the argument presented in the 12(c) motion, the Court may consider it.

## II.     Background

This case is based on an incident that occurred on October 21, 2021, at the Cranston middle school attended by Plaintiff Mello's daughter.  Mello v. Arruda, C.A. No. 23-479JJM, 23-480JJM, 2025 WL 847823, at *2 (D.R.I. Mar. 18, 2025).  On that day, Plaintiff Mello, accompanied by Plaintiff Ware, went to the school and school officials responded with concerns arising from a Family Court Order regarding whether Plaintiff Mello was barred from removing his daughter from school.  Id.  Plaintiff Mello's reaction resulted in an imbroglio that culminated in two Cranston police officers arresting him through the use of what he alleges was excessive force causing him physical injury.  Id.  As alleged by Plaintiffs, Plaintiff Mello was taken down to the floor by officers in the school lobby and vestibule.  ECF No. 20 at 13, 16.  After a struggle during which knive(s) were removed from his person, Plaintiff Mello was handcuffed and

walked by officers to a police vehicle and one of the officers allegedly "smashe[d] Mr. Mello off the hood of the car so hard his feet c[a]me off the ground." ECF No. 20 at 13, 16-17.

The Amended Complaint's dearth of allegations regarding Plaintiff Ware may be briefly summarized. The pleading begins with an "Introduction" that summarizes the case as based on the allegation that "Defendants are accused of willfully and knowingly violating the plaintiff Joshua Mello's rights"; there is no mention of Plaintiff Ware. ECF No. 20 at 1 (emphasis added); see id. at 13-14, 16-17. The Amended Complaint identifies Plaintiff Mello as "Victim/Whistleblower," but Plaintiff Ware only as "Whistleblower." Id. at 2. Plaintiff Ware is mentioned only once in the factual section of the Amended Complaint, in connection with one of the Heck-barred claims: "Officer Rocchio's assertion [during trial] of attempting to de-escalate . . . and providing time for Rachel to calm Josh down does not align with the evidence." Id. at 14. Otherwise, she appears only in the "Claims for Relief" section of the Amended Complaint, which alleges that both Plaintiffs have suffered "significant financial and emotional damages." Id. at 19. In its "Closing Statement," the Amended Complaint reconfirms that it is based on violations of the "constitutional and statutory rights of Joshua Mello," as well as that the aim of the case is "to rectify the severe injustice perpetrated against Mr. Mello." Id. at 22-23 (emphasis added). In her opposition to Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss her claims, Plaintiff Ware confirmed that she is just a "whistleblower" and that she is "coming forward . . . because [she] witnessed a miscarriage of justice against [her] husband." ECF No. 28 at 4 (emphasis added); id. at 5 (Plaintiff Ware's involvement in the case is "essential due to the profound emotional pain she endured as a result of witnessing the misconduct perpetrated against her husband.") (emphasis added).

Consistently, this Court's recent determination imposing sanctions for intentional noncompliance with discovery orders held that "Plaintiff Ware['s] . . . only involvement in the incident is her presence; she has not alleged any physical injury." Mello v. Arruda, C.A. No. 23-479JJM, C.A. No. 23-480JJM, 2025 WL 1225220, at *3 (D.R.I. Apr. 28, 2025), adopted, 2025 WL 1433383 (D.R.I. May 19, 2025).  In another ruling, expressly deploying *pro se* leniency, the Court summarized the Amended Complaint as claiming that "Plaintiff Mello was the victim of excessive force used by the two arresting police officers and that Plaintiff Ware experienced emotional distress by her proximity to this violent and unprovoked physical assault on her husband in her presence."  Mello v. Arruda, C.A. No. 23-479JJM, C.A. No. 23-480JJM, 2025 WL 847823, at *2 (D.R.I. Mar. 18, 2025).  The Court expressly declined to find, even when viewed most favorably to Plaintiff Ware, that "the Ware claim states a viable cause of action." Id. at n.3.

For the first time in their opposition to the motion for judgment on the pleadings, Plaintiff Ware relies on facts that are entirely missing from the Amended Complaint.  Specifically, she now contends that she was "in the middle of the altercation" and that the Police Officer Defendants made "direct, non-consensual physical contact with her" and she "likely felt threatened."  ECF No. 110 at 3-4.  She also now alleges that she was "pushed aside by Officer Arruda" and "pulled out of the way . . . moments before they took . . . Mello to the ground."  Id. (internal quotation marks omitted).  That is, she is claiming that the Police Officer Defendants had incidental physical contact with her although she was not injured and that this contact is confirmed by video evidence submitted by Plaintiffs in support of their pending motion for summary judgment.  Id.

**III.     Analysis and Recommendation**

The Court begins by considering Plaintiffs' argument that the motion is "procedurally improper based on its timing . . . [because] [t]he case is currently in the dispositive motions phase." ECF No. 110 at 1. This is not correct: the motion for judgment on the pleadings is a dispositive motion, the deadline for the filing of dispositive motions was June 5, 2025, and the motion was filed a month before the deadline. Text Order of May 8, 2025; ECF No. 108.

Next, the Court examines whether this Fed. R. Civ. P. 12(c) motion is barred by the Court's ruling on the Fed. R. Civ. P. 12(b)(6) motion. I find that it is not. For starters, seriatim motions based on the failure to state a claim, first pursuant to Fed. R. Civ. P. 12(b)(6), and then, after the pleadings are closed, pursuant to Fed. R. Civ. P. 12(c), are expressly permitted by the Rule. Thus, the pending motion may be deemed to be barred only if the Court expressly considered the sufficiency of the Ware claims and ruled that there are facts sufficient to make them plausible.[2] Review of the Order makes clear that did not happen. Indeed, when the Order's ruling – "dismiss[ing] all claims . . . except for the specific allegations of excessive force against Officers Edward Arruda and John Rocchio" – is read in light of the language used in the Amended Complaint, which clearly provides that only Plaintiff Mello alleges that he is the "Victim" of excessive force, it appears more likely that Plaintiff Ware's claims based on her status as a witness may well have been intended to be dismissed. See ECF Nos. 34 at 2; 20 at 2. Nevertheless, because this was not expressly stated in the Court's Order, and mindful of Plaintiffs' *pro se* status, I will analyze Defendants' arguments as properly asserted pursuant to Fed. R. Civ. P. 12(c).

---

[2] If the Court somehow finds that it did consider the sufficiency of the Ware claims and ruled that there are facts sufficient to make them plausible, it may still consider Defendants' argument, albeit as a motion for reconsideration because the matters previously raised in the Fed. R. Civ. P. 12(b)(6) motion were decided "either explicitly or by necessary implication." Higgins v. Huhtamaki, Inc., 1:21-cv-00369-JCN, 2024 WL 4008257, at *3 (D. Me. Aug. 30, 2024) (internal quotation marks omitted); see also Kimmel & Silverman, P.C. v. Porro, 969 F. Supp. 2d 46, 49-50 (D. Mass. 2013).

6

Plaintiff Ware's principal claim appears to allege that she is a "whistleblower" because she observed the incident, took a video of it on her phone, and has assisted Plaintiff Mello in stating his claim of excessive force.[3] ECF No. 20 at 2. Standing alone, such an allegation that she is a "whistleblower" fails to state a viable claim because there is no allegation that her rights were violated resulting in injury to her based on her status as a whistleblower. ECF No. 20 at 2. Thus, to the extent to which Plaintiff Ware is asserting a § 1983 "whistleblower" claim, without more, her claim should be dismissed.

What remains is bystander liability. This claim requires the Court to consider whether a legally viable § 1983 claim (which is what Plaintiff Ware purports to state) can be asserted by a person who is a bystander/observer of an incident during which a family member's constitutional rights are violated. Starting with the Supreme Court's rulings, the cases are clear that the answer is no. See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Harmon v. City of Arlington, 16 F.4th 1159, 1168 (5th Cir. 2021) (no constitutional right to be free from witnessing police action; "[b]ystander excessive force claims can only succeed when the officer directs the force toward the bystander – that is to say, when the bystander is not really a bystander"); Edwards v. Oliver, No. 3:17-cv-01208-M-BT, 2019 WL 4603794 at *15 (N.D. Tex. Aug. 12, 2019) ("[T]here is no cognizable 'bystander' claim under § 1983"; "[claimant] fails to state a § 1983-municipal-liability claim . . . on that basis"), adopted, 2019 WL 4597573 (N.D. Tex. Sept. 23, 2019); Carter v. Jess, 179 F. Supp. 2d 534, 540 (D. Md.

---

[3] The Court notes that the Amended Complaint omits the facts that Plaintiff Ware videoed the scene on her phone and has actively participated in the litigation of this case. The Court draws them from her statements during hearings and in discovery filings. To the extent that they are material to a viable claim, the pleading must be amended to add them.

2001) ("[A]lthough emotional damages are available under § 1983, a claim of infliction of emotional distress [under state tort law] cannot form the basis of a § 1983 action because there is no constitutionally protected interest at stake").

Focusing on the facts that are omitted from the Amended Complaint, but are included in Plaintiffs' opposition to the motion (which they claim are supported by their filings in connection with their motion for summary judgment), the Court finds that it remains conceivable that Plaintiff Ware can state a viable federal law claim pursuant to § 1983. See, e.g., Claybrook v. Birchwell, 199 F.3d 350, 359 (6th Cir. 2000) (constitutional tort claims asserted by injured persons who were not intended targets of police conduct are considered according to substantive due process norms); Williams v. City of Athens, Case No. 5:21-cv-0510-LCB, 2025 WL 1490061, at *4-5 (N.D. Ala. May 23, 2025) (§ 1983 claim failed at summary judgment phase after court reviewed video, determined that contact officer made with person near arrestee was incidental to arrest and not excessive force; even if officer used force it was reasonable, not excessive and *de minimis*). As of now, however, the Amended Complaint is utterly devoid of any such allegations. Similarly, it is conceivable that Plaintiff Ware may have a state law claim[4] for intentional or negligent infliction of emotional distress. See Gross v. Pare, 185 A.3d 1242, 1245-46 (R.I. 2018) (to impose liability on a defendant for intentional infliction of emotional distress: "(1) the conduct must be intentional or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be *extreme and outrageous*, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress in question must be severe") (internal quotation marks omitted); D'Ambra v. United

---

[4] The Court would have supplemental jurisdiction over such a related state law tort claim pursuant to 28 U.S.C. § 1367.

States, 338 A.2d 524, 531 (1975) (parent who suffers no physical impact, but experiences serious emotional harm accompanied by physical symptoms from witnessing death of child due to defendant's negligence, may sue for negligent infliction of emotional distress). Yet such a claim is not presented in the Amended Complaint.

Constrained by the Court's duty to be lenient to *pro se* litigants like Ms. Ware, my recommendation is that the Court grant the motion for judgment on the pleadings because Plaintiff Ware has failed to state a viable claim, but also that it should afford her an opportunity to file motion for leave to file a Second Amended Complaint within thirty days of the Court's adoption of this recommendation. This recommendation is made in recognition that Defendants remain free to object to such an amendment at this phase of the case for the reasons set out in Fed. R. Civ. P. 15, including undue prejudice. If no motion to amend is filed or if a motion is timely filed but denied, all claims asserted by Plaintiff Ware should be dismissed.

## IV.     Conclusion

I recommend that Defendants' motion (ECF No. 108) for judgment on the pleadings as to the claims of Plaintiff Ware be GRANTED, provided that her claims should not be dismissed until she has been afforded an opportunity to move for leave to file a Second Amended Complaint, which must be done within thirty days of the Court's determination of this motion for judgment on the pleadings. If Plaintiff Ware does not timely file a motion to amend or she timely files a motion to amend, but it is denied, all of her claims should be dismissed with prejudice.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in

a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 23, 2025