UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
Plaintiffs,

v.

CITY OF CRANSTON, et al.,
Defendants.

C.A. No. 1:23-cv-00479-JJM-PAS
C.A. No. 1:23-cv-00480-JJM-PAS

**PLAINTIFFS' MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS**

NOW COME the Plaintiffs, Joshua Mello and Rachel Ware, and respectfully move this Court to stay all summary judgment proceedings in the above-captioned consolidated matters, including but not limited to deadlines under Rule 56 and any anticipated dispositive motions by the Defendants. This motion is based on the following grounds:

**I. PENDING RULE 59(e) MOTION AND NOTICE OF APPEAL IN PlAINTIFF'S SEPARATE CIVIL LAWSUIT INVOLVING SINGLE NO TRESPASS ORDER**

On July 22, 2025, Chief Judge John J. McConnell, Jr. entered an order and final judgment in C.A. No. 1:24-cv-00348-JJM-PAS dismissing Plaintiffs' civil rights claims with prejudice. Plaintiffs have since filed a Rule 59(e) motion to reconsider that judgment and a Notice of Appeal to the First Circuit. The order at issue was entered without a hearing, relied on demonstrably false findings (e.g., "six lawsuits arising from a single no-trespass order"), there is no record of a de novo review, mischaracterized the record, and denied Plaintiffs' request for leave to amend without discussion.

Given the overlap in legal issues, factual background, and judicial conduct between the dismissed case and the instant consolidated matters, there is a reasonable concern that the factual misstatements and patterns of prejudicial treatment reflected in that ruling could impact this case if dispositive proceedings move forward before resolution of the Rule 59(e) motion or the appeal.

## II. REASONABLE CONCERN OF JUDICIAL BIAS AND PREJUDICE

Plaintiffs respectfully submit that Chief Judge McConnell is currently presiding over both the recently dismissed matter (C.A. No. 24-348) and the consolidated cases now pending. The following circumstances give rise to a good-faith and reasonable concern that judicial bias—whether explicit or implicit—may compromise Plaintiffs' right to a fair and impartial proceeding:

- The Court's reliance on factually unsupported assertions to justify dismissal with prejudice;
- The entry of final judgment just one day after Plaintiffs filed their response to Defendants' reply to Plaintiffs' objection to the Magistrate Judge's R&R—without conducting a hearing or any apparent de novo review;
- The filing of a national judicial ethics complaint by America First Legal (AFL) with the Chief Justice of the United States, formally alleging misconduct by Judge McConnell;
- The existence of ongoing congressional impeachment proceedings implicating Judge McConnell;

- The Court's refusal to recuse Attorney Julia Benevides despite her prior appearance with the Cranston City Solicitor and the Cranston Prosecutor who tried Plaintiff Mello during his criminal trial, attempting to influence his post-conviction relief (PCR) matter—at a time when that PCR directly concerned a defendant in this exact consolidated case. Plaintiffs filed a formal motion seeking counsel's disqualification, which the Court denied without addressing the conflict.

Collectively, these facts reinforce Plaintiffs' concern that impartial adjudication in these matters may no longer be possible before the current presiding judicial officers.

## II. Additional Evidence of a Clear Ethical Conflict Warranting a Stay

America First Legal (AFL) has publicly released significant investigative evidence supporting its formal judicial misconduct complaint against Judge McConnell, currently pending before the First Circuit's Judicial Council. AFL's findings confirm that Judge McConnell served for nearly two decades as Chairman and Chair Emeritus of Crossroads Rhode Island, a nonprofit that received over $128 million in federal funding during his tenure. AFL has identified financial conflicts, audit irregularities, and self-dealing transactions during Judge McConnell's leadership—raising serious concerns under 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for U.S. Judges.

AFL's materials assert that Judge McConnell's nonprofit directly benefited from litigation outcomes over which he presided and that his ties to public grantmaking created an ongoing appearance of impropriety. In light of this public record, Plaintiffs submit that proceeding to dispositive motions while these serious allegations remain under review would risk further undermining the appearance and reality of impartial adjudication.

Under 28 U.S.C. § 455(a), a judge must disqualify himself in any proceeding in which "his impartiality might reasonably be questioned." See also Liteky v. United States, 510 U.S. 540, 548 (1994). Even the appearance of bias mandates recusal when the circumstances would lead a reasonable person to question the judge's neutrality. Canon 3(C)(1) of the Code of Conduct for United States Judges reinforces this standard.

Further, a stay of proceedings is warranted where the moving party demonstrates good cause and the interests of justice and judicial economy favor temporary relief. See Landis v. North American Co., 299 U.S. 248, 254–55 (1936); see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (recognizing the court's inherent authority to manage its docket in the interest of fairness and efficiency).

Accordingly, Plaintiffs respectfully submit that the requested stay should remain in effect not only until the Rule 59(e) motion and related appeal are resolved, but also until these matters can be reassigned to a different District Judge and Magistrate Judge who are not subjects of pending judicial misconduct proceedings or involved in the rulings that have given rise to credible allegations of bias. This reassignment is essential to restoring confidence in the integrity and impartiality of these proceedings.

**III. INTEREST OF JUDICIAL ECONOMY AND FAIRNESS**

The July 23, 2025 R&R (ECF No. 126) further illustrates the risk of compounding judicial errors. Despite acknowledging that Plaintiff Ware presented new factual allegations of physical contact by officers, the Magistrate dismissed her as a mere witness—not a victim—based solely on the structure of the original pleadings. This pattern of rigid procedural dismissal, despite

evolving facts and overlapping claims, threatens the fairness of upcoming summary judgment determinations.

If summary judgment is granted in this case based on a distorted factual record or improper judicial discretion similar to what occurred in C.A. No. 24-348 and the Ware dismissal recommendation, Plaintiffs will be forced to file overlapping appeals, Rule 60 motions, and potentially seek en banc review. Judicial economy strongly favors a short stay of proceedings until the Rule 59(e) motion and appeal are resolved. Doing so would allow both Plaintiffs and the Court to avoid entanglement in conflicting or prejudicial factual determinations.

## IV. SERIOUS QUESTIONS OF JUDICIAL BIAS, IMPROPRIETY, AND PENDING IMPEACHMENT PROCEEDINGS ARE NOW PUBLICLY DOCUMENTED

In addition to the pending judicial misconduct complaint, Judge McConnell has also been named in ongoing congressional impeachment inquiries, raising further concerns regarding his impartiality, ethical obligations, and continued service in cases implicating public trust and civil rights. These public and formal proceedings reinforce Plaintiffs' belief that continued adjudication before Judge McConnell would undermine both the appearance and actuality of justice.

## V. REQUESTED RELIEF

Plaintiffs respectfully request:

1. A stay of all summary judgment proceedings, briefing, and deadlines in the above-captioned consolidated cases (C.A. Nos. 23-479 and 23-480);

2. That the stay remain in effect until resolution of: (a) Plaintiffs' Rule 59(e) motion and any resulting appeal; and (b) the reassignment of these cases to a new District Judge and Magistrate Judge untainted by allegations of bias or conflict;

3. Such other relief as this Court deems just and proper.

**CONCLUSION**

In the interest of fairness, judicial integrity, and constitutional due process, Plaintiffs respectfully request that these summary judgment proceedings be stayed. This request is not made to cause delay, but to safeguard the legitimacy of the judicial process and ensure that proceedings are free from actual or apparent bias.

The requested stay should remain in effect until Plaintiffs' pending Rule 59(e) motion and anticipated appeal in the related matter are resolved, and until reassignment to a neutral judicial officer is possible. While the America First Legal judicial misconduct complaint and the impeachment inquiry are not dispositive on their own, they further support Plaintiffs' well-founded concern regarding impartiality and reinforce the need for procedural safeguards.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th of July 2025, a copy of the foregoing PLAINTIFFS' MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS was served via the e-filing system and via email to:

| | |
|---|---|
| Julia K. Scott-Benevides | Kathleen A. Hilton, Esq. |
| DeSisto Law LLC | DeSisto Law LLC |
| (401) 272-4442 | (401) 272-4442 |
| julia@desistolaw.com | Katie@desistolaw.com |

/s/ Joshua Mello
/s/ Rachel Ware