UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**JOSHUA MELLO and RACHEL WARE,**
Plaintiffs,

v.

**DEREK GUSTAFSON, et al.,**
Defendants.

C.A. No. 1:23-cv-00480-JJM-PAS

**PLAINTIFF RACHEL WARE'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 126)**

Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff Rachel Ware respectfully objects to the Magistrate Judge's Report and Recommendation entered on July 23, 2025 (ECF No. 126), which recommends granting Defendants' Motion for Judgment on the Pleadings as to Ms. Ware's claims. While the recommendation affords Plaintiff thirty days to file a motion for leave to amend, the proposed dismissal of all existing claims and the underlying legal analysis are based on mischaracterizations, legal error, and a failure to apply the proper standards governing pro se litigants and Rule 12(c) motions. Plaintiff respectfully requests that the District Judge reject the recommendation or, alternatively, decline to dismiss any claims with prejudice at this time.

**I. MISCHARACTERIZATION OF FACTUAL ALLEGATIONS IN THE OPERATIVE COMPLAINT**

The Report and Recommendation erroneously states that Ms. Ware is mentioned only once in the factual section of the Amended Complaint and that the pleading is "utterly devoid" of any allegations suggesting direct involvement, contact, or injury. (R&R at 5, 8). This is incorrect.

Paragraphs spanning pages 13 to 17 of the Amended Complaint detail the alleged excessive force incident involving Plaintiff Mello, during which Ms. Ware was present and verbally intervening. At page 14, the complaint references Officer Rocchio's trial testimony about giving time for "Rachel to calm Josh down," indicating that officers were interacting directly with her during the confrontation. In the "Claims for Relief," Plaintiffs collectively allege "significant financial and emotional damages," and elsewhere refer to Ms. Ware as a witness and whistleblower who suffered trauma due to observing and experiencing the state conduct firsthand.

Moreover, contemporaneous video evidence submitted in the record further confirms that Ms. Ware was not a passive bystander. She can be both seen and heard in the footage actively engaged in the events surrounding Plaintiff Mello's arrest. The video shows Ms. Ware being spoken to by school resource officers, involved in the verbal exchanges immediately preceding the physical escalation, and ultimately being physically touched and repositioned by Officer Arruda during the takedown. These visual and auditory details independently support the inference that Ms. Ware was a direct participant in the incident, subjected to unwanted physical contact, and emotionally impacted by the use of force that occurred within arm's reach.

Contrary to the R&R's assertion, these references support a reasonable inference that Ms. Ware was within close proximity, engaged by officers, and directly impacted by the events. The complaint must be read liberally in favor of the nonmovant, particularly a pro se litigant. See Erickson v. Pardus, 551 U.S. 89 (2007).

## II. FAILURE TO DRAW REASONABLE INFERENCES REQUIRED BY RULE 12(C)

At the Rule 12(c) stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the nonmovant's favor. Kando v. R.I. State Bd. of Elections,

2

880 F.3d 53, 58 (1st Cir. 2018). The R&R instead construes ambiguity against Plaintiff Ware, disregarding factual assertions in her brief that align with the video evidence of the arrest. These include Officer Arruda making physical contact with Ms. Ware by pushing or pulling her out of the way, which is observable in the surveillance video already before the Court.

Such evidence, even if not included verbatim in the complaint, is subject to judicial notice or incorporation by reference. Kando, 880 F.3d at 58. At a minimum, the facts support an inference of non-consensual physical contact and potential Fourth Amendment violation.

## III. THE R&R IMPROPERLY NARROWS THE SCOPE OF SURVIVING CLAIMS BASED ON AN INACCURATE AND UNCLARIFIED READING OF PRIOR ORDERS

Plaintiffs respectfully object to the R&R's implicit assumption that only a single constitutional claim—excessive force—remains in this matter. As the record reflects, the Court has never entered a ruling that dismissed any claims other than the Heck-barred claims, and indeed the Court has acknowledged on multiple occasions that the scope of surviving claims has not been expressly clarified. Notably, in footnote 1 of the R&R itself, the magistrate judge admits that ambiguity remains as to whether the Heck ruling in Case No. 479 applies to all of Plaintiff Mello's and Ms. Ware's claims, and even invites Plaintiffs to file a motion for clarification.

Despite this acknowledged ambiguity, the R&R proceeds as if it were established that only excessive force remains. This presumption improperly prejudices Ms. Ware by framing her as a nonparty to the sole remaining claim, when in fact the Amended Complaint alleges multiple constitutional violations including unlawful seizure, due process violations, equal protection

3

concerns, and First Amendment chilling effect, none of which have been expressly dismissed. Nor did the Court's prior Rule 12(b)(6) order (ECF No. 34) limit the case solely to an excessive force claim; rather, it preserved "specific allegations of excessive force" without ruling out or disposing of other constitutional claims that had not been subject to a Heck bar.

To the extent the Court now relies on its own silence to retroactively limit or dismiss other viable claims, such reliance would contradict basic principles of due process, notice, and the liberal pleading standards afforded to pro se litigants. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). At a minimum, Plaintiffs are entitled to clarity regarding which claims have actually been adjudicated and which remain pending, particularly when that lack of clarity is referenced by the Court itself.

Plaintiffs respectfully urge the Court to avoid using unresolved procedural ambiguity—particularly ambiguity of its own creation—as the basis for summarily disposing of claims asserted in good faith by pro se litigants.

**IV. MISAPPLICATION OF LAW ON BYSTANDER LIABILITY**

The R&R adopts an overly narrow view of bystander standing under § 1983, concluding that Ms. Ware cannot recover unless excessive force was directly aimed at her. However, courts recognize that substantive due process claims may be asserted by individuals who suffer emotional and physical distress from official misconduct directed at a close family member, particularly where the individual is physically present and emotionally traumatized. See Claybrook v. Birchwell, 199 F.3d 350, 359 (6th Cir. 2000).

The Report ignores this framework entirely and fails to assess whether Ms. Ware's close proximity to the violent seizure of her spouse gives rise to a cognizable claim. Instead, it incorrectly reduces her potential claims to mere "witness" status.

## V. IMPROPER EXCLUSION OF VIDEO EVIDENCE AND KNOWN RECORD

The Court has previously reviewed the school surveillance footage and is aware of Ms. Ware's physical proximity to the use of force. The R&R errs in asserting that newly described facts in Plaintiffs' opposition brief cannot be considered. Under Rule 12(c), courts may consider documents fairly incorporated into the pleadings or matters of public record. Here, the video and prior findings in this case are judicially noticeable and support Plaintiff's assertion that Officer Arruda physically moved her during the incident.

## VI. FAILURE TO CONSIDER STATE LAW CLAIMS OR FIRST AMENDMENT RETALIATION THEORY

The R&R speculates that Ms. Ware "might" have a viable state tort claim for intentional or negligent infliction of emotional distress but dismisses this without meaningful analysis. Yet the Amended Complaint alleges that both Plaintiffs suffered emotional harm. Under Rhode Island law, a person traumatized by witnessing violent conduct toward a loved one may assert such claims. Gross v. Pare, 185 A.3d 1242, 1245-46 (R.I. 2018). The R&R also fails to consider Ms. Ware's protected role in recording and reporting the incident, which could give rise to a First Amendment retaliation theory.

## VII. CONCLUSION

5

For the foregoing reasons, Plaintiff Rachel Ware respectfully objects to the Report and Recommendation (ECF No. 126) and requests that:

1. The Court reject the recommendation to grant judgment on the pleadings;
2. Alternatively, that no claims be dismissed with prejudice at this stage;
3. That Plaintiff Ware be granted leave to file a Second Amended Complaint with clarified factual detail, including allegations of physical contact, emotional distress, and constitutional injury supported by video and testimony.

Furthermore, Plaintiff Ware respectfully urges the Court not to rely on procedural ambiguity—particularly ambiguity created or acknowledged by the Court itself—as a basis for prematurely disposing of her claims. To do so would compound the disadvantage faced by pro se litigants and risk extinguishing potentially meritorious claims without proper factual development or clear notice.

Dismissal at this stage would not only be legally unsupported but fundamentally unfair, especially where the scope of surviving claims has never been definitively resolved by prior orders. Ms. Ware should be given a full and fair opportunity to amend, clarify, and pursue claims that remain live and actionable.

Respectfully submitted,
/s/ Rachel Ware
/s/ Joshua Mello
 Plaintiff, Pro Se
 Date: August 3, 2025

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th of July 2025, a copy of the foregoing PLAINTIFF RACHEL WARE'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 126) was served via the e-filing system and via email to:

| | |
|---|---|
| Julia K. Scott-Benevides | Kathleen A. Hilton, Esq. |
| DeSisto Law LLC | DeSisto Law LLC |
| (401) 272-4442 | (401) 272-4442 |
| julia@desistolaw.com | Katie@desistolaw.com |

/s/ Joshua Mello
/s/ Rachel Ware