UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
            *Plaintiffs,*

     vs.                                  C.A. No. 1:23-cv-00480-JJM-PAS

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA
            *Defendants*

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT AND
RECOMMENDATION AND
DEFENDANTS' LIMITED OBJECTION TO REPORT AND RECOMMENDATION**

Now come Defendants and hereby respond to Plaintiffs' Objection to the Report and

Recommendation.  Additionally, Defendants object to the Report and Recommendation limited

to the recommendation of allowing Plaintiffs to file an amended complaint.

## I.      Response to Plaintiffs' Objection[1]

In their Amended Complaint, Plaintiffs Joshua Mello ("Joshua Mello") and Rachel Ware

("Rachel Ware") regularly conflate themselves and appear to operate under the assumption that

because they allege Joshua Mello's rights were violated, so too were Rachel Ware's.  Except

even reading Plaintiffs' Amended Complaint as broadly as possible, recognizing that Plaintiffs

are pro se, the Court cannot bend the Amended Complaint to make out a cause of action on

which Rachel Ware could recover.

"In deciding cases involving pro se litigants, the Court must be 'solicitous of the obstacles

that pro se litigants face, and while such litigants are not exempt from procedural rules, [courts]

---

[1] Rachel Ware is only a plaintiff in 23-cv-00480.  She is not a plaintiff in 23-cv-00479.

1

hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.'" *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008).

### a. "Mischaracterization of Factual Allegations in Operative Complaint

It is difficult to fathom how the Court could "mischaracterize factual allegations" contained in Plaintiffs' Amended Complaint as they relate to Rachel Ware when none exist. Even considering the 'facts' cited to in their objection to the Report and Recommendation, that "Ms. Ware was present and verbally intervening," and Officer Rocchio gave time for "Rachel to calm Josh down, indicating that officers were interacting directly with her during the confrontation," these do not make out **any** constitutional violations. Additionally, as described below, Plaintiffs' claim that Rachel Ware "suffered trauma," likely in the form of some type of emotional distress, that claim must fail.

### b. "Failure to Draw Reasonable Inferences Required by Rule 12(c)"

Plaintiffs' claim that the Court's Report and Recommendation fails to draw reasonable inferences required by Rule 12(c) must fail. Plaintiffs Amended Complaint lacks the specific factual allegations required to state a viable claim with respect to Rachel Ware. The Court cannot conduct mental gymnastics on Plaintiffs' behalf to read claims that simply are not properly alleged or even alluded to. As such, any claims related to Rachel Ware must be dismissed.

### c. "Narrows the Scope of Surviving Claims"

The Court explicitly dismissed "all claims in the Complaint except the specific allegations of excessive force against Officers Arruda and John Rocchio….[and] dismisses

Defendants Derek Gustafson, Timothy Vesey, and Steven Catalano without prejudice from this complaint." *See* ECF. 16. Following Plaintiffs filing their Amended Complaint, which was virtually identical in all relevant parts to their original Complaint, Defendants renewed their motion to dismiss. The Court, again, explicitly stated "The Court dismisses all claims in the Amended Complaint, except for the specific allegations of excessive force against Officers Edward Arruda and John Rocchio… [and] dismisses Defendants Derek Gustafson, Timothy Vesey, and Steven Catalano without prejudice from this Amended Complaint." ECF No. 34. Thus the only surviving claim that Defendants can fathom, based on these very explicit rulings, is one for excessive force against Officers Edward Arruda and John Rocchio. If anything, the Court has broadened the required analysis to consider new claims made by Plaintiffs, and recommended allowing Plaintiffs to file a second amended complaint.[2]

There is neither an "unresolved procedural ambiguity," or "ambiguity of [the Court's] own creation" as alleged by Plaintiffs. The explicitly remaining claims contained in the Amended Complaint are only "excessive force against Officers Edward Arruda and John Rocchio", and those claims should summarily be dismissed as they relate to Rachel Ware.

### d. "Misapplication of Law on Bystander Liability" on Substantive Due Process Claim

In their objection to the Report and Recommendations, Plaintiffs attempt a new maneuver in an effort to evade dismissal of Rachel Ware as a Plaintiff, now claiming that she is making a substantive due process claim which would support her claim of 'bystander liability.' In

---

[2] As described below, Defendants object to this recommendation.

reviewing Plaintiffs' Complaint, there is nothing contained therein that would put Defendants on notice that Rachel Ware was making such a claim.

While Plaintiffs have yet to cite a decision that is binding precedent in this jurisdiction, even looking to the Sixth Circuit for guidance, Rachel Ware's claim must fail. "Ordinarily, a charge that law enforcement personnel used excessive force to effect a plaintiff's arrest, which caused bodily injury to that individual, is assessed under Fourth Amendment "objective reasonableness" standards." *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000). (citing *Graham v. Connor*, 490 U.S. 386, 394-97, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7-9, 85 L. Ed. 2d 1, 105 S. Ct. 1694 (1985).) "Accordingly, when an arrestee is "seized" by means of deadly force, any dependent section 1983 claim initiated by the target, or his or her estate, must be supported by proof that, under the pertinent circumstances, the means used to detain the suspect were objectively "unreasonable." *Id*. However, the Fourth Amendment "reasonableness" standard does not apply to section 1983 claims which seek remuneration for physical injuries inadvertently inflicted upon an innocent third party by police officers' use of force while attempting to seize a perpetrator, because the authorities could not "seize" any person other than one who was a deliberate object of their exertion of force. *Brower v. County of Inyo*, 489 U.S. 593, 596, 103 L. Ed. 2d 628, 109 S. Ct. 1378 (1989). Rather, constitutional tort claims asserted by persons collaterally injured by police conduct who were not intended targets of an attempted official "seizure" are adjudged according to substantive due process norms. *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1714-16, 140 L. Ed. 2d 1043 (1998).

In a rapidly evolving, fluid, and dangerous predicament which precludes the luxury of calm and reflective pre-response deliberation (such as, for example, a prison riot), public servants'

reflexive actions "shock the conscience" only if they involved force employed "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline[.]" *Id.* at 1720 (citation omitted).

Here, there is not a single allegation contained in the Amended Complaint that would seem to indicate that first, any officer made physical contact with Rachel Ware. But even if there were, there is not a single allegation that would suggest that there were physical injuries inadvertently inflicted upon Rachel Ware. Moreover, as this would have been a rapidly evolving, fluid, and possibly dangerous predicament, there is nothing in the complaint that would suggest actions towards **Rachel Ware** that would "shock the conscience" or "force employed maliciously and sadistically for the very purpose of causing harm."

As discussed further below, Plaintiffs should not be allowed the opportunity to amend their complaint for a second time for a multitude of reasons, including statute of limitations, futility, and undue prejudice.

### e.  "Improper Exclusion of Video Evidence and known record"

Plaintiffs claim that the Court did not consider newly described facts in Plaintiffs' opposition brief, but should have, in ruling on Defendants' motion for judgment on the pleadings. This argument highlights the fact that none of these "newly described facts" are contained in the operative complaint. That is, Plaintiffs admit that they have failed to include facts that are material to their claims in their Amended Complaint. Given this admission, as well as the fact that Defendants have moved for **judgment on the pleadings**, Plaintiffs' Amended Complaint as it relates to any claim Rachel Ware makes should be dismissed.

### f.  "Failure to consider state law claims of first amendment retaliation theory"

As it relates to any claim for intentional infliction of emotional distress or negligent infliction of emotional distress for **Rachel Ware**, Plaintiffs again have failed to allege even the faintest trace of the necessary facts to support those claims.

In order to impose liability on a defendant for intentional infliction of emotional distress: "(1) the conduct must be intentional or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be *extreme and outrageous*, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress in question must be severe." Gross v. Pare, 185 A.3d 1242 (R.I. 2018)( quoting *Swerdlick v. Koch*, 721 A.2d 849, 862 (R.I. 1998) (emphasis added); *Champlin v. Washington Trust Co. of Westerly*, 478 A.2d 985, 989 (R.I. 1984)).

Furthermore, "this Court has required at least some proof of medically established physical symptomatology for both intentional and negligent infliction of mental distress." *Id.* at 863. This Court has adopted *Restatement (Second) Torts* § 46 cmt. *d* (1965), which provides, in pertinent part:

"It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. *Liability has been found only where the conduct has been so outrageous in character*, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim,*

*'Outrageous!'"* (Emphasis added); *see also Swerdlick*, 721 A.2d at 862; *Champlin*, 478 A.2d at 988.

Not only have Plaintiffs failed to allege the necessary facts in their Amended Complaint, such that Defendants would be on notice of a claim by **Rachel Ware** for either intentional infliction of emotional distress or negligent infliction of emotional distress, Plaintiffs are barred from asserting any such claim. On January 29, 2025, Plaintiffs were ordered to produce healthcare records related to the claims alleged in their Amended Complaint, but failed to do so. *See* ECF No 101. Defendants then moved to dismiss Plaintiffs' Amended Complaint, which the Court denied, but opted for the lesser sanction that "both Plaintiffs are precluded from introducing evidence and from testifying or presenting testimony by others regarding mental symptoms beyond garden variety emotional distress." *See* ECF No. 107. As they are precluded from testifying to anything further than "garden variety" emotional distress, it is impossible for Plaintiffs to establish the necessary physical symptomatology for both intentional and negligent infliction of mental distress.

In this section, Plaintiff additionally claims that the Court "fails to consider Ms. Ware's protected role in recording and reporting the incident, which could give rise to a First Amendment retaliation theory." Plaintiffs clearly ignore the fact that they do not allege such a theory in their Amended Complaint. In fact, there is not a single reference to the First Amendment contained in the Amended Complaint. As such, whether the facts "could give rise" to a First Amendment retaliation claim[3] is immaterial because the Amended Complaint does not

---

[3] Defendants do not concede this point and dispute that any of the factual allegations could amount to a First Amendment Retaliation Claim.

specifically articulate a First Amendment claim.  Plaintiffs' argument should be dismissed by the Court.

## II.    Defendants' Limited Objection

Defendants take issue with only one item in the Report and Recommendation: allowing Plaintiff's to file a second amended complaint.  Recognizing that there is a dearth of facts related to Rachel Ware in the Amended Complaint, any cause of action she has must be based on the incidents that took place on October 21, 2021.  Given that all of her 'claims' have a three-year statute of limitations, any new claim that was not contained within Plaintiffs' Amended Complaint is time-barred.

The United States Supreme Court "directs federal courts adjudicating civil rights claims under 42 U.S.C. § 1983 to borrow the statute of limitations applicable to personal injury actions under the law of the forum state." *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 352 (1st Cir. 1992) (internal quotation marks omitted); see also *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) (§ 1983 claims subject to state statute of limitations for personal injury actions). Under Rhode Island law, the applicable statute of limitations for claims alleging a constitutional violation under 42 U.S.C. § 1983 is Rhode Island's three-year personal injury statute of limitations. *Richer v. Parmelee*, 189 F. Supp. 3d 334, 343 (D.R.I. 2016); R.I. Gen. Laws § 9-1-14(b); see also *Walden, III, Inc. v Rhode Island*, 576 F.2d 945, 946-47 (1st Cir. 1978) (affirming that Rhode Island's three-year statute of limitations for personal injury actions applies to civil rights actions brought under 42 U.S.C. § 1983).

In order to toll the statute of limitations, Plaintiffs would have needed to file an amended complaint alleging these new causes of action on or before October 21, 2024.  They did not, and thus, this amendment would be futile.  If Plaintiffs were now allowed to amend their complaint,

Defendants would file yet another motion to dismiss based, at least in part, on this statute of limitations issue. They should not be required to expend even more resources to respond to what would be a clearly futile amendment to their complaint. As such, the Court should not adopt the Report and Recommendation's suggestion that Plaintiffs be allowed to amend their complaint for a second time.

Finally, an amendment that this point would be unduly prejudicial to Defendants. Factual discovery closed on January 6, 2026, over 7 months ago, expert discovery has been closed since April 7, 2025. Other than the resolution of Plaintiffs' motion for summary judgment, this matter is ready for trial. If the Court were to allow Plaintiffs to amend their complaint for yet another bite at the apple, Defendants would incur additional expenses in needing to conduct further written discovery and/or depositions. Discovery in this case has already proven to be an onerous task with Plaintiffs' intentional disregard of the Court's order related to their medical records. See ECF No. 107 (noting "[t]he Magistrate Judge did not even recommend the harshest sanction–dismissal of the Complaint (to which she would have been justified based on the intentional disregard of the Court's order)–but recommends a more nuanced sanction of preclusion"). An undue delay in seeking to amend a complaint may be a sufficient basis for denying leave to amend when granting the motion will further delay the proceedings. Harvey v. Snow, 281 F. Supp. 2d at 380. Interestingly, Plaintiffs have never sought a second amendment, though they have been warned that their Amended Complaint is factually lacking, but any amendment at this eleventh hour would cause significant undue prejudice to Defendants.

## III.    Conclusions

Defendants respectfully request that the Court adopts the Report and Recommendation, excluding the recommendation to allow Plaintiffs to amend their complaint.

Defendants
By their Attorney,

*/s/ Kathleen A. Hilton*
Kathleen A. Hilton, Esq.  (#9473)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
katie@desistolaw.com

<u>CERTIFICATION</u>

I hereby certify that the within document has been electronically filed with the Court on the 5th day of August, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello                        Rachel Ware
57 Rolfe Square, Unit 10113         57 Rolfe Square, Unit 10113
Cranston, RI 02910                  Cranston, RI 02910
kskustomsrideons@gmail.com          kskustomsrideons@gmail.com

*/s/ Kathleen A. Hilton*