UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO<br><br>*Plaintiff,*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-000479-JJM-PAS |
| JOSHUA MELLO and RACHEL WARE<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br><br>*Defendants* | C.A. No. 1:23-cv-000480-JJM-PAS |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL**

Now come Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") and hereby object to Plaintiffs, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware") Motion to Disqualify Attorney Julia K. Scott- Benevides ("Attorney Scott- Benevides") because this is an entirely frivolous motion. Importantly, Plaintiffs fail to establish that Attorney Scott- Benevides violated any rules of the Rhode Island Code of Professional Conduct and/or the Federal Court Rules of Civil Procedure let alone any rules that would warrant disqualification appropriate or necessary. Instead, Plaintiffs file their instant motion as their latest attempt to frivolously accuse and undermine those involved in

this matter of misconduct.[1] As a result, Plaintiffs' Motion to Disqualify Attorney Scott- Benevides fails.

## I. RELEVANT BACKGROUND PROCEDURAL AND HISTORY

Due to the expansive procedural history of this matter, Defendants provide the relevant history as follows: Plaintiff Mello was arrested on October 21, 2021 at Western Hills Middle School, which resulted in him being charged with the misdemeanors of (1) resisting arrest, (2) disorderly conduct, and (3) possession of weapons other than firearms. See attached, Exhibit A, (docket). Assistant City Solicitor, Steven Catalano ("Attorney Catalano") prosecuted Plaintiff Mello throughout the course of the State District Court proceedings that occurred as a result of this arrest. After several days at trial, Plaintiff Mello was convicted of (1) disorderly conduct and (2) possession of weapons other than firearms in November 2022. See attached Exhibit A. Plaintiff Mello initially appealed his conviction to the Rhode Island Superior Court. See attached Exhibit B, docket P3-2022-4224A. On July 23, 2023, Plaintiff Mello filed for post-conviction relief as to his conviction. See attached Exhibit C, Plaintiff's Motion. On September 23, 2023, Superior Court Magistrate John McBurney granted Plaintiff Mello's Motion to vacate his appeal and remand the matter to District Court. See attached, Exhibit D, Order.

[1] "[W]hen an attorney or an unrepresented party submits a pleading, motion, or other paper to a federal court, [his]signature constitutes a certification that [he] has read it and formed a belief after reasonable inquiry that it is . . .well grounded in fact . . . ." Mills v. Brown, 372 F. Supp. 2d 683, 693 (D.R.I. 2005) (emphasis added). Rule 11 of the Federal Rule of Civil Procedure "states that when a pleading, motion, or other paper violates this rule, the court may impose sanctions." Id. Rule 11 applies to pro se litigants. Id. By submitting a filing or motion to a federal court a pro se litigant is certifying, among other things, that to the best of the person's knowledge "formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ." Fed. R. Civ. P. 11(b) & (b)(3). Defendants believe that the allegations Plaintiffs made in the instant motion in addition to several other of their filings in this Court are inappropriate and harassing towards Defendants and their Counsel and have no basis in fact or law.

Plaintiff Mello filed his Complaint in C.A. No. 1:23-cv-00479 (23-cv-00479, ECF No. 1) and Plaintiffs filed their original Complaint in C.A. No. 1:23-cv-00480 (23-cv-00480, ECF No. 1) on November 23, 2023 in this Court as a result of Plaintiff Mello's October 21, 2021 arrest and subsequent criminal trial. Attorney Scott- Benevides and Attorney Marc DeSisto ("Attorney DeSisto") filed their entry of appearances for Defendant Rocchio and Defendant Arruda in C.A. No. 1:23-cv-00479 and Defendant Rocchio, Defendant Arruda, Derek Gustafson, Timothy Vesey, and Steven Catalano in C.A. No. 1:23-cv-00480 on December 14, 2023. See 23-cv-480, ECF Nos. 9 and 10. On that same date, Defendant Rocchio, Defendant Arruda, Derek Gustafson, Timothy Vesey, and Steven Catalano filed their Partial Motion to Dismiss Plaintiffs' Heck barred claims in C.A. No. 1:23-cv-00480. See 1:23-cv-00480, ECF No. 12.

The initial proceeding on Plaintiff Mello's post-conviction relief took place on December 18, 2023. See attached, Exhibit A. Attorney Scott- Benevides attended the public hearing on that date, sat with Attorney Catalano and City Solicitor, Christopher Millea ("Attorney Millea") during the proceedings. Attorney Scott- Benevides only addressed the Court to answer questions as to her presence at the hearing, to which she provided that she was only there to observe in light of her representation of the City (including Defendant Catalano) in the Federal Court lawsuits that Plaintiff Mello brought against them. Attorney Scott- Benevides at no point entered her appearance in Plaintiff Mello's post-conviction relief proceedings. See attached, Exhibit A; see also attached Exhibit E. Despite this, Plaintiffs allege that there was some form of misconduct for Attorney Scott- Benevides to attend this hearing and not instruct Attorney Catalano to not involve himself in the post-conviction relief proceeding in light of her representation of Attorney Catalano in the

instant lawsuit in at least *thirteen (13)* of their other filings throughout the course of this lawsuit. See 23-cv-00480, ECF Nos. 15, 21, 27, 29, 31, 33, 36, 38, 42, 46, 64, 99, and 127.[2]

Plaintiffs filed a Motion to Compel Discovery on December 19, 2024 alleging that Defendants "employed identical or substantially similar objections across multiple interrogatories…," "failed to engage with Plaintiffs' claims," "eva[ded] direct questions," and had a "pattern of bad faith conduct" of "repeated use of boilerplate objections, refused to clarify testimony, improper invocate[ed] privileges, and object[ed] to multi-part questions." See 23-cv-00480, ECF No. 64. On December 23, 2024, Plaintiffs filed a Motion for Emergency Discovery Conference Regarding Tampered and Altered Document Produced by Defendants. See 23-cv-00480, ECF No. 65. On January 2, 2025, Defendants filed an Objection to Plaintiffs' Motion for Emergency Discovery Conference Regarding Tampered and Altered Document Produced by Defendants disputing Plaintiffs' allegations against them. See 23-cv-00480, ECF No. 66. Defendants filed a Motion to Compel More Responsive Answers on January 6, 2025 (ECF No. 67), which also was the same day factual discovery closed pursuant to the October 7, 2024, Text Order granting (25) Motion for Extension of Scheduling Order Deadlines. Plaintiffs filed their objections to Defendants' Motion to Compel More Responsive Answers on January 8, 2025, where they argued that Defendants' Motion was untimely in light of the January 6, 2025, factual discovery closure date. See 23-cv-00480, ECF No. 69. Plaintiffs also asserted that they fully complied with Defendants' discovery requests since they provided the "relevant" and "non-privileged" medical records to Defendants. Id.

---

[2] When addressed by this Court, this Court indicated that "[t]here is no reason to believe that counsel for the Defendants will conduct themselves in any non-professional, or extra-civil rules manner." See 6/24/2024 Text Order denying (20) Motion for Protective Order, denying Motion to Compel (21), and denying (220) Motion to Limit Defendants' Questioning During Deposition.

On January 29, 2025, Magistrate Sullivan held a hearing Plaintiffs' Motion to Compel, Plaintiffs' Motion for Emergency Discovery Conference, and Defendants' Motion to Compel More Responsive Answers. As to the Motion to Compel Magistrate Sullivan held that,

> As to interrogatory 14 (Rocchio), Defendant Rocchio is ordered to supplement his response by reference to the training regarding which he previously testified that he is an instructor and to respond: (1) whether that training reflects a protocol emphasizing communication that was applicable to him as a Cranston Police Officer during the incident in issue; (2) if yes, whether Defendant Rocchio acted consistent with that protocol during the incident in issue; and (3) if he did not, explain why. As to interrogatory 14 (Arruda), Plaintiffs are ordered to pinpoint the testimony on which the interrogatory is based within fourteen days of the issuance of this Order and, within twenty-one days of his receipt of the pinpoint of the testimony, Defendant Arruda is ordered to supplement his response by clarifying his testimonial reference (as he actually testified) to putting Plaintiff Mello into a so-called "head to head" while descending to the floor, and to state whether and to what degree such testimony describes a technique or procedure that is the subject of any training he has received. Except as set forth in this Order, Defendants' supplementation is due within twenty-one days of the issuance of this Order. Otherwise, the Court finds that Defendants' responses are sufficient and that there is no evidence of any spoliation of or tampering with any relevant documents; accordingly, the balance of the relief sought by the motion is denied.

<u>See</u> 01/29/2025 Text Order granting in part and denying in part Plaintiffs' Motion to Compel Discovery Response. As to Defendants' Motion to Compel More Responsive Answers, Magistrate Sullivan held that,

> To the extent that Defendants seek a further response to the request for separate tax returns (state and federal) for K's Kustoms, the motion is denied in reliance on Plaintiffs' representation that K's Kustoms is a sole proprietorship whose tax information is incorporated into the personal tax return of Plaintiff Mello and that all such responsive tax returns that have been prepared, filed, and are still available, have been produced; during the hearing, Plaintiffs confirmed their intent to comply with their duty to supplement as additional tax returns are filed. To the extent that Defendants seek further responses to specified interrogatories and documents requests seeking health care information from both Plaintiffs [Mello interrogatory 14 and document request 11; Ware interrogatory 14], the Court finds that each Plaintiff has alleged that the incident in issue caused "overwhelming anxiety", "left an indelible mark on our psyche" and resulted in "harm, injuries and damages," as well as "immeasurable pain and suffering," ECF No. 20 at 19-20, including as to Plaintiff Mello his testimony that he suffered "a concussion and a blackout," ECF No. 67-12 at 5. Accordingly, the Court finds that Plaintiffs have directly placed in

> issue their receipt of health care (mental and physical) during the three-year period prior to and following the incident, that the discovery sought -- information as to both Plaintiffs and records if any that are in his possession, custody and control as to Plaintiff Mello -- are relevant and that Plaintiffs' federal and state law rights to protection from disclosure of such health care information have been waived. Accordingly, Plaintiffs are ordered to supply supplemental responses within twenty-one days of the issuance of this text order. If Plaintiffs fail to comply with this Order, Defendants may seek remedies pursuant to Fed. R. Civ. P. 37. This Order is subject to the right of Plaintiff Ware to revoke the waiver of her right to confidentiality of health care records by withdrawing her claim of emotional or other injury beyond "garden variety" emotional distress by filing a signed and enforceable stipulation acceptable to Defendants waiving forever her right to seek or to recover any compensatory damages beyond "garden variety" emotional distress, provided that such stipulation must be filed with fourteen days of this Order.

See 01/29/2025 Text Order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers to Discovery. As to Plaintiffs' Motion Emergency Discovery Conference Magistrate Sullivan held that,

> Plaintiffs' Motion was granted to the extent that the Court carefully reviewed Plaintiffs' written filings regarding their claim of spoliation of and tampering with evidence and the Court held an extended in-person hearing at which the Court heard Plaintiffs' arguments regarding the allegation of spoliation of/tampering with evidence. The Court finds that, as Plaintiff Mello conceded during the hearing, this document may arguably be relevant to his ongoing postconviction relief ("PCR") proceedings; however, it has no relevancy to the claims in issue in this case based on the Court's ruling that claims arising from the criminal conviction that is the subject of such ongoing PCR proceedings are Heck-barred, ECF Nos. 16, 34. Further, having carefully considered Plaintiffs' submissions and arguments, the Court finds that Plaintiffs have not presented anything establishing or permitting the inference that the document in issue was materially altered or tampered with in any way. Accordingly, any other relief sought by this motion is denied.

See 01/29/2025 Text Order granting in party and Denying Plaintiffs' Motion Emergency Discovery Conference Regarding Tampered and Altered Document Produced by Defendants. On February 12, 2025, Plaintiffs filed a Motion for Reconsideration relating to Magistrate Sullivan's January 29, 2025 ruling on Plaintiffs' Motion Emergency Discovery Conference. See 23-cv-00480, ECF No. 76

Pursuant to Magistrate Sullivan's Text Order, Defendant Rocchio emailed his Supplemental Responses on February 18, 2025, and Defendant Arruda emailed his Supplemental Responses on February 26, 2025. See attached Exhibit F. Plaintiffs then filed a Motion for Judicial Notice on March 17, 2025, where Plaintiffs argued that Defendant Arruda's supplemental response to Plaintiffs' Interrogatories was "a vague, contradictory, and misleading explanation, attempting to shield himself behind conflicting training programs while evading direct accountability," were "riddled with boilerplate objections, vague legal conclusions, and speculative justifications, all deliberately crafted to avoid answering the question," "shifts between third-person and first-person perspectives, making it unclear whether the response is a legal narrative prepared by counsel or Defendant Arruda's sworn personal testimony." See, ECF No. 88. This Court denied Plaintiffs' Motion for Judicial Notice on March 31, 2025. See 03/31/2025 Text Oder denying Plaintiffs' Motion for Judicial Notice.

Defendants filed a Motion to Dismiss on February 20, 2025 for Plaintiffs' failure to comply with Magistrate Sullivan's Order that compelled Plaintiffs to provide more responsive answers. See 23-cv-00480, ECF No. 82. Plaintiffs filed their Objection to Defendants' Motion on February 24, 2025 (23-cv-00480, ECF No. 84) and Defendants filed a reply to Plaintiffs' Objection on February 26, 2025 (23-cv-00480, ECF No. 86). On March 17, 2025, Plaintiffs filed an Evidentiary Brief in opposition of Defendants' Motion to Dismiss where Plaintiffs argued that Defendants' Motion to Dismiss should be denied Defendants allegedly committed discovery because Defendant Rocchio's responses "do not appear to be his own words but rather a legal strategy crafted by his attorney." See 23-cv-00480, ECF No. 89. In this motion, Plaintiffs also requested that this Court impose sanctions on Defendants to "remedy the discovery abuses committed by Defendant Rocchio and his counsel." Id.

On March 18, 2025, this Court denied Plaintiffs' Motion for Reconsideration as to Magistrate Sullivan's ruling on Plaintiffs' Motion for Emergency Discovery Conference, where the Court determined that there was "no basis for altering its original Text Orders in these cases based on the utter dearth of any evidence document tampering and on the irrelevancy of the document in issue to the claims and defenses in these cases." See ECF No. 93. On April 28, 2025, this Magistrate Sullivan denied Defendants' Motion to Dismiss to the extent that the motion sought dismissal of the action. See 23-cv-00480, ECF No. 101. Magistrate Sullivan recommended that this Court grant Defendants' Motion to Dismiss to the extent that it seeks lesser Fed. R. Civ. P. Rule 37(b)(2)(A) sanctions. Id. at p. 16-17. Magistrate Sullivan recommended that this Court issue an order precluding Plaintiff Mello from seeking damages for physical injuries beyond the symptoms in the two (2) records from October 2021 that were produced and precluding both Plaintiffs from seeking damages for emotional injuries beyond the garden variety. Id. at p. 16-17.

On May 12, 2025, Plaintiffs filed their Objection to Magistrate Sullivan's Report and Recommendation, where they in part argue that they followed the Court's "discovery directive" and that the Defendants have allegedly "engaged in troubling and obstructive discovery practices," where they again, bring up issues with Defendants' responses to Interrogatories. See 23-cv-00480, ECF No. 106. On May 19, 2025, this Court adopted Magistrate Sullivan's Motion to Dismiss. See ECF 23-cv-00480, No. 107. On May 27, 2025, Plaintiffs filed a "Supplemental Declaration in Further Support of Plaintiffs' Objection to Report and Recommendations dated April 28, 2025," where they continued to argue the same issues and argued that Defendants committed discovery violations in not advising Plaintiffs that they could read and sign their deposition transcript pursuant to Fed. R. Civ. P. Rule 30(f), and that Defendants violated the Court's scheduling order

when they filed Motions for Extension of Time despite the Court indicating that "No More Extensions will be Granted." See 23-cv-00480, ECF No. 109.

On July 28, 2025, Plaintiffs submitted a Motion to Stay Summary Judgment Proceedings, where they in part argue that the Court was biased against Plaintiffs for various reasons, including what Plaintiffs believe to be the Court's "refusal to recuse Attorney Julia Benevides despite her appearance with Cranston City Solicitor and the Cranston Prosecutor who tried Plaintiff Mello during his criminal trial, attempting to influence his post-conviction relief (PCR matter)—at a time when the PCR directly concerned a defendant in this exact consolidated case. Plaintiffs filed a formal motion seeking counsel's disqualification, which the Court denied without addressing the conflict." See 23-cv-00480, ECF No. 127. In response to this portion of Plaintiffs' motion, Defendants included a footnote in their Objection to Plaintiffs' Motion to Stay Proceedings that provided, "[a]s with Plaintiffs other attempts to attack Attorney Scott- Benevides, all allegations made against Attorney Scott- Benevides, including the allegations that she was representing "Cranston City Solicitor" and the "Cranston Prosecutor" during Plaintiff Mello's post-conviction relief proceedings are baseless and vehemently denied as they are not true." See 23-cv-00480, ECF No. 130-1 at n. 2.

Plaintiffs filed the instant motion on August 29, 2025 arguing that Attorney Scott-Benevides should be disqualified because she "(1) made a materially false representation to this Court; (2) submitted attorney-authored answers that are unresponsive under Rule 33; (3) relied on deposition transcripts before affording Plaintiffs the Rule (30)(e) review-and-errata process; (4) pursued a discovery dispute despite prior notice that the records at issue do not exist; and (5) produced a non-conforming Cranston Police Department evidence-destruction record that mixes typed and handwritten entries and lacks customary insignia." See 23-cv-00480, ECF No. 104.

## II. STANDARD OF REVIEW

The moving party bears the burden in a motion to disqualify. Rivera Molina v. Casa La Roca, LLC, 546 F. Supp. 3d 108, 112 (D.P.R. 2021) "Disqualification motions serve to protect the legal profession from ethical violations that shake the public's confidence in the legal profession, and also serve to preserve the dignity of the judicial process." Gray v. Rhode Island Dep't of Child., Youth & Fams., 937 F. Supp. 153, 156 (D.R.I. 1996). "However, unless the underlying judicial process will be tainted by an attorney's conduct, courts should be reluctant to grant disqualification motions." Id. (citing Board of Educ. of New York v. Nyquist, 590 F.2d 1241, 1246 (2nd Cir.1979)). In such a motion, "a court must respect the client's right to retain the attorney of his or her choosing." Gray, 937 F.Supp. at 156. It follows that, "[c]ourts must balance two competing interests when deciding a motion to disqualify another party's attorney: (i) the client's right of choosing an attorney and (ii) the protection of the integrity of the judicial process" Id. (citing Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc., 903 F.Supp. 253, 256 (D.P.R.1995)). It is also necessary that the court remain skeptical of disqualification motions because of the increasingly strategic manner in which they are used. Estrada v. Cabrera, 632 F.Supp. 1174, 1175 (D.P.R.1986).

## III. ARGUMENT

a. Attorney Scott- Benevides did not make a material misrepresentation to the Court in the Defendants' Objection to Plaintiffs' Motion to Stay.

Attorney Scott- Benevides was truthful and did not "materially misrepresent" any fact or law to this Court in Defendants' Response to Plaintiffs' Motion to Stay or at any other point during the pendency of this lawsuit. Rule 3.3 of the Rhode Island Rules of Professional Conduct provides that "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." RI

R S CT ART V RPC 3.3(a)(1). Rule 8.4 of the Rhode Island Rules of Professional Conduct indicates that "[i]t is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."[3] RI R S CT ART V RPC 8.4(c). Plaintiffs allege that Attorney Scott- Benevides materially misrepresented that she never represented Cranston City Solicitor and Cranston's Prosecutor during Plaintiff Mello's post-conviction relief proceedings in Defendants' Response to Plaintiffs' Motion to Stay. It is ***true*** that Attorney Scott- Benevides did not represent the Cranston City Solicitor and Cranston's Prosecutor during Plaintiff Mello's post-conviction relief proceeding. Pursuant to Rule 1.2 of the Rhode Island Rules of Professional Conduct,

> [A] lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.

RI R S CT ART V RPC Rule 1.2(a). At the time of Plaintiff Mello's post- conviction relief proceeding in December 2023, Attorney Scott- Benevides only entered her appearance in C.A. Nos. 23-cv-00480 and 23-cv-00479 and never entered her appearance on behalf of any party in Plaintiff Mello's post-conviction relief matter. See 23-cv-00479, ECF No. 9, 23-cv-00480, ECF No. 10; see also, Exhibit A and Exhibit E. Since Attorney Scott- Benevides was not retained by any Cranston (former or current) Defendant for the purposes of Plaintiff Mello's post-conviction

[3] Defendants also recognize that Plaintiffs cite RI R S CT ART V RPC Rule 8.4 (d) in the instant motion. Plaintiffs offer no basis as to the applicability of RI R S CT ART V RPC Rule 8.4 (d) to their instant motion, which provides that "[i]t is professional misconduct to engage in conduct that is prejudicial to the administration of justice, including but not limited to, harmful or discriminatory treatment of litigants, jurors, witnesses, lawyers, and others based on race, national origin, gender, religion, disability, age, sexual orientation or socioeconomic status."

relief proceedings, Attorney Scott- Benevides did not represent any Cranston (former or current) Defendant during the December 2023 hearing.

Moreover, Attorney Scott- Benevides never violated Rule 3.3(a)(1) and Rule 8.4(c). Defendants' Objection to Plaintiffs' Motion to Stay merely responded to Plaintiffs' accusations that they had made at least twelve (12) times before where they alleged that Attorney Scott-Benevides improperly appeared with Cranston City Solicitor and the Cranston Prosecutor at Plaintiff Mello's initial hearing on his post-conviction relief motion. Defendants were clear (as Defendants have stated in response each time Plaintiffs make this allegation) that they deny Plaintiffs' allegations that Attorney Scott- Benevides represented the Cranston City Solicitor and the Cranston Prosecutor for the purposes of (or "***during***") Plaintiff Mello's post-conviction relief proceeding. See 23-cv-00480, ECF No. 130-1 at n. 2. Attorney Scott- Benevides has never denied that she represents the Cranston (former and current) Defendants for the purposes of the instant federal court proceeding(s), but Attorney Scott- Benevides never represented Cranston City Solicitor and the Cranston Prosecutor for Plaintiffs' post-conviction relief.[4] E.g. 1:23-cv-00480, ECF Nos. 30, 46, 130-1. As such, disqualification is wholly unsupported (and inappropriate) as there is no indication that Attorney Scott- Benevides lied, materially represented, or was dishonest to this Court.

b. Attorney Scott- Benevides did not violate any Federal Court Rules of Civil Procedure in her representation of Defendants in the instant lawsuit.

Although the remaining arguments made in Plaintiffs' motion have already been presented to this Court in Plaintiffs' previous filings, Attorney Scott- Benevides did not violate any of the

[4] To date, not only does Attorney Scott- Benevides not regularly practice in the Rhode Island State District Courts, but she does not and has never practiced criminal law since becoming barred as a Rhode Island attorney in 2021.

Federal Court Rules of Civil Procedure in Defendants' responses (and supplemental responses) to Plaintiffs' Interrogatories, Defendants' utilization of deposition transcript in Defendants' filings, or produce a "non-conforming Cranston Police Department evidence destruction record."

Plaintiffs fail to adequately set forth a basis any issue with Defendants' responses to Interrogatories. It was determined at the January 29, 2025 hearing on Plaintiffs' Motion to Compel, that outside of Defendant Arruda's Interrogatory Response No. ___ and Defendant Rocchio's Interrogatory Response No., "Defendants' responses a [were] sufficient." In addition, Plaintiffs attempted to bring up this same issue with the Courts as part of their Motion for Judicial Notice and their Supplemental Declaration in Support of their Objection to Defendants' Motion to Dismiss. To date, this Court has not determined that there are any issues with the Defendants' Supplemental Responses to Plaintiffs' Interrogatories.

Moreover, Plaintiffs claim that Defendants should have instructed Plaintiffs about reading and signing the Deposition Transcript is also misconstrued. Rule 30(e) of the Federal Rules of Civil Procedure provides,

> **<u>On request by the deponent or a party before the deposition is completed</u>**, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(emphasis added). Rule 30(e) specifically requires that the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available… on request by the deponent or a party before the deposition is completed. Rule 30(e) does not require the deposing party to instruct the deponent. Neither Plaintiff Mello nor Plaintiff Ware requested that they would like to read and sign their transcript before their depositions were completed. As such, Attorney

Scott- Benevides did not violate any rules when she did not tell Plaintiffs that they could "read and sign" or make any revisions to their deposition transcripts.

Additionally, the Cranston Police evidence destruction record" issue has been addressed, briefed, and heard a series of times, and it has already been determined that there is no evidence that Defendants tampered the document. See e.g., 23-cv-00480, ECF Nos. 65, 66, 76, and 93; see also 01/29/2025 Text Order regarding Plaintiffs' Motion Emergency Discovery Conference. Plaintiffs' motion does not provide any facts or basis for this Court to change its determination.

Attorney Scott- Benevides also did not "misconstrue Plaintiffs' claims." It has been determined by this Court that "[it] has already dismissed without prejudice all section 1983 claims that are Heck-barred by Plaintiff Mello's criminal convictions, **leaving pending only the claims of excessive force**, which are not Heck-barred." See 04/14/2025 Text Order Denying (73) Motion to Stay Proceedings Pending Resolution of Post-Conviction Relief Petition case. (emphasis added). Moreover, neither Plaintiffs make **any claims** in C.A. No. 1:23-cv-00479 or 1:23-cv-00480, that in even the most lenient reading, could put Defendants on notice for "unlawful arrest, retaliation, due process violations, defamation, and misconduct in discovery" as Plaintiffs now allege in the instant motion. Given that Plaintiffs fail to support their argument that Attorney Scott- Benevides violated any of the rules Federal Court Rules of Civil Procedure, disqualification of Attorney Scott-Benevides is inappropriate.

## IV. CONCLUSION

Wherefore, Defendants respectfully request that this Court deny Plaintiffs' Motion to Disqualify Attorney Scott- Benevides.

Defendants
By their Attorney,

*/s/ Julia K. Scott- Benevides*
*/s/ Kathleen A. Hilton*
Julia K. Scott-Benevides, Esq. (#10408)
Kathleen A. Hilton, Esq. (#9473)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com
katie@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on the 12th day of September, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

*/s/ Julia K. Scott- Benevides*