UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
*Plaintiffs,*

vs.

DEREK GUSTAFSON, TIMOTHY VESEY, STEVEN CATALANO, JOHN ROCCHIO and EDWARD ARRUDA
*Defendants*

C.A. No. 1:23-cv-00480-JJM-PAS

**DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF RACHEL WARE'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

Defendants Edward Arruda and John Rocchio hereby object to Plaintiff Rachel Ware's Motion for Leave to File a Second Amended Complaint. The proposed amendments are futile as they fail to cure the deficiencies previously identified by the Court and do not present any new facts that would support a viable legal claim. Plaintiff's proposed Second Amended Complaint does little more than insert her name into existing paragraphs, without alleging sufficient facts to state a legally cognizable claim. Additionally, Defendants would be substantially prejudiced if this amendment were allowed. Any amendment would necessitate reopening fact discovery, after having been closed for nearly ten (10) months, as well as expert discovery, which has been closed for nearly nine (9) months. Finally, Plaintiff's proposed amendments do not relate back, and as such, are barred by the three-year statute of limitations. Plaintiffs' motion to amend should therefore be denied.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given when justice so requires. However, an amendment is considered futile if it would not survive a motion to dismiss under Rule 12(b)(6). The First Circuit has consistently held that an amendment is

futile if it fails to state a claim upon which relief can be granted. *See Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)

### III.   ARGUMENT

#### a.   The Proposed Amendments Fail to Address the Deficiencies

The proposed Second Amended Complaint continues to lack specific factual allegations that would establish Plaintiff Ware's direct involvement in the alleged excessive force or an injury therefrom. The allegations of non-consensual physical contact and involvement in an altercation are conclusory and unsupported by detailed facts. The mere assertion that Plaintiff Ware was "centrally involved" and subjected to a "seizure" under the Fourth Amendment is insufficient to state a claim.

Even still, Plaintiff Wares factual allegations that do exist in the complaint clearly amount to incidental or accidental physical contact with her person, which cannot sustain Plaintiff's proposed claim of excessive force. The Supreme Court has held that accidental force will not qualify as a Fourth Amendment seizure, emphasizing that a seizure requires the use of force with intent to restrain. Torres v. Madrid, 592 U.S. 306 (2021). Here, the only person officers had a clear intent to restrain was Plaintiff Mello. "Pulling and pushing" Plaintiff Ware out of the way to get Plaintiff Mello objectively cannot amount to restraining Plaintiff Ware's movements for purposes of a Fourth Amendment violation. Additionally, the proposed amendments allege violations of the Fourth, First, and Fourteenth Amendments but fails to cite specific facts demonstrating how Defendants' actions violated these constitutional provisions.

As it relates to Plaintiff Ware's newly added state law claim of Intentional Infliction of Emotional Distress by way of example, both Plaintiffs, despite Court order, failed to comply with discovery and the production of healthcare information and records. See ECF 101. In order

to prove a claim for intentional infliction of emotional distress, Plaintiff Ware **must** allege and prove that the defendant intentionally or recklessly engaged in extreme and outrageous conduct, resulting in the plaintiff's severe emotional distress. *Jalowy v. Friendly Home, Inc.,* 818 A.2d 698, 707 (R.I.2003); *Vallinoto v. DiSandro,* 688 A.2d 830, 838 (R.I.1997). To establish the causal connection between Defendants' alleged misconduct and Plaintiff Ware's psychological and physical complaints, the Plaintiff Ware is required to adduce expert medical evidence. *Vallinoto,* 688 A.2d at 838. Not only has Plaintiff Ware refused to produce medical records to support such a claim, no medical expert has been disclosed and Plaintiff's expert disclosures were due on February 5, 2025. If the amendment were allowed, Defendants would immediately file for summary judgment based on Plaintiff Ware's failure to provide these medical records, expert opinion, and ultimate inability to prove such a claim.

Similarly for her negligence claim, the amendment is futile. Plaintiff Ware's claim is predicated on the same facts as her excessive force claim, which on its own, would fail as a matter of law. "In short, a plaintiff may not advance claims of excessive force and negligence predicated on identical facts." Id.; see Hall v. Lanier, 708 F. Supp. 2d 28, 31-32 (D.D.C. 2010). "Rather, to maintain claims of both negligence and excessive force, a plaintiff must allege at least one fact that is distinct in one claim from the other." Mucci, 815 F. Supp. 2d at 548; see Hall, 708 F. Supp. 2d at 31-32; Whitfield v. Tri-Metro. Transp. Dist., Civil No. 06-1655-HA, 2009 U.S. Dist. LEXIS 26469, at *11 (D. Or. Mar. 30, 2009).

Ultimately, if Plaintiff Ware were allowed to amend her complaint, the newly added factual allegations and newly specified legal claims would be dismissed almost immediately for her failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6).

    **b. Undue delay and prejudice to Defendants**

Factual discovery closed in this case on January 6, 2025. Nearly ten (10) months later, and after dispositive motions have been filed and ruled upon, Plaintiffs now move to amend their complaint, despite being aware of its deficiencies related to Plaintiff Ware. *See* ECF No 28 at 4 (noting Plaintiff Ware is just a "whistleblower" and that she is "coming forward . . . because [she] witnessed a miscarriage of justice against [her] husband.") (emphasis added); *id*. at 5 (noting Plaintiff Ware's involvement in the case is "essential due to the profound emotional pain she endured as a result of witnessing the misconduct perpetrated against her husband.") (emphasis added).

This proposed amendment would necessitate the reopening of discovery, re-deposing Plaintiffs in an effort to flesh out her newly added constitutional claims of Fourth, First, and Fourteenth Amendment violations, as well as state law claims of Intentional Infliction of Emotional Distress and Negligence.[1] Moreover, expert discovery would also need to be reopened. After nine (9) months of Defendants reliance on needing no expert opinions to rebut Plaintiffs' claims, they would now need to reconsider this position. This would require expending immense resources in terms of both time, effort, and money. On what is more or less the eve of an anticipated trial date, this amendment would be inherently unduly prejudicial to Defendants and Plaintiffs' motion must be denied.

    c. **Plaintiff Ware's Newly Added Claims Do Not Relate Back**

Plaintiff Ware's newly added claims of First Amended Retaliation, Fourteenth Amendment Violation, and Negligence are all entirely new causes of action not contemplated in Plaintiffs'

---

[1] Defendants do not specifically address Common Law Assault and Battery as this claim would be merged into the Fourth Amendment analysis. See Raiche v. Pietroski, 623 F.3d 30 (2010) (noting that "where a plaintiff alleges both a § 1983 excessive force claim and common law claims for assault and battery, our determination of the reasonableness of the force used under § 1983 controls our determination of the reasonableness of the force used under the common law assault and battery claims").

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

original Complaint and, importantly, each of these claims has a three-year statute of limitations. As entirely new allegations, which do not relate back to the filing of Plaintiff's operative complaint, they are time-barred. *See* R.I. Gen. Laws § 9-1-14(b) (Rhode Island has a three-year statute of limitations for personal injury); *Harrington v. City of Nashua,* 610 F.3d 24, 28 (1st Cir.2010) (Although section 1983 provides a federal cause of action, the length of the limitations period is drawn from state law); *Dandy v. Rhode Island,* C.A. No. 10–286ML, 2010 WL 3074353, at *2 (D.R.I. July 15, 2010)("the applicable statute of limitations for a § 1983 claim in this District is three years").  As such, Plaintiff's motion to amend must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff Rachel Ware's Motion for Leave to File a Second Amended Complaint.

    Defendants
    By their Attorney,

    */s/ Kathleen A. Hilton*
    Kathleen A. Hilton, Esq.  (#9473)
    DeSisto Law LLC
    60 Ship Street
    Providence, RI 02903
    (401) 272-4442
    katie@desistolaw.com

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on the 26th day of September, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

/s/ Kathleen A. Hilton