UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
Plaintiffs,

v.  C.A. No. 1:23-cv-00479-JJM-PAS
(consolidated with 1:23-cv-00480-JJM-PAS)

JOHN ROCCHIO, and EDWARD ARRUDA,
Defendants

---

**PLAINTIFFS' MOTION TO ALTER OR AMEND THE OCTOBER 8 ORDER**
(Fed. R. Civ. P. 59(e)) — Motion for Reconsideration

---

## I. INTRODUCTION

Plaintiffs Joshua Mello and Rachel Ware move under Fed. R. Civ. P. 59(e) to reconsider and alter the Court's October 8, 2025 Order (ECF 143) adopting the Magistrate Judge's Report and Recommendation (ECF 106).

Reconsideration is necessary to correct manifest errors of law and fact and to prevent manifest injustice, because the Order (1) adopted an R&R that reversed the Rule 56 burden of proof, (2) relied on clearly erroneous factual findings, and (3) was entered without the de novo review required by 28 U.S.C. § 636(b)(1)(C). Because no final judgment has entered, this Order remains interlocutory and is "subject to revision at any time" under Rule 54(b); courts in this Circuit routinely use Rule 54(b) to correct clear error or prevent manifest injustice in interlocutory rulings. *Pérez-Ruiz v. Crespo-Guillén*, 25 F.3d 40, 42 (1st Cir. 1994); *Rivera-Martínez v. Commonwealth of P.R.*, 202 F.3d 27, 33 (1st Cir. 2000)

## II. GOVERNING STANDARDS

1. Rule 59(e): Allows amendment where necessary to correct "manifest errors of law or fact, or to prevent manifest injustice." *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1,

1

7 (1st Cir. 2005). See also *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (Rule 59(e) proper to correct manifest error).

2. De novo Review Requirement: When specific objections are filed, the district judge must independently determine the disputed portions. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). See *United States v. First City Nat. Bank of Houston*, 386 U.S. 361, 368 (1967). See *Elmore v. Diatrich*, 999 F.2d 391, 393–94 (1st Cir. 1993) (district judge must make independent determination on specific objections).

3. Rule 56(a): Summary judgment shall be granted if the movant shows no genuine dispute of material fact and is entitled to judgment as a matter of law. The court must view the record in the light most favorable to the non-movant and refrain from weighing credibility. *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986); *Tolan v. Cotton*, 572 U.S. 650 (2014).

## III. ARGUMENT

### A. Failure to Conduct De Novo Review

Plaintiffs' 32-page objection (ECF 111) identified ten specific errors, yet the October 8 Order contains only one sentence of analysis—"Because the R&R was supported by the facts and consistent with the law …"—and no discussion of any objection. Such rubber-stamping is the exact practice forbidden by *First City Nat. Bank*, 386 U.S. at 368, and *Elmore v. Diatrich*, 202 F.3d 281 (1st Cir. 1999). The one-sentence adoption "because the R&R was supported by the facts and consistent with the law" does not address the specifically objected portions as Rule 72(b)(3)/§636(b)(1)(C) require.

### B. Reversal of Movant/Non-Movant Posture under Rule 56 — Fundamental Error

Only Plaintiffs moved for summary judgment; Defendants filed no Rule 56 motion. Yet the R&R and Order analyzed the record as if Defendants were the movants. This is a fatal procedural error because the "light most favorable" standard protects only the non-movant. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Rule 56 asks whether Defendants, as non-movants, identified evidence creating a genuine dispute that could allow a reasonable jury to find for them—not whether Plaintiffs have "utterly discredited" Defendants. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 248–49.

**Example 1 – Burden Reversal in Text:**

> "Having watched them carefully, I find that the videos on which Plaintiffs rely do not utterly discredit Defendants' version of events." (R&R at 14)

This imposes a non-existent burden on Plaintiffs to "discredit Defendants." The correct question is whether Defendants produced evidence that creates a genuine issue for trial. *Anderson*, 477 U.S. at 248–49.

**Example 2 – Standard Flipped:**

> "When viewed in the light most hospitable to Defendants, a reasonable factfinder could find in favor of Defendants." (R&R at 14–15)

The phrase "in the light most hospitable to Defendants" is correct procedurally but then the Magistrate used it to conclude a jury *could find for Defendants* — which is the test for denying Defendants' motion, not Plaintiffs'. By doing so, she converted Plaintiffs' Rule 56 motion into a mirror-image motion for Defendants. This is precisely the error condemned in *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) ("The court must not weigh evidence or resolve factual disputes when ruling on summary judgment.").

**Example 3 – Credibility Findings in Favor of Defendants:**

3

"The Court finds that the videos do not clearly display a chokehold." (R&R at 12) Rule 56 forbids the court from "finding" facts against the movant; the question is only whether the non-movant has shown a genuine dispute. *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 150 (2000).

**Example 4 – Fact Narrative as Defense Verdict:**

"A reasonable jury could find that Defendants' use of force was reasonable in light of Plaintiff Mello's conduct." (R&R at 15)

This language describes what would support a defense verdict at trial — not the Rule 56 question of whether any genuine dispute exists preventing judgment *for Plaintiffs*. The Magistrate thereby resolved the motion as if Defendants had moved for summary judgment and won. That reversal is a "manifest error of law" under Rule 59(e).

**Example 5 – Adoption without Correction:**

The Chief Judge's order adopting the R&R "in full" (ECF 143 at 1–2) ratified these reversed burdens without independent analysis, compounding the error.

Because Rule 56's allocation of burdens defines how evidence is weighed, its inversion taints the entire ruling and requires vacatur. See *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) ("A court that flips the summary-judgment lens commits reversible error.").

**C. Factually False Findings and Credibility Determinations**

Plaintiffs' Objection (ECF 111) documents numerous instances where the R&R states facts contradicted by the videos and record—e.g., describing Plaintiff as "irate," creating a "protective hand" that never appears, and minimizing the chokehold and hood slam. Such factual findings

violate Rule 52(a)(3) (which bars fact-finding on motions) and the Supreme Court's directive that summary-judgment courts must not resolve credibility. *Tolan*, 572 U.S. at 657–60.

**D. Bias and Unequal Treatment of Evidence**

By crediting Defendants' unsworn hearsay and discounting Plaintiffs' authenticated video, the R&R and Order violated the neutrality required by Fed. R. Civ. P. 1 and the Due Process Clause. The appearance of bias alone warrants reassignment for reconsideration. See *Liteky v. United States*, 510 U.S. 540, 555 (1994).

**E. Fair-Trial / Appearance-of-Partiality Preservation**

Plaintiffs further object and preserve for the record that the Court's consistent rejection of their motions, objections, and evidentiary submissions—without engagement with the exhibits and pinpoint citations they filed—creates the appearance that Plaintiffs' filings are being disfavored irrespective of content. Unless corrected, that cumulative handling threatens Plaintiffs' right to a fair and impartial trial. Plaintiffs expressly dispute statements in the orders that, in their view, mischaracterize or inaccurately describe the evidentiary materials they submitted, and they preserve all related due-process objections for later review. See, e.g., Fed. R. Civ. P. 1 (neutral and just administration of the rules); cf. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (recognizing the importance of preserving the appearance of neutrality).

**F. No Waiver of Future Remedies; Protective Clarification**

By this motion, Plaintiffs do not waive any right to seek appropriate relief at the proper juncture (including clarification, limited revision of interlocutory language under Rule 54(b), or appellate review). To avoid collateral prejudice at trial from categorical statements (e.g., that Plaintiffs' submissions were "unsupported and false"), Plaintiffs also request that any order on

reconsideration clarify that prior interlocutory rulings were not intended to resolve disputed facts or credibility questions for the jury, and that those issues will be decided solely on the trial record.

## IV. RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

1. Vacate the October 8, 2025 Order (ECF 143) adopting the R&R;

2. Conduct a true de novo review of Plaintiffs' Motion for Summary Judgment and Objection;

3. Apply Rule 56 using the correct movant/non-movant framework; and

4. Grant such other relief as is just and equitable, including re-referral to a different magistrate for neutral review.

## V. CONCLUSION

Because the October 8 Order rests on an R&R that reversed the burden structure of Rule 56, made factual findings contradicted by video evidence, and was adopted without de novo review, the requirements of law and justice demand reconsideration under Rule 59(e).

Dated: October 25, 2025

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th of October 2025, a copy of the foregoing PLAINTIFFS' MOTION TO ALTER OR AMEND THE OCTOBER 8 ORDER was served via the e-filing system and via email to:

| | |
|---|---|
| Julia K. Scott-Benevides | Kathleen A. Hilton, Esq. |
| DeSisto Law LLC | DeSisto Law LLC |
| (401) 272-4442 | (401) 272-4442 |
| julia@desistolaw.com | Katie@desistolaw.com |

/s/ Joshua Mello
/s/ Rachel Ware