UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSHUA MELLO,                  Plaintiff, | : : : | |
| v. | : : | C.A. No. 23-479JJM |
| EDWARD ARRUDA, *et al.,*                  Defendants. | : : : | |
| JOSHUA MELLO and RACHEL WARE,                  Plaintiffs, | : : : | |
| v. | : : | C.A. No. 23-480JJM |
| JOHN ROCCHIO, *et al.*,                    Defendants. | : : : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

These consolidated cases allege that the two Cranston school resource officers who are named as Defendants – Officer Edward Arruda and Officer John Rocchio – used unconstitutionally excessive force in connection with and following the arrest of Plaintiff Joshua Mello at a Cranston middle school on October 21, 2021. Mello v. Arruda, C.A. No. 23-479JJM, C.A. No. 23-480JJM, 2025 WL 1225220, at *2 (D.R.I. Apr. 28, 2025), adopted, 2025 WL 1433383 (D.R.I. May 19, 2025). Rachel Ware was named as a *pro se* Plaintiff in one of the two cases, 23-cv-480JJM; however, in August 2025, the Court granted Defendants' motion for judgment on the pleadings finding that her claims lacked facts sufficient to support a plausible cause of action. Mello v. Gustafson, C.A. No. 23-480JJM, 2025 WL 2083739, at *2-5 (D.R.I. July 23, 2025) (Plaintiff Ware's claims fail because her only factual allegation is that she was present when Plaintiff Mello was subjected to excessive force), adopted by text order (D.R.I.

Aug. 28, 2025). "Constrained by" her *pro se* status and because it was "conceivable" that she might have a plausible claim, the Court allowed her until September 29, 2025, to file a motion for leave to file a second amended complaint. Id. at *4-5. The Court made clear that Defendants retained their right to object to the amendment. Id. at *5.

Plaintiff Ware's motion for leave to amend by filing the proposed Second Amended Complaint ("SAC"), which seeks to add the new factual allegation that she was subjected to intentional non-consensual physical contact by Defendant Arruda as he was arresting Plaintiff Mello, is now pending before the Court in both cases. ECF No. 107/136.[1] Defendants have objected to the motion, arguing that the claims Plaintiff Ware seeks to state in the SAC are futile, *inter alia*, because any contact between Plaintiff Ware and Defendant Arruda was minimal, incidental and unintentional, as well as because an amendment to add new facts and new claims at this late stage of this case –well after the deadlines for fact/expert discovery and dispositive motions – amounts to undue delay and would result in substantial prejudice. Relatedly, the Court notes that the motion to amend was filed a year and eight months after the deadline set by the Court in the Rule 16 Order for amending the pleadings. Because my determination is that the motion to amend should be denied, which potentially is dispositive of Plaintiff Ware's claims in light of the applicable statutes of limitations, I am addressing the motion by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Summer Infant (USA), Inc. v. Tomy Int'l, Inc., No. 1:17-cv-549-MSM-PAS, 2020 WL 4437259, at *1 (D.R.I. Aug. 3, 2020) (magistrate judge's denial of motion to amend pleading is subject to *de novo* review because it is dispositive of claim).

---

[1] Because the ECF docketing numbers in the two cases do not align (23-cv-480JJM has had more filings), the ECF references to filings that are identical in both cases contain, first, the docket number in 23-cv-479JJM and, second, the docket number in 23-cv-480JJM.

I.  **Background**

The SAC is Plaintiffs' fifth or sixth (depending which ones are counted) pleading asserting claims in this Court based on the events of October 21, 2021. In 23-cv-479JJM, Plaintiff Mello (alone) filed one pleading. ECF No. 1. In 23-cv-480JJM, Plaintiff Mello and Plaintiff Ware filed the original complaint (ECF No. 1) and then, on the deadline for amending their pleading, filed their amended complaint (ECF No. 20). In another case, based, *inter alia,* on no-trespass notices that issued in response to the events of October 21, 2021, Plaintiff Mello and Plaintiff Ware filed a complaint (ECF No. 1) and then an amended complaint (ECF No. 7). Ware v. Cranston Pub. Sch., C.A. No. 24-348JJM, 2025 WL 1549422, at *2 (D.R.I. May 30, 2025), adopted, 2025 WL 2052641 (D.R.I. July 22, 2025), appeal docketed, No. 25-1713 (1st Cir. Aug. 4, 2025). Relatedly, in Mello v. Cranston Sch. District, Plaintiff Mello (alone) filed a complaint alleging defamation based on the events of October 21, 2021. 24-cv-350JJM, ECF No. 1. As noted in Ware, 2025 WL 2052641, at *1 n.1, Plaintiffs (either or both) have also filed at least two lawsuits in state court arising in whole or in part from the events of October 21, 2021. Importantly, until the SAC, none of the pleadings filed in this Court regarding what happened on October 21, 2021, alleges that Plaintiff Ware was the victim of intentional non-consensual touching by either of Defendants during the arrest of Plaintiff Mello on October 21, 2021.

But for the proposed SAC, both of these cases (23-cv-479JJM and 23-cv-480JJM) are trial-ready. The Court's original Scheduling Order (issued in both 23-cv-479JJM and 23-cv-480JJM) mandated that "[p]leadings shall be amended by January 31, 2024"; this deadline has never been extended. ECF No. 14/17. Consistent with this deadline, Plaintiff Mello and Plaintiff Ware amended their complaint (in 23-cv-480JJM only) on the deadline. ECF No. 20. Because

3

the amended complaint purported to assert again Plaintiff Mello's Heck-barred claims, Defendants again moved to dismiss and the Heck-barred claims were again dismissed.  ECF Nos. 24, 34.  Although the Court did not address the argument, the motion to dismiss also highlighted Plaintiff Ware's failure to allege any facts supportive of her claims, putting her on notice of the argument subsequently asserted in Defendants' motion for judgment on the pleadings.  See  ECF No. 24-1 at 1-2; Mello, 2025 WL 2083739, at *3.  Fact discovery closed on January 6, 2025, and all expert discovery closed on April 7, 2025.  Text Orders of Oct. 7, 2024.  The deadline for dispositive motions was June 5, 2025.  Text Orders of May 8, 2025.  Both Plaintiffs and Defendants filed one dispositive motion each.  Both dispositive motions have been decided by the Court.

     The Court is compelled to observe that it was troubled by an aspect of the briefing in connection with the instant motion.  In reply to Defendants' opposition to their motion to amend, Plaintiffs deploy a tactic they have used repeatedly throughout the travel of these cases – inappropriately accusing Defendants' counsel of making false statements or otherwise engaging in unprofessional misconduct.  See, e.g., Mello v. Arruda, C.A. No. 23-479JJM, C.A. No. 23-480JJM, 2025 WL 847823, at *6 (D.R.I. Mar. 18, 2025) (denying motion to strike and rejecting Plaintiffs' argument that Defense counsel filed material that is "false, misleading, and inflammatory").  This strategy was most recently condemned by the Court when it firmly rejected Plaintiffs' flurry of accusations in their motions seeking to disqualify and sanction Defendants' attorney.  See Mello v. Arruda, C.A. No. 23-479-JJM-PAS, C.A. No. 23-480-JJM-PAS, 2025 WL 2851758, at *1 (Oct. 8, 2025) ("The Court has reviewed each of the allegations against the attorney and finds that they are false.  The attorney in question[] has handled this case professionally, competently, and consistent with the Rules of Professional Conduct and the Rules

4

of Civil Procedure.") (emphasis added).  Now, Plaintiffs try to blame Defendants for the long delay until the filing of their motion to amend.  ECF No. 113/142 at 4-7 (arguing that delay was caused by conduct of Defendants).  In support of this argument, Plaintiffs allege (again falsely) that Defendants did not seek to remove Plaintiff Ware until after Plaintiffs filed their (ultimately unsuccessful) motion for summary judgment.  In fact, the insufficiency of Plaintiff Ware's pleading has been repeatedly highlighted both by Defendants (since their earliest filing in 23-cv-480JJM) and by the Court, yet Plaintiff Ware failed to do anything to cure the insufficiency until the Court finally (after affording her ample time due to its obligation of *pro se* leniency) determined that her claims, as pled, must be dismissed.  See, e.g., 23-cv-480JJM, ECF No. 12-1 at 5 n.3 ("Plaintiff . . . Ware . . . makes no allegations in the complaint of any nature."); 23-cv-480JJM, ECF No. 24-1 at 1-2 ("there are also no factual allegations pleaded as to Plaintiff Ware"); Mello, 2025 WL 847823, at *2 n.3 ("The Court expresses no view whether the Ware claim states a viable cause of action."); Mello, 2025 WL 1225220, at *3 ("[a]s to Plaintiff Ware, her only involvement in the incident is her presence").  Finding that Plaintiff Ware's delay in moving to amend in these cases was entirely due to the conduct of Plaintiffs, the Court rejects Plaintiffs' latest attempt at blame-shifting and cautions that, despite their *pro se* status, Plaintiffs' persistence in presenting such unfounded and scurrilous accusations could result in sanctions.

**II.     Standard of Review**

Fed. R. Civ. P. 15(a)(2) provides that courts "should freely give leave [to amend a pleading] when justice so requires," absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment."  Id.; Foman v. Davis, 371 U.S. 178, 182 (1962).  "[T]he standard for futility is

whether the complaint as amended would survive a motion to dismiss under Rule 12(b)(6)." Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 216 (D.R.I. 2004).  A motion to amend filed once a case is trial-ready may be denied based on "undue delay . . . [or] undue prejudice," or both.  See generally N. Ins. Co. of New York v. Albin Mfg., Inc., C.A. No. 06-190-S, 2008 WL 2019365, at *1 (D.R.I. May 9, 2008) (internal quotation marks omitted).

For Fed. R. Civ. P. 15(a) purposes, delay is undue (and prejudice inevitable) if the party seeking a late amendment was in possession of the facts supporting the new claim yet failed to assert it.  See In re Fustolo, 896 F.3d 76, 89 (1st Cir. 2018) ("We think that prejudice is an almost inevitable concomitant in situations where, as here, the late amendment attempts to superimpose a new (untried) theory on evidence introduced for other purposes.") (internal quotation marks omitted); Femino v. NFA Corp., C.A. No. 05-19ML, 2006 WL 8456749, at *3 (D.R.I. Jan. 26, 2006) (finding undue delay in motion to amend to add facts related to period well before date of original complaint; denying motion that sought to "interject new facts, a new theory of recovery, and a new body of law into this case at the eleventh-hour").  Prejudice flows from an amendment that requires the reopening of the fact/expert discovery or the dispositive motion phases of the case or otherwise would seriously impede the forward progress of the case.  See N. Ins. Co. of New York, 2008 WL 2019365, at *1 ("Without a valid reason for the delay, the Court cannot justify the inevitable prejudice that will result to the Defendants who would be faced with an entirely new cause of action.").  "A district court pondering whether to grant or deny a motion for leave to amend . . . must consider the totality of the circumstances."  Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).

Also pertinent to this motion to amend is Fed. R. Civ. P. 16(b), which requires the Court to set a deadline limiting the time to amend the pleadings and provides that the deadline may be

extended only for good cause with the court's consent. Fed. R. Civ P. 16(b)(3)(A) & (4). Based on this Rule, a motion to amend the complaint like this one (filed a year and eight months after the deadline set by the Court in the Fed. R. Civ. P. 16 Scheduling Order) faces an uphill climb that is more challenging than Fed. R. Civ. P. 15(a)'s freely given standard. O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154-56 (1st Cir. 2004) (based on "long and unexplained delay," denying motion to amend filed "five months after the scheduling order deadline"). That is, "when a litigant seeks leave to amend after the expiration of a deadline set in a scheduling order, Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard." Baez v. Baymark Detoxification Servs., Inc., 123 F.4th 62, 67 (1st Cir. 2024) (internal quotation marks omitted) (denying motion to amend filed more than a year after pretrial order deadline with no showing of good cause for delay). "Rule 16's good cause standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (per curiam) (internal quotation marks omitted) (with no persuasive argument that delay was for "good cause," court denied motion to amend seventeen months after scheduling order deadline passed). As our Circuit has emphasized, to deploy liberality in granting motions to amend the pleadings filed after a party has disregarded the scheduling order deadline would effectively "nullif[y] the purpose of Rule 16(b)(1)." O'Connell, 357 F.3d at 155 (internal quotation marks omitted) (alteration in original).

**III.   Analysis**

    A.    <u>Plaintiff Mello's Motion to Amend</u>

Although it is captioned as Plaintiff Ware's motion to amend, most of the SAC amounts to an attempt to assert/revive Plaintiff Mello's <u>Heck</u>-barred claims. That is, the SAC restates all

7

of Plaintiff Mello's dismissed allegations about alleged perjury by various witnesses and misrepresentations by the prosecutor during his criminal trial. It also seeks to join (in 23-cv-479JJM) and rejoin (in 23-cv-480JJM) the long-dismissed defendants (Derek Gustafson, Timothy Vesey and Steven Catalano) who (along with the two police officers) were the targets of the Heck-barred allegations. These Heck-barred claims were dismissed twice in 23-cv-480JJM, with the second Order (ECF No. 34) issuing after consolidation of the cases on January 26, 2024. See Mello, 2025 WL 2083739, at *1 (Court holds that only claims remaining in issue are allegations of excessive force against Defendants Arruda and Rocchio).[2] Based on the Court's reasoning in 23-cv-480JJM, ECF Nos. 16 and 34, as well as on the absence of any allegation that Plaintiff Mello's criminal conviction has since been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Heck v. Humphrey, 512 U.S. 477, 487 (1994), I recommend that this aspect of the motion to amend should be denied because an amendment to assert claims that the Court has already dismissed (twice) as Heck-barred is futile. In addition, to end forever Plaintiffs' persistence in alleging that the Heck-barred claims are still extant somewhere in 23-cv-479JJM, I also recommend that the Court's ruling

---

[2] Because, in a recent filing, Plaintiffs asserted that they believe there are Heck-barred claims pending in 23-cv-479JJM that have not been dismissed, e.g., 23-cv-479JJM, ECF No. 110 at 5-6; the Court clarified that all Heck-barred claims in either action are dismissed without prejudice. Mello, 2025 WL 2083739, at *1 n.1. This interpretation was based both on the law of these consolidated cases as articulated by the Court in its initial ruling in 23-cv-480JJM, ECF No. 16, and on reconsideration in ECF No. 34 after consolidation. On July 23, 2025, Plaintiffs were instructed to file a motion to clarify within thirty days if they disagreed with this interpretation. Mello, 2025 WL 2083739, at *1 n.1. Three months have passed and no motion to clarify has been filed. Yet Plaintiffs now are using this motion to amend, ostensibly "limited" to adding Plaintiff Ware's new claims based on non-consensual touching, ECF No. 107-2/136-2 at 2, but in fact surreptitiously seeking to inject Plaintiff Mello's Heck-barred claims back into both cases. In recommending that the motion to amend as to Plaintiff Mello be denied, I am recommending that the Court issue an order making clear that Plaintiff Mello's Heck-bared claims may not be asserted in either 23-cv-479JJM or 23-cv-480JJM until his conviction is removed as an impediment.

make plain that any and all claims by Plaintiff Mello that are Heck-barred that were/are asserted in either case are dismissed without prejudice unless and until his conviction is overturned.

B.     Plaintiff Ware's Motion to Amend

In allowing Plaintiff Ware leave to file a motion to amend, the Court specifically noted that her opposition (23-cv-480JJM, ECF No. 110) to the motion for judgment on the pleadings (23-cv-480JJM, ECF No. 108) included facts that she had never pled before. Mello, 2025 WL 2083739, at *3. As argued, these new facts are that she was "in the middle of the altercation [between Plaintiff Mello and Defendants]," as well as that "Defendants had incidental physical contact with her although she was not injured and that this contact is confirmed by video evidence submitted by Plaintiffs in support of their pending motion for summary judgment." Id. In its decision, the Court cautioned that, without more, this might not be enough to state either a § 1983 claim of a constitutional deprivation[3] or a state law claim of infliction of emotional distress. Id. at *4.

Plaintiff Ware's new claims now rest on a single non-conclusory factual allegation[4] that was missing from any of the prior pleadings: due to her proximity ("in the middle of the altercation") to what she claims was a violent and unprovoked attack on Plaintiff Mello, Defendant Arruda "made direct, non-consensual physical contact with Plaintiff Ware by physically pulling or pushing her aside in order to reach Plaintiff Mello." SAC at 4; see id. at 22

---

[3] See, e.g., Torres v. Madrid, 592 U.S. 306, 309 (2021) (to propound actionable seizure, claimant must assert "application of physical force to the body of a person with intent to restrain"); Barone v. Los Angeles Cnty. Sheriff's Dep't., No. 2:21-cv-04200-SSS-PD, 2024 WL 3001397, at *6 (C.D. Cal. Mar. 29, 2024) (incidental, de minimis contact is not actionable under constitution), adopted, 2024 WL 2974646 (C.D. Cal. June 12, 2024).

[4] To be viable pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to state a claim that is plausible; the plausibility inquiry requires the court to distinguish factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). Silva v. Rhode Island, C.A. No. 19-568JJM, 2020 WL 5258639, at *2 (D.R.I. Sept. 1, 2020), adopted by text order (D.R.I. Sept. 16, 2020).

("Arruda intentionally and without consent made physical contact with Plaintiff Ware by pulling and pushing her aside in order to access Plaintiff Joshua Mello."); id. at 23 ("Defendants intentionally disregarded Plaintiff Ware, seizing and pushing her aside"); id. at 24 ("Defendant Arruda physically grabbed Plaintiff Ware out of the way as she stood between the officers and her husband."). Plaintiff Ware asserts that this fact – intentional pulling, pushing or grabbing – is confirmed by the "[s]urveillance video from the school, previously submitted to the Court." Id. at 4. It does not appear that Plaintiff Ware has made any factual claims against Defendant Rocchio.

The Court's approach to this new factual allegation is complicated by the reality that, while considering Plaintiffs' motion for summary judgment in both cases, I have already very carefully reviewed all of the video evidence submitted to the Court, including the "[s]urveillance video" to which the SAC refers. See Mello v. Arruda, C.A. No. 23-479JJM, C.A. No. 23-480JJM, 2025 WL 2607153, at *1 n.2 (D.R.I. Sept. 9, 2025), adopted, 2025 WL 2851758 (D.R.I. Oct. 8, 2025). As summarized in that decision, none of the videos appeared to me to depict Defendant Arruda physically pulling, pushing or grabbing Plaintiff Ware; the only person seen "pushing" Plaintiff Ware is Plaintiff Mello. Id. at *4 (Plaintiff Mello "pushes her aside."). Rather, the videos (particularly Exhibits A and B) reflect a two-to-three second sequence depicting Defendant Arruda reaching towards Plaintiff Mello to assist with his arrest and seemingly having contact with Plaintiff Ware's upper back and shoulder as he does. These videos appear to establish that any such touching was minimal and incidental, as Plaintiff Ware herself asserted in her opposition to the motion for judgment on the pleading. Mello, 2025 WL 2083739, at *3.

Based on the new factual allegation of intentional pulling, pushing or grabbing, Plaintiff Ware seeks to assert that Defendant Arruda committed a "seizure of Plaintiff Ware's person under the Fourth Amendment." SAC at 22. She also claims that Defendant Arruda's conduct was retaliation under the First Amendment because Defendant Arruda "was motivated by hostility toward [Plaintiff Ware's] speech and parental advocacy," although the speech to which she refers is unspecified. SAC at 23. In addition, Plaintiff Ware alleges that this touching somehow interfered with her rights of family integrity guaranteed by the Fourteenth Amendment. SAC at 24, 28. Under state law, Plaintiff Ware claims that Defendant Arruda's "intentional[] and offensive[] touch[ing of] Plaintiff Ware" supports tort claims of assault and battery, negligence and intentional infliction of emotional distress, although she does not include any facts to meet the state law elements of the latter tort. SAC at 26-27.

The Court may sidestep the complex futility problems with Plaintiff Ware's proposed SAC by focusing on the undue delay and substantial prejudice that would result if the amendment were allowed. This analysis rests on the reality that, if Plaintiff Ware was intentionally "push[ed]," "pull[ed]" or "grabbed" during the arrest of Plaintiff Mello, as she now claims, she has known of it since the event occurred. SAC at 22-24. Because these are allegations that Plaintiff Ware could have asserted at any time, there is not good cause for her failure to include them in the amended complaint (ECF No. 20) that she (and Plaintiff Mello) filed by the Court's deadline of January 31, 2024, nor is there good cause to justify her failure to assert them until now, when the cases are on the brink of trial. Nor does Plaintiff Ware even attempt to justify or explain the lengthy and prejudicial delay (except for her disingenuous attempt to blame Defendants, *supra*). With no good cause, the Court's work is not difficult; Plaintiff Ware's motion to amend should be denied based on Fed. R. Civ. P. 16(b). Somascan,

11

Inc., 714 F.3d at 64 (motion to amend denied because scheduling order deadline had long since passed and "[n]o new evidence was alleged to have been uncovered and no excuse was offered"). Further, with fact/expert discovery closed, the dispositive motion deadline passed and these cases on the brink of trial, I also find that Plaintiff Ware's undue delay is highly prejudicial to Defendants because, if permitted, the SAC would require the reopening of discovery (both fact and expert) and would certainly lead to yet another round of dispositive and other motions.[5] Therefore, I find that Plaintiff Ware's unjustified delay in seeking this amendment (and the prejudice caused if the Court were to grant it) is also fatal under the more forgiving Fed. R. Civ. P. 15(a) standard.

A coda: To the extent that Plaintiff Ware's SAC purports to assert claims against the dismissed defendants (Derek Gustafson, Timothy Vesey and Steven Catalano) and Defendants Arruda and Rocchio because she was present in state court during Plaintiff Mello's criminal trial and heard the testimony and observed Attorney Catalano's conduct as prosecutor, which, as Plaintiff Mello claims, resulted in the denial of his right to a fair trial, SAC at 2, I recommend that the motion to amend be denied not only because of the absence of good cause for the undue delay and the prejudice from permitting the amendment, but also because these claims are futile. This recommendation is not based on Heck. As far as the Court is aware, Plaintiff Ware was neither prosecuted for nor convicted of any crime committed on October 21, 2021. Rather, Plaintiff Mello's Heck-barred claims cannot be asserted by Plaintiff Ware just because she attended the trial. Put differently, the amendment should also be denied because the SAC is

---

[5] Some of the issues that might result in motions, causing significant delay, could include: whether the Court's sanction order, Mello, 2025 WL 1225220, at *4-8, applies to Plaintiff Ware's new damage claims; whether Plaintiff Ware's new claims must be dismissed based on the applicable statutes of limitations because they do not relate back; whether Plaintiff Ware's new claims are subject to summary judgment because the video evidence discredits her allegation of more than harmless and incidental touching by Defendant Arruda; and whether a claim based on Defendant Arruda's physical contact with Plaintiff Ware is barred by the doctrine of qualified immunity.

utterly devoid of any potentially plausible claim asserted by Plaintiff Ware arising from the allegation that each of the existing/proposed defendants committed perjury and Attorney Catalano made misrepresentations and suppressed evidence during Plaintiff Mello's trial.

## IV. Conclusion

Based on the foregoing, I recommend that Plaintiff Ware's and Plaintiff Mello's motion for leave to file a second amended complaint (ECF No. 107/136) in these consolidated cases be DENIED. In addition, I recommend that the Court's ruling make plain that any and all claims by Plaintiff Mello in either of these consolidated cases that are Heck-barred are dismissed without prejudice unless and until his underlying conviction is overturned or otherwise invalidated.

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 28, 2025